IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLOUDING IP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-641-LPS |
| ) | |
| AMAZON.COM, INC. and ) | **JURY TRIAL DEMANDED** |
| AMAZON WEB SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |

## ANSWER AND COUNTERCLAIMS OF
## AMAZON.COM, INC. AND AMAZON WEB SERVICES LLC

Defendants Amazon.com, Inc. and Amazon Web Services LLC (collectively "Amazon"), by and through their undersigned counsel, hereby respond to the Complaint of Clouding IP, LLC ("Clouding" or "Plaintiff"), formerly known as STEC IP, LLC, as follows:

### NATURE OF THE ACTION

Amazon admits that Clouding purports to bring an action for patent infringement under 35 U.S.C. § 1, *et seq*.  Amazon denies all remaining allegations in the unnumbered opening paragraph of the Complaint.

### PARTIES

1.  Amazon lacks sufficient knowledge and/or information to form a belief as to the truth of the allegations in paragraph 1, and to that extent denies the same.

2.  Amazon admits that Amazon.com, Inc. is a Delaware corporation. Amazon admits that Amazon.com, Inc. may be served via its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  Amazon denies that Amazon.com's principal place of business is at 10 Terry

Avenue North, Seattle, Washington 98109. Amazon.com's correct principal place of business is at 410 Terry Avenue North, Seattle, Washington 98109.

3. Amazon admits that Amazon Web Services LLC is a Delaware limited liability company. Amazon admits that Amazon Web Services LLC may be served via its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Amazon admits that Amazon Web Services LLC is a wholly owned subsidiary of Amzon.com, Inc. Amazon denies that Amazon Web Services LLC's principal place of business is at 10 Terry Avenue North, Seattle, Washington 98109. Amazon Web Services LLC's correct principal place of business is at 410 Terry Avenue North, Seattle, Washington 98109.

## JURISDICTION AND VENUE

4. Amazon admits that Clouding purports to bring this action under the patent laws of the United States. Amazon further admits that this Court has subject matter jurisdiction over U.S. patent law claims. Amazon denies all remaining allegations in paragraph 4.

5. Amazon does not contest personal jurisdiction for purposes of this action and for purposes of this action only. Amazon denies all remaining allegations in paragraph 5.

6. Amazon does not contest venue in this district for purposes of this action and for purposes of this action only, but specifically denies that this venue is the most convenient for the parties and the witnesses and in the best interests of justice. Amazon denies all remaining allegations in paragraph 6.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,596,784

7. Amazon incorporates by reference each of its responses set forth above.

2

8.  Amazon admits that a document purporting to be a copy of U.S. Patent No. 7,596,784 ("the '784 patent") titled "Method System and Apparatus for Providing Pay-Per-Use Distributed Computing Resources" was attached to the Complaint, and that on the face of that document there is an issue date of September 29, 2009. Amazon lacks sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 8, and to that extent denies the same.

9.  Amazon denies the allegations in paragraph 9.

10. Amazon admits that Elastic Compute Cloud is a trademark and/or service mark belonging to Amazon. Amazon denies all remaining allegations in paragraph 10.

11. Amazon denies the allegations in paragraph 11.

### COUNT II
### INFRINGEMENT OF U.S. PATENT NO. 7,065,637

12. Amazon incorporates by reference each of its responses set forth above.

13. Amazon admits that a document purporting to be a copy of U.S. Patent No. 7,065,637 ("the '637 patent") titled "System for Configuration of Dynamic Computing Environments Using a Visual Interface" was attached to the Complaint, and that on the face of that document there is an issue date of June 20, 2006. Amazon lacks sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 13, and to that extent denies the same.

14. Amazon denies the allegations in paragraph 14.

15. Amazon denies the allegations in paragraph 15.

16. Amazon denies the allegations in paragraph 16.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 6,738,799

17. Amazon incorporates by reference each of its responses set forth above.

18. Amazon admits that a document purporting to be a copy of U.S. Patent No. 6,738,799 ("the '799 patent") titled "Methods and Apparatuses for File Synchronization and Updating Using a Signature List" was attached to the Complaint, and that on the face of that document there is an issue date of May 18, 2004.  Amazon lacks sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 18, and to that extent denies the same.

19. Amazon denies the allegations in paragraph 19.

20. Amazon admits that WhisperSync is a trademark and/or service mark belonging to Amazon.  Amazon denies all remaining allegations in paragraph 20.

21. Amazon denies the allegations in paragraph 21.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 5,944,839

22. Amazon incorporates by reference each of its responses set forth above.

23. Amazon admits that a document purporting to be a copy of U.S. Patent No. 5,944,839 ("the '839 patent") titled "System and Method for Automatically Maintaining A Computer System" was attached to the Complaint, and that on the face of that document there is an issue date of August 31, 1999.  Amazon lacks sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 23, and to that extent denies the same.

24. Amazon denies the allegations in paragraph 24.

25. Amazon denies the allegations in paragraph 25.

{00655908;v1 }

26. Amazon denies the allegations in paragraph 26.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 5,825,891

27. Amazon incorporates by reference each of its responses set forth above.

28. Amazon admits that a document purporting to be a copy of U.S. Patent No. 5,825,891 ("the '891 patent") titled "Key Management for Network Communication" was attached to the Complaint, and that on the face of that document there is an issue date of October 20, 1998.  Amazon lacks sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 28, and to that extent denies the same.

29. Amazon denies the allegations in paragraph 29.

30. Amazon denies the allegations in paragraph 30.

31. Amazon denies the allegations in paragraph 31.

## COUNT VI
## INFRINGEMENT OF U.S. PATENT NO. 5,495,607

32. Amazon incorporates by reference each of its responses set forth above.

33. Amazon admits that a document purporting to be a copy of U.S. Patent No. 5,495,607 ("the '607 patent") titled "Network Management System Having Virtual Catalog Overview of Files Distributively Stored Across Network Domains" was attached to the Complaint, and that on the face of that document there is an issue date of February 27, 1996.  Amazon lacks sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 33, and to that extent denies the same.

34. Amazon denies the allegations in paragraph 34.

35. Amazon denies the allegations in paragraph 35.

36. Amazon denies the allegations in paragraph 36.

## COUNT VII
## INFRINGEMENT OF U.S. PATENT NO. 6,925,481

37. Amazon incorporates by reference each of its responses set forth above.

38. Amazon admits that a document purporting to be a copy of U.S. Patent No. 6,925,481 ("the '481 patent") titled "Technique for Enabling Remote Data Access and Manipulation from a Pervasive Device" was attached to the Complaint, and that on the face of that document there is an issue date of August 2, 2005.  Amazon lacks sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 38, and to that extent denies the same.

39. Amazon admits that Amazon Cloud Drive and Kindle Store are trademarks and/or service marks belonging to Amazon.  Amazon denies all remaining allegations in paragraph 39.

40. Amazon denies the allegations in paragraph 40.

41. Amazon denies the allegations in paragraph 41.

## COUNT VIII
## INFRINGEMENT OF U.S. PATENT NO. 7,254,621

42. Amazon incorporates by reference each of its responses set forth above.

43. Amazon admits that a document purporting to be a copy of U.S. Patent No. 7,254,621 ("the '621 patent") titled "Technique for Enabling Remote Data Access and Manipulation from a Pervasive Device" was attached to the Complaint, and that on the face of that document there is an issue date of August 7, 2007.  Amazon lacks sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 43, and to that extent denies the same.

44. Amazon admits that Amazon Cloud Drive and Kindle Store are trademarks and/or service marks belonging to Amazon. Amazon denies all remaining allegations in paragraph 44.

45. Amazon denies the allegations in paragraph 45.

46. Amazon denies the allegations in paragraph 46.

## COUNT IX
## INFRINGEMENT OF U.S. PATENT NO. 6,631,449

47. Amazon incorporates by reference each of its responses set forth above.

48. Amazon admits that a document purporting to be a copy of U.S. Patent No. 6,631,449 ("the '449 patent") titled "Dynamic Distributed Data System and Method" was attached to the Complaint, and that on the face of that document there is an issue date of October 7, 2003. Amazon lacks sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 48, and to that extent denies the same.

49. Amazon denies the allegations in paragraph 49.

50. Amazon admits that Elastic Compute Cloud is a trademark and/or service mark belonging to Amazon. Amazon denies all remaining allegations in paragraph 50.

51. Amazon denies the allegations in paragraph 51.

## COUNT X
## INFRINGEMENT OF U.S. PATENT NO.6,918,014

52. Amazon incorporates by reference each of its responses set forth above.

53. Amazon admits that a document purporting to be a copy of U.S. Patent No. 6,918,014 ("the '014 patent") titled "Dynamic Distributed Data System and Method" was attached to the Complaint, and that on the face of that document there is an issue date

of July 12, 2005. Amazon lacks sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 53, and to that extent denies the same.

54. Amazon denies the allegations in paragraph 54.

55. Amazon admits that Elastic Compute Cloud is a trademark and/or service mark belonging to Amazon. Amazon denies all remaining allegations in paragraph 55.

56. Amazon denies the allegations in paragraph 56.

## COUNT XI
## INFRINGEMENT OF U.S. PATENT NO. 6,963,908

57. Amazon incorporates by reference each of its responses set forth above.

58. Amazon admits that a document purporting to be a copy of U.S. Patent No. 6,963,908 ("the '908 patent") titled "System for Transferring Customized Hardware and Software Settings from One Computer to Another Computer to Provide Personalized Operating Environments" was attached to the Complaint, and that on the face of that document there is an issue date of November 8, 2005. Amazon lacks sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 58, and to that extent denies the same.

59. Amazon admits that Amazon Cloud Drive is a trademark and/or service mark belonging to Amazon. Amazon denies all remaining allegations in paragraph 59.

60. Amazon denies the allegations in paragraph 60.

61. Amazon denies the allegations in paragraph 61.

## PRAYER FOR RELIEF

Amazon denies that Clouding is entitled to any of the relief requested in the Complaint, or any other relief whatsoever.

## ADDITIONAL DEFENSES

A. Amazon incorporates the above admissions and denials in paragraphs 1-61. By raising the following additional defenses, Amazon does not assume the burden of proof of any issue that, as a matter of law, is plaintiff's burden to prove.

## FIRST DEFENSE

B. Amazon has not infringed and does not infringe, directly or indirectly, any of the '784, '637, '799, '839, '891, '607, '481, '621, '449, '014, and '908 patents (collectively, the "Asserted Patents"), either literally or under the doctrine of equivalents.

## SECOND DEFENSE

C. The Asserted Patents are invalid for failure to comply with one or more requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD DEFENSE

D. Clouding's claims for relief are limited by the doctrine of prosecution history estoppel.

## FOURTH DEFENSE

E. Clouding's claims for damages, if any, are limited by 35 U.S.C. § 286.

## FIFTH DEFENSE

F. Clouding's claims for damages, if any, are limited by 35 U.S.C. § 287.

## RESERVATION OF RIGHTS

Amazon reserves its rights to raise additional defenses including, but not limited to, license, patent exhaustion, waiver, laches, unclean hands, patent misuse, equitable estoppel, judicial estoppel, and inequitable conduct, based on additional information learned during discovery or otherwise.

## COUNTERCLAIMS

1. Counterclaimants Amazon.com, Inc. and Amazon Web Services LLC (collectively "Amazon") counterclaim against Clouding IP, LLC ("Clouding") as follows:

## PARTIES

2. Counterclaimant Amazon.com, Inc. is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.

3. Counterclaimant Amazon Web Services LLC is a Delaware limited liability company with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.

4. Upon information and belief, Clouding is a Delaware limited liability company with its principal place of business at 2 Terrace Way, Suite C, Greensboro, North Carolina 27403.

## JURISDICTION AND VENUE

5. Subject to Amazon's defenses and denials herein, this Court has subject matter jurisdiction over these counterclaims under at least 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202. Subject to Amazon's defenses and denials herein, this district is a

proper venue for these counterclaims, although this venue is not necessarily the most convenient.

6. Clouding has consented to the personal jurisdiction of this Court, and to venue in this district, by filing the complaint to which these counterclaims are a response.

## COUNTERCLAIM 1:
## DECLARATORY JUDGMENT OF
## NONINFRINGEMENT OF THE ASSERTED PATENTS

7. Amazon restates and incorporates by reference the allegations in paragraphs 1-6 of its Counterclaims.

8. Clouding alleges it is the owner by assignment of the Asserted Patents.

9. Clouding has asserted the Asserted Patents against Amazon in this action, alleging that Amazon has infringed and/or infringes, directly and/or indirectly, the Asserted Patents.

10. Amazon has not infringed and does not infringe, directly or indirectly, the Asserted Patents.

11. An actual controversy exists between Amazon and Clouding as to whether Amazon has infringed and/or infringes the Asserted Patents.

12. A judicial declaration is necessary for Amazon to ascertain its rights with respect to the Asserted Patents.

## COUNTERCLAIM 2:
## DECLARATORY JUDGMENT OF INVALIDITY
## OF EACH OF THE ASSERTED PATENTS

13. Amazon restates and incorporates by reference the allegations in paragraphs 1-12 of its Counterclaims.

14. Clouding alleges that the Asserted Patents are valid and enforceable.

15. Each of the Asserted Patents is invalid for failure to comply with one or more requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

16. An actual controversy exists between Amazon and Clouding as to whether the Asserted Patents are invalid.

17. A judicial declaration is necessary for Amazon to ascertain its rights with respect to the Asserted Patents.

## **PRAYER FOR RELIEF**

WHEREFORE, Amazon prays for the following relief and judgment:

A. A judgment dismissing Clouding's Complaint against Amazon with prejudice;

B. A declaration that Amazon has not infringed and does not infringe, directly or indirectly, any of the Asserted Patents;

C. A declaration that each one of the Asserted Patents is invalid;

D. A declaration that this case is exceptional and that Amazon is entitled to recover reasonable fees and costs incurred in connection with this case;

E. An award to Amazon of reasonable fees and costs incurred by it in connection with this case;

F. A judgment in equity barring Clouding from enforcing or collecting damages on any of the Asserted Patents;

G. Any other further relief the Court may deem appropriate.

## **JURY DEMAND**

Amazon requests a trial by jury on all claims, counterclaims, and defenses so triable.

|  | ASHBY & GEDDES |
|---|---|
|  | /s/ Steven J. Balick |
|  | _____ |

*Of Counsel*:

James F. Valentine
Daniel T. Shvodian
Nancy Cheng
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
JValentine@perkinscoie.com
DShvodian@perkinscoie.com
NCheng@perkinscoie.com

Matthew C. Bernstein
Tawen Chang
Kai Zhu
Di Zhang
Miguel Bombach
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA 92130
MBernstein@perkinscoie.com
TChang@perkinscoie.com
KZhu@perkinscoie.com
DZhang@perkinscoie.com
MBombach@perkinscoie.com

Dated: July 30, 2012

Steven J. Balick (#2114)
Lauren E. Maguire (#4261)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendants*