IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLOUDING IP, LLC, <br><br> Plaintiff, <br><br> -vs.- <br><br> AMAZON.COM, INC. and <br> AMAZON WEB SERVICES, LLC, <br><br> Defendants. | The Honorable <br> Leonard P. Stark <br><br> No. 12-cv-00641 (LPS) <br><br> **JURY TRIAL DEMANDED** |

**OPENING BRIEF IN SUPPORT OF THE
MOTION TO DISMISS OF DEFENDANTS
AMAZON.COM, INC. AND AMAZON WEB SERVICES, LLC**

*Of Counsel:*

Daniel T. Shvodian
dshvodian@perkinscoie.com
James F. Valentine
jvalentine@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
(650) 838-4300

Matthew C. Bernstein
mbernstein@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-5700

September 21, 2012

Steven J. Balick (#2114)
sbalick@ashby-geddes.com
Lauren E. Maguire (#4261)
lmaguire@ashby-geddes.com
Andrew C. Mayo (#5207)
amayo@ashby-geddes.com
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

Counsel for Defendants
AMAZON.COM, INC. and
AMAZON WEB SERVICES LLC

{00672693;v1 }


## TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDINGS ---------------------------------------- 1

SUMMARY OF ARGUMENT ------------------------------------------------------------------ 1

STATEMENT OF RELEVANT FACTS ------------------------------------------------------ 3

LEGAL STANDARD GOVERNING MOTION TO DISMISS ------------------------- 4

ARGUMENT --------------------------------------------------------------------------------------- 5

    I.     CLOUDING'S CLAIMS FOR WILLFULNESS SHOULD BE DISMISSED FOR FAILURE TO PLEAD THE REQUISITE KNOWLEDGE ------------------------------ 5

    II.    CLOUDING HAS NOT PLED FACTS SUFFICIENT TO MAKE A PLAUSIBLE CLAIM FOR INDUCEMENT ------------- 6

          A.    Clouding's Pre-Suit Inducement Claims Should be Dismissed for Failure to Allege the Requisite Knowledge of the Patents-in-Suit ----------------------- 6

          B.    Clouding's Inducement Claims Should be Dismissed Because Clouding's Threadbare Assertions Fail to Recite Sufficient Facts Regarding Amazon's Alleged Conduct --------------------------- 7

CONCLUSION ------------------------------------------------------------------------------------ 8

# TABLE OF AUTHORITIES

*Cases:* *Page(s):*

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................... 1, 4, 7–8

*Blue Chip Stamps v. Manor Drug Stores*,
  421 U.S. 723 (1975) ............................................................... 8

*Chalumeau Power Systems LLC v. Alcatel-Lucent et al.*,
  No. 1:11-cv-01175-RGA (D. Del. July 18, 2012) ............................ 8

*Global-Tech Apps., Inc. v. SEB S.A.*,
  -- U.S. --, 131 S. Ct. 2060 (2011) ............................................... 2, 6

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) .................................................. 2, 6

*In re Seagate Tech. LLC*,
  497 F.3d 1360 (Fed. Cir. 2007) (*en banc*) .................................... 1, 5

*LML Holdings, Inc. v. Pacific Coast Distrib. Inc.*,
  No. 11-CV-06173, 2012 WL 1965878 (N.D. Cal. May 30, 2012) .......... 2

*Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*,
  113 F.3d 405 (3d Cir. 1997) ...................................................... 4

*Softview LLC v. Apple Inc.*,
  No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) ............... 1, 4, 6

*Twombly. Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................... 1–2, 4, 7

*Rules:*

Fed. R. Civ. P. 12(b)(6) ............................................................... 1, 4, 8

## NATURE AND STAGE OF THE PROCEEDINGS

On May 22, 2012, plaintiff Clouding IP, LLC ("Clouding") filed a complaint for patent infringement against Amazon.com, Inc. and Amazon Web Services LLC (collectively "Amazon"), alleging direct infringement of eleven patents (D.I. 1), and on July 30, 2012, Amazon answered (D.I. 10). On August 20, 2012, Clouding filed a First Amended Complaint for Patent Infringement ("Amended Complaint") in which it asserted for the first time claims relating to inducement of infringement and willful infringement. (D.I. 11.) Because Clouding has not pled sufficient facts to support its claims of inducement and willful infringement, Amazon now moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss those claims.

## SUMMARY OF ARGUMENT

1. In its Amended Complaint, Clouding alleges willful infringement and inducement of infringement but fails to plead requisite facts to support such claims under the standard recited by the Supreme Court in *Iqbal* and *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

2. In regard to willfulness, Clouding amended its complaint to assert that Amazon willfully infringed a number of the asserted patents. Willful infringement requires, at the very least, that an infringer be aware of the asserted patent but nonetheless "act[] despite an objectively high likelihood that its actions constituted infringement of a valid patent." *See, e.g., In re Seagate Tech. LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*). Ordinarily, an allegation of willfulness must be based on a defendant's *pre-suit* knowledge and conduct. *Seagate*, 497 F.3d at 1374; *see also Softview LLC v. Apple Inc.,* No. 10-389-LPS, 2012 WL 3061027, at *8 (D. Del. July

26, 2012); *LML Holdings, Inc. v. Pacific Coast Distrib. Inc.*, No. 11-CV-06173, 2012 WL 1965878, at *5-6 (N.D. Cal. May 30, 2012). Clouding has neither alleged that Amazon had such pre-suit knowledge nor cited any fact that would justify a departure from this well established rule. Therefore, Clouding's claims of willful infringement must be dismissed.

3.   Clouding's inducement allegations are similarly deficient in regard to pre-suit inducement. Like willfulness, pre-suit inducement of infringement requires pre-suit knowledge of the existence of the patent allegedly infringed, or at least willful blindness. *See Global-Tech Apps., Inc. v. SEB S.A.*, -- U.S. --, 131 S. Ct. 2060, 2068 (2011); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). In its Amended Complaint, Clouding has not limited its inducement allegations to post-suit conduct by Amazon. Therefore, because Clouding has not pled any facts to show that Amazon had any pre-suit knowledge of the patents-in-suit or that Amazon acted with willful blindness, it has failed to adequately state a claim for pre-suit inducement.

4.   More broadly, Clouding also has failed to plead facts to support its claim for either pre-suit or post-suit inducement because Clouding's inducement allegations consist of mere conclusory recitations of the elements of inducement, such as knowledge and intent, unsupported by any *facts*. *See Iqbal*, 556 U.S. at 677-680 (internal quotations and citations omitted) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to state a claim]."). Because Clouding has failed to plead facts to support its inducement claims, those claims should be dismissed.

5. Thus, Amazon respectfully moves to dismiss Clouding's allegations of both willful infringement and inducement of infringement.

## STATEMENT OF RELEVANT FACTS

Clouding's original complaint alleged that Amazon directly infringed eleven United States patents. In its Amended Complaint, Clouding again alleges direct infringement of those same eleven patents, as well as direct infringement of a twelfth patent. Additionally, Clouding alleges for the first time that Amazon induced the infringement of seven of the patents asserted in the original complaint and willfully infringed all eleven of the patents asserted in the original complaint.[1]

For each of Clouding's willful infringement claims in the Amended Complaint, Clouding alleges that Amazon has had actual knowledge of the patent since at least the filing of the original complaint in this action. (*See* D.I. 11, ¶¶ 11, 14, 20, 23, 29, 32, 38, 41, 47, 48, 54, 55, 61, 64, 71, 77, 80, 86, 89, 95, 96.) Clouding's allegations regarding inducement also contain similar recitations of Amazon's knowledge of the asserted patents "since at least the filing of the original complaint." (*See* D.I. 11, ¶¶ 13, 22, 31, 40, 63, 79, 88.) Nowhere in Clouding's Amended Complaint, however, is there any allegation that Amazon was aware of any of the asserted patents prior to the filing of Clouding's original complaint.

---

[1] Clouding did not assert willful infringement with respect to United States Patent No. 7,032,089 ("the '089 patent"), which Clouding first asserted in Count XII of the Amended Complaint. Clouding also did not allege that Amazon had knowledge of the '089 patent. Thus, it is indisputable that Clouding has not stated a claim with respect to willful infringement of the '089 patent. Nevertheless, Clouding includes in the Prayer for Relief of the Amended Complaint a request for judgment that Amazon willfully infringed the '089 patent. To the extent the inclusion of this request is not inadvertent error on Clouding's part, Amazon respectfully requests that the Court also dismiss any claim of willful infringement of the '089 patent.

For each patent for which Clouding alleges induced infringement, the Amended Complaint contains the following boiler-plate statements regarding Amazon's purported intent to induce infringement:

> Since at least the filing of the original complaint in this action, Amazon has had actual knowledge of the … patent and has known that the use of [the accused products and/or services] by its customers constituted direct infringement of the … patent. Despite Amazon's actual knowledge of the … patent and the knowledge that its customers infringed, Amazon continued to, and still continues to, actively encourage its customers to infringe by, *inter alia*, making, using, offering for sale, selling and/or importing such products and/or service. Amazon further intends that its customers use such product and/or services in a manner that infringes the claims of the … patent.

(*See* D.I. 11, ¶¶ 13, 22, 31, 40, 63, 79, 88.)

### LEGAL STANDARD GOVERNING MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss under Rule 12(b)(6), a court should accept as true all material allegations in the complaint. *Softview*, 2012 WL 3061027 at *2. The court, however, is "not obligated to accept as true bald assertions, unsupported conclusions and unwarranted inferences." *Id*. at *3 (internal quotation marks and citations omitted); *see also Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Thus, to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice to state a claim, *Iqbal*, 556

U.S. at 678; neither does a pleading that offers only "naked assertion[s] devoid of further factual enhancement." *Id*. (internal quotations and citations omitted).

## ARGUMENT

### I. CLOUDING'S CLAIMS FOR WILLFULNESS SHOULD BE DISMISSED FOR FAILURE TO PLEAD THE REQUISITE KNOWLEDGE.

To make out a claim of willful infringement, Clouding must plausibly allege that Amazon "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *See, e.g., Seagate*, 497 F.3d at 1371. In addition, "in ordinary circumstances, willfulness will depend on an infringer's *prelitigation conduct*." *Id*. at 1374 (emphasis added). Clouding's claims of willfulness, however, are based solely upon Amazon's alleged awareness of the infringement and validity of the patents at issue "[s]ince at least the filing of the original complaint." (*See* D.I. 11, ¶¶ 14, 23, 32, 41, 48, 55, 64, 71, 80, 89, 96.) Therefore, Clouding's willfulness allegations are not plausibly based on any prelitigation conduct.

Nor is this case anything other than the "ordinary circumstances" referred to in *Seagate*. The Federal Circuit explained:

> [W]hen an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy … . *A patentee who does not attempt to stop an accused infringer's activities in this manner … should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct.* Similarly, if a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.

*Seagate*, 497 F.3d at 1374 (emphasis added, citations omitted). Here, Clouding has neither sought a preliminary injunction, nor identified any other facts that render this

case extraordinary. *See Softview*, 2012 WL 3061027 at *8 ("*Seagate* implies that willful infringement allegations based only on post-filing conduct are inadequate.").

Because Clouding has not plausibly pled willful infringement based on Amazon's pre-suit conduct, and by law cannot rely on Amazon's post-complaint knowledge of the patent to make such a claim, the willful infringement claims in the Amended Complaint must be dismissed.

### II.  CLOUDING HAS NOT PLED FACTS SUFFICIENT TO MAKE A PLAUSIBLE CLAIM FOR INDUCEMENT.

#### A.  Clouding's Pre-Suit Inducement Claims Should be Dismissed for Failure to Allege the Requisite Knowledge of the Patents-in-Suit.

Inducement of infringement requires knowledge that the induced acts constitute patent infringement. *Global-Tech Apps.*, 131 S. Ct. at 2068; *In re Bill of Lading*, 681 F.3d at 1339. Thus, to plead inducement, a patentee must plead that the accused infringer had knowledge of the asserted patents or was at least "willfully blind" as to those patents. *Id.* As discussed in the preceding section, however, Clouding has failed to plead that Amazon had knowledge of the patents-in-suit prior to the filing of the complaint. Clouding also has not pled that Amazon acted with willful blindness. Despite this, Clouding has broadly pled that Amazon induced infringement of certain of the patents-in-suit, without any limitation as to time. Thus, Clouding has failed to plead sufficient facts to support its inducement allegations as broadly as they are pled, and therefore its inducement claims should be dismissed in their entirety. At a minimum, any Clouding allegations of pre-suit inducement must be dismissed for failure to allege that, prior to the filing of the original complaint, Amazon had the requisite knowledge of the patents-in-suit or acted with willful blindness.

### B. Clouding's Inducement Claims Should be Dismissed Because Clouding's Threadbare Assertions Fail to Recite Sufficient Facts Regarding Amazon's Alleged Conduct.

The Supreme Court held in *Iqbal* that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim. *Iqbal*, 556 U.S. at 678. That is precisely what Clouding has pled here – threadbare recitals of causes of action for inducement of infringement, including alleged specific intent by Amazon, supported only by conclusory statements.

For example, Clouding's only allegations with respect to the requisite element of specific intent to induce infringement are conclusory statements to the effect that "Amazon further intends its customer use such products and/or services in a manner that infringes the claims of the [asserted] patent." Clouding fails to support these conclusory allegations by pleading any facts that would plausibly show that Amazon intends its customers to use its products in an infringing manner. Similarly, with respect to Amazon's purported knowledge of its customers' alleged infringement of the asserted patents, Clouding conclusorily states without any factual support that "[s]ince at least the filing of the original complaint in this action, Amazon … has known that the use of … products and/or services by its customers constituted direct infringement of the [asserted] patent." Knowledge of the complaint, however, does not equate to knowledge of infringement.

The Supreme Court has explained that the practical significance of requiring more than threadbare allegations in a complaint is to provide judicial protection from the needless infliction of the massive costs of discovery on defendants. *Twombly*, 550 U.S. at 557-58. A complaint must therefore allege something more than a "mere pos-

sibility" of harm, thereby preventing a plaintiff with a "largely groundless claim" from "tak[ing] up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Id.* (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975)). Courts enforcing Rule 12(b)(6) curtail this risk by dismissing complaints that fail to give rise to a plausible inference of harm to the plaintiff. That remedy is appropriate here.

Thus, because Clouding's pleadings are barren of any facts to support its allegations of knowledge and intent, Clouding's claims regarding inducement of infringement should be dismissed in their entirety. *Cf. Chalumeau Power Systems LLC v. Alcatel-Lucent et al.*, No. 1:11-cv-01175-RGA (D. Del. July 18, 2012) (dismissing allegations of indirect infringement postdating the filing of the original complaint because the court did not believe "the Amended Complaint supplie[d] any factual accompaniment that would convert the post-suit knowledge [of the asserted patent] into a plausible allegation of knowledge of the infringing use"). (Ex. A).

## CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court grant Amazon's motion to dismiss Clouding's claims against Amazon for willful infringement and indirect infringement as set forth in paragraphs 13-14, 22-23, 31-32, 40-41, 48, 55, 63-64, 71, 79-80, 88-89 and 96 of Clouding's Amended Complaint, as well as the Prayer for Relief in that complaint.

-9-

|  |  |
|---|---|
| *Of Counsel*:<br><br>Daniel T. Shvodian<br>dshvodian@perkinscoie.com<br>James F. Valentine<br>jvalentine@perkinscoie.com<br>PERKINS COIE LLP<br>3150 Porter Drive<br>Palo Alto, CA 94304<br>(650) 838-4300<br><br>Matthew C. Bernstein<br>mbernstein@perkinscoie.com<br>PERKINS COIE LLP<br>11988 El Camino Real, Suite 200<br>San Diego, CA 92130<br>(858) 720-5700<br><br>September 21, 2012 | /s/ *Andrew C. Mayo*<br><br>Steven J. Balick (#2114)<br>sbalick@ashby-geddes.com<br>Lauren E. Maguire (#4261)<br>lmaguire@ashby-geddes.com<br>Andrew C. Mayo (#5207)<br>amayo@ashby-geddes.com<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br><br>Counsel for Defendants<br>AMAZON.COM, INC. and<br>AMAZON WEB SERVICES LLC |