IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLOUDING IP, LLC,<br><br>  Plaintiff,<br><br>       v.<br><br>AMAZON.COM, INC. AND<br>AMAZON WEB SERVICES, LLC,<br><br>  Defendants. | C.A. No. 12-641-LPS |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS
AMAZON.COM, INC. AND AMAZON WEB SERVICES, LLC'S MOTION TO DISMISS**

October 8, 2012

Of Counsel:

SNR DENTON US LLP

Mark L. Hogge
Shailendra K. Maheshwari
1301 K Street, NW, Suite 600, East Tower
Washington, DC  20005-3364
(202) 408-6400
mark.hogge@snrdenton.com
shailendra.maheshwari@snrdenton.com

BAYARD, P.A.

Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

*Attorneys for Plaintiff Clouding IP, LLC*

**TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................................ 1

RELEVANT FACTS ....................................................................................................................... 5

LEGAL STANDARD ...................................................................................................................... 5

ANALYSIS ...................................................................................................................................... 6

    I.    Clouding's Allegations Successfully State A Claim For Willful Infringement ................. 6

    II.    Clouding's Allegations Successfully State A Claim For Indirect Infringement ............... 10

        A.    Clouding Has Pled Induced Infringement Based Only On Amazon's Conduct After Clouding Filed Its Original Complaint. ...................................................................... 11

        B.    Clouding Has Properly Alleged That Amazon Had Knowledge Its Customers Were Infringing On Clouding's Patents And That Amazon Intended Its Customers Continue This Infringement. ........................................................................................ 11

            1.    Clouding has alleged that Amazon has known that Amazon's products and/or services infringe on Clouding's patents when used by Amazon's customers since at least service of the original complaint. .................................................................. 11

            2.    Clouding has alleged that despite knowing that its products and/or services infringe on Clouding's patents when used, Amazon has intended to induce its customers use of these products. ..................................................................... 13

CONCLUSION ............................................................................................................................. 15

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Aeritas, LLC v. Alaska Air Group, Inc.*,
  2012 U.S. Dist. LEXIS 140038 (D. Del. Sept. 28, 2012) ........................................................9

*Ball Aerosol & Specialty Container, Inc. v. Ltd. Brands, Inc.*,
  553 F. Supp. 2d 939 (N.D. Ill. 2008) .....................................................................................3

*Chalumeau Power Sys. LLC v. Alcatel-Lucent,*
  No. 11-1175-RGA (D. Del. Jul. 18, 2012) ..............................................................................9

*CSIRO v. Buffalo Technology*,
  492 F.Supp. 2d 600 (E.D. Tex. 2007) ....................................................................................5

*DataQuill Ltd, v. High Tech Computer Corp.*,
  No. 08-CV-543-IEG (BGS), 2011 U.S. Dist. LEXIS 138565 (S.D. Cal. Dec. 1,
  2011) ..............................................................................................................................5, 6, 7, 8

*eBay v. MercExchange, L.L.C.*,
  547 U.S. 388 (2006) ................................................................................................................5

*Grice Engineering, Inc. v. JG Innovations, Inc.*,
  691 F. Supp. 2d 915 (W.D. Wis. 2010) ................................................................................11

*Harrington v. State Farm Fire & Cas. Co.*,
  563 F.3d 141 (5th Cir. 2009) ..................................................................................................2

*Hill v. Der*,
  521 F. Supp. 1370 (D. Del. 1981) .......................................................................................2, 3

*In re Bill of Lading*,
  681 F.3d 1323 (Fed. Cir. 2012) ............................................................................................10

*In re Seagate Tech., LLC*,
  497 F.3d 1360 (Fed. Cir. 2007) ...........................................................................................3, 4

*Inv. Tech. Group, Inc. v. Liquidnet Holdings, Inc.*,
  759 F. Supp. 2d 387 (S.D.N.Y. 2010) ....................................................................................6

*Kadant Johnson Inc. v. D'Amico*,
  No. 10-2869c/w11-0036, 2012 U.S. Dist. LEXIS 79648 (E.D. La. Jun. 8, 2012) ..................3

*Krippelz v. Ford Motor Co.*,
   675 F. Supp. 2d 881 (N.D. Ill. 2009) ....................................................................................6

*Molyneaux v. Glickman*,
   No. 2000-0167, 2004 U.S. Dist. LEXIS 16079 (D.V.I. Aug. 11, 2004)..................................2

*Monec Holding AG v. Motorola Mobility, Inc.*,
   No. 11-798-LPS-SRF, 2012 U.S. Dist. LEXIS 108993 (D. Del. Aug. 3, 2012) ....................11

*Netgear, Inc. v. Ruckus Wireless, Inc.*,
   No. 10-999-SLR, 2012 U.S. Dist. LEXIS 43697 (D. Del. Mar. 28, 2012) ............................11

*St. Clair Intellectual Prop. Consultants, Inc. v. Palm, Inc., et al.*,
   No. 06-404-JJF-LPS, 2009 U.S. Dist. LEXIS 49922 (D. Del. Jun. 10, 2009) .........................6

*St. Clair Intellectual Prop. Consultants v. Apple*,
   No. 10-00982-LPS, 2011 U.S. Dist. LEXIS 112280 (D. Del. Sep. 30, 2011).........................2

*State Indus., Inc., v. A.O. Smith Corp.*,
   751 F.2d 1226 (Fed. Cir. 1985)...............................................................................................3

*Tomita Techs. USA, LLC v. Nintendo Co., Ltd.*,
   No. 11 Civ. 4256 (JSR), 2012 U.S. Dist. LEXIS 92196 (S.D.N.Y. Jun. 25, 2012) .................5

*Weiland Sliding Doors and Windows v. Panda Windows and Doors, LLC*,
   No. 10CV677 JLS (MDD), 2012 U.S. Dist. LEXIS 7021 (S.D. Cal. Jan. 23, 2012) ..............11

**OTHER AUTHORITIES**

5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1357 ...............................................2

**INTRODUCTION**

Plaintiff Clouding IP, LLC ("Clouding") files this Answering Brief in Opposition to the Motion to Dismiss ("MTD") filed by Defendants Amazon.com, Inc. and Amazon Web Services, LLC (collectively "Amazon") (D.I. 11).  This Court should deny Amazon's Motion to Dismiss because Clouding has met the threshold requirements for asserting claims of willful infringement and induced infringement against Amazon.

Amazon's arguments to dismiss Clouding's willful infringement claims fail because the Federal Circuit has not foreclosed all claims of willful infringement based on post-filing conduct, but has instead left the door open for claims such as those that Clouding asserts here.  While Amazon contends that willfulness claims cannot be based solely on post-filing conduct, the Federal Circuit has merely stated that such claims *generally* cannot be based on post-filing conduct because another remedy (namely injunctive relief) exists for post-filing infringement.  This "general" approach does not apply to Clouding which, as a non-practicing entity, cannot rely on injunctive relief as a remedy for Amazon's ongoing infringement.

Likewise, Amazon's arguments to dismiss Clouding's induced infringement claims fail because Clouding has alleged acts of direct infringement of its patents by Amazon's customers, Amazon's post-filing awareness of this infringement, and Amazon's ongoing intent to encourage this infringement.  A plaintiff's filing of the original complaint gives defendants the requisite knowledge where, as here, allegations are based exclusively on post-filing conduct, and defendants' deliberate decision to continue infringing, despite that knowledge, satisfies the intent prong for induced infringement.  Accordingly, Clouding asks this Court to reject Amazon's arguments and deny its Motion to Dismiss.

## RELEVANT FACTS

Clouding has alleged that Amazon makes, uses, sells, and offers for sale in the United States products and/or services for cloud computing and that at least some of these products and/or services infringe on the patents-at-issue. Clouding has further alleged that Amazon has had actual knowledge of the patents-at-issue since at least May 22, 2012, when Clouding filed its Original Complaint. (D.I. 1). In its Amended Complaint, Clouding has alleged that, despite this actual knowledge, Amazon has continued to induce infringement of the patents-at-issue and that, after receiving the Original Complaint, Amazon has willfully continued its infringement of the patents-at-issue.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim is viewed with disfavor and should be granted "only in the rarest of circumstances." *Hill v. Der*, 521 F. Supp. 1370, 1390 (D. Del. 1981) (citing 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1357 at 598); *see also Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (A motion to dismiss under 12(b)(6) "is viewed with disfavor and is rarely granted."); *Molyneaux v. Glickman*, No. 2000-0167, 2004 U.S. Dist. LEXIS 16079 (D.V.I. Aug. 11, 2004) ("The Rule 12(b)(6) motion is viewed with disfavor and rarely granted."). "Thus, the Court may grant such a motion to dismiss only if, after accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *St. Clair Intellectual Prop. Consultants v. Apple*, No. 10-00982-LPS, 2011 U.S. Dist. LEXIS 112280, at *3 (D. Del. Sep. 30, 2011) (quoting *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000)). Accordingly, a court faced with such a motion should view the allegations liberally, "giving plaintiffs the benefit of all inferences which fairly can be drawn therefrom," and only grant the

motion if "it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claims which would entitle them to relief." *Hill*, 521 F. Supp. at 1386 (quoting *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 444 (3d Cir. 1977)).

## ANALYSIS

**I.     Clouding's Allegations Successfully State A Claim For Willful Infringement**

This Court should deny Amazon's motion to dismiss Clouding's claims for willful infringement because Clouding has properly alleged that Amazon continues to infringe Clouding's patents despite being aware that those patents exist and that there is an objectively high likelihood that its actions infringed and continue to infringe on Clouding's patents. *See State Indus., Inc., v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe a patent, the patent must exist and one must have knowledge of it."); *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) ("[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.").

Amazon moves to dismiss based on a bright-line rule that does not actually exist. (MTD at 2, 5-6). While Amazon asserts that "by law [Clouding] cannot rely on Amazon's post-complaint knowledge of the patent" to make a willful infringement claim, that is not the Federal Circuit's holding. *See Ball Aerosol & Specialty Container, Inc. v. Ltd. Brands, Inc.*, 553 F. Supp. 2d 939, 955 (N.D. Ill. 2008) ("The Federal Circuit in *Seagate* did not foreclose all consideration of post-litigation conduct in the willful infringement analysis."); *Kadant Johnson Inc. v. D'Amico*, No. 10-2869c/w11-0036, 2012 U.S. Dist. LEXIS 79648, at *4-6 (E.D. La. Jun. 8, 2012) ("[T]here is no per se bar to damages for willful infringement based on post-filing conduct if no injunction is filed."). Likewise, to the extent that Amazon concedes that there is no

6

absolute prohibition on willfulness claims based on conduct, but insists that Clouding's claims are nothing "other than the 'ordinary circumstances' referred to in *Seagate*," (MTD at 5), Amazon is wrong again. To the contrary, this is exactly the sort of case that the Federal Circuit identified as a departure from its general rule.

In *Seagate*, the Federal Circuit recognized that grounds for willfulness can arise after a lawsuit is filed, 497 F.3d at 1374 ("patent infringement is an ongoing offense that can continue after litigation has commenced"), but held that a preliminary injunction "*generally* provides an adequate remedy for combating post-filing willful infringement." *Id*. (emphasis added). Under the Federal Circuit's reasoning, a request for preliminary injunctive relief is dispositive of willfulness in most cases—i.e., under "ordinary circumstances"—because either (1) entry of a preliminary injunction will prevent willful infringement from occurring, (2) a plaintiff's failure to seek a preliminary injunction bars it from complaining that the defendant continued to infringe, *Id*. ("[a] patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct"), or (3) the court's denial of a preliminary injunction request shows that the merits of the infringement claims are not sufficiently strong to support a claim of willfulness. *Id*. ("[I]f a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness."). In short, the Federal Circuit's general rule relies on the assumption that in "ordinary circumstances," injunctive relief is available.

The Federal Circuit's reasoning that willful infringement is rendered unnecessary by a preliminary injunction falls by the wayside where, as here, temporary injunctive relief is not realistically available for reasons unrelated to the merits of the case. If a plaintiff cannot seek a preliminary injunction, such an injunction cannot "generally provide an adequate remedy for

7

combating post-filing willful infringement," and the claim of willful infringement remains the plaintiff's only available remedy. This is of special relevance in this case because, since the Supreme Court's landmark ruling in *eBay v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), patent holders who are non-practicing entities ("NPEs") are frequently faced with extraordinary, post-litigation willful infringement that cannot be remedied through injunctive relief.

While Amazon argues that Clouding's willful infringement claims should be dismissed because it has not sought a preliminary injunction, (MTD at 5), Clouding has never had the genuine opportunity to seek such relief. Instead, post-*eBay*, it has become generally accepted that NPEs such as Clouding cannot secure injunctive relief to stop post-litigation willful infringement.[1] *See, e.g., DataQuill Ltd, v. High Tech Computer Corp.*, No. 08-CV-543-IEG (BGS), 2011 U.S. Dist. LEXIS 138565, at *41 (S.D. Cal. Dec. 1, 2011) ("DataQuill would not have been able to obtain a preliminary injunction because it does not practice the patents-in-suit and it does not compete with HTC."); *Tomita Techs. USA, LLC v. Nintendo Co., Ltd.*, No. 11 Civ. 4256 (JSR), 2012 U.S. Dist. LEXIS 92196, 33-34 (S.D.N.Y. Jun. 25, 2012) ("The pursuit of preliminary, injunction may fail for reasons other than its lack of merit on the underlying claim. Even a strong claim for injunctive relief will ordinarily fail when an inventor, who does not practice the invention and does not compete with the infringer, sues for injunction.").[2]

---

[1] Since *eBay*, research organizations have been the only NPEs able to demonstrate irreparable harm (and thus obtain a preliminary injunction to stop willful infringement). *See e.g., CSIRO v. Buffalo Technology*, 492 F. Supp. 2d 600, 604 (E.D. Tex. 2007) (citing loss of research funding and recruitment of "best scientific minds" as sufficient irreparable harm for injunction).

[2] Courts have noted that counsel may choose not to seek a preliminary injunction in light of his ethical obligations under Rule 11 of the Federal Rules of Civil Procedure. *See e.g., DataQuill*, 2011 LEXIS 138565, at *41 (quoting *Affinity Labs of Texas, LLC v. Alpine Electronics of America, Inc.*, No. 9:08-CV-171, 2009 U.S. Dist. LEXIS 130147, at *11 (E.D. Tex. 2009)).

Where it is practically impossible for a NPE to obtain a preliminary injunction, it would make no sense to require a NPE to seek one in order to plead willful infringement. Accordingly, "[s]everal district courts have recognized that a patentee who neither practices its invention nor directly competes with the accused infringer is excused from *Seagate's* rule that a patentee must seek an injunction to sustain a claim for post-filing willful infringement." *DataQuill*, 2011 U.S. Dist. LEXIS 138565, at *39. As one court explained:

> [The plaintiff] could not have gotten an injunction in this case, and, while only the Court knows that for a certainty, [the plaintiff] could reasonably and wisely conclude that he would not win; that it would be a waste of time and resources, his own and the Court's, to make the effort. In other words, under *eBay*, [the plaintiff] likely could not have obtained preliminary injunctive relief because the balance of hardships favored [the defendant]. **Seagate does not require that [the plaintiff] file a motion he did not stand a reasonable chance of winning in order to perfect a claim for willful infringement**.

*Krippelz v. Ford Motor Co.*, 675 F. Supp. 2d 881, 898 (N.D. Ill. 2009) (emphasis added); *see also St. Clair Intellectual Prop. Consultants, Inc. v. Palm, Inc., et al.*, No. 06-404-JJF-LPS, 2009 U.S. Dist. LEXIS 49922, at *4 (D. Del. Jun. 10, 2009) ("Further, there is no per se requirement for a plaintiff to file for preliminary injunctive relief before raising a willful infringement claim.") (Stark, J.).

This approach reflects the reality of the post-*eBay* landscape for NPEs: Absent the availability of injunctive relief, NPEs faced with ongoing, post-filing, willful infringement fall outside of Seagate's "ordinary circumstances" and thus require enhanced damages as their only remedy for ongoing willful infringement. *See Inv. Tech. Group, Inc. v. Liquidnet Holdings, Inc.*, 759 F. Supp. 2d 387, 412 (S.D.N.Y. 2010) (citing "a patentee's neither practicing its invention nor directly competing with the accused infringer (rendering its failure to seek a preliminary injunction reasonable)" as among the "limited circumstances under which a patentee may sustain

9

a claim of post-filing willful infringement despite the patentee's failure to first seek a preliminary injunction").

For this reason, many courts have recognized willful infringement claims based on conduct occurring after the filing of an original complaint.  For example, in both *DataQuill* and *Affinity Labs,* defendants argued that claims for willful infringement were barred as a matter of law because the plaintiffs were only seeking damages for post-filing conduct and had not sought preliminary injunctions.  *DataQuill*, 2011 LEXIS 138565, at *35; *Affinity Labs*, 2009 U.S. Dist. LEXIS 130147, at *7.  In both cases, the courts rejected the position that prevailing on a request for a preliminary injunction is a prerequisite for asserting a willfulness claim based solely on post-filing conduct, *DataQuill*, 2011 LEXIS 138565, at *35; *Affinity Labs*, 2009 U.S. Dist. LEXIS 130147, at *8.  Accordingly, in both cases, the courts refused to foreclose the plaintiffs' claims.  *DataQuill*, 2011 LEXIS 138565, at *51 (denying defendant's motion for summary judgment on willful infringement claim); *Affinity Labs*, 2009 U.S. Dist. LEXIS 130147, at *12-13 (denying motion to dismiss for failure to state a claim after finding that the complaint states a claim to relief that is plausible on its face).

While Amazon asserts that Clouding has failed to plead facts to support its claim of willful infringement, Amazon's actual assertion is that Clouding is barred from raising such claims if they are based solely on conduct that occurred after the filing of the original complaint.  But, because there is no bar from relying solely upon such conduct to support a claim of willfulness, this Court should reject Amazon's argument, and deny its Motion to Dismiss.

## II.     Clouding's Allegations Successfully State A Claim For Indirect Infringement.

Amazon seeks to dismiss "claims of pre-suit induced infringement" that Clouding has not actually pled.  (MTD at 6).  Amazon also erroneously claims that Clouding's First Amended

Complaint fails to state a claim for induced infringement because Clouding failed to adequately allege that Amazon had knowledge that its customers were infringing on Clouding's patents, and because the Complaint does not contain "facts that would plausibly show that Amazon intends its customers to use its products in an infringing manner." (*Id*. at 7.)

### A. Clouding Has Pled Induced Infringement Based Only On Amazon's Conduct After Clouding Filed Its Original Complaint.

Amazon needlessly argues that "Clouding has failed to plead that Amazon had knowledge of the patents-in-suit prior to the filing of the complaint . . . and therefore its inducement claims should be dismissed in their entirety [or] [a]t a minimum, any Clouding allegations of pre-suit inducement must be dismissed . . . ." (MTD at 6). But, Clouding has not pled any claims based on pre-suit inducement. Instead, Clouding based each induced infringement claim on Amazon's conduct *after* the filing of the original complaint in this case. Accordingly, Amazon is seeking to dismiss pre-suit inducement claims that Clouding has never actually pled, are not part of this case, and indeed, do not even exist. In that regard, Amazon's motion—with respect to these "claims"—is a nullity.

### B. Clouding Has Properly Alleged That Amazon Had Knowledge Its Customers Were Infringing On Clouding's Patents And That Amazon Intended Its Customers Continue This Infringement.

Amazon argues that Clouding failed to plead that Amazon had the requisite knowledge and intent to induce infringement. Amazon is wrong on both counts.

### 1. *Clouding has alleged that Amazon has known that Amazon's products and/or services infringe on Clouding's patents when used by Amazon's customers since at least service of the original complaint.*

Amazon first argues that Clouding has failed to allege that Amazon had knowledge of its customers' direct infringement because "knowledge of the complaint . . . does not equate to

11

knowledge of infringement." (MTD at 7). But this Court already rejected that argument. *See Aeritas, LLC v. Alaska Air Group, Inc.*, No. 11-967-SLR, 2012 U.S. Dist. LEXIS 140038, at *6 (D. Del. Sept. 28, 2012) ("In its decision in *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 2012 WL 1129370 (D. Del. 2012), this court concluded that plaintiffs pleadings passed muster under Rule 8 of the Federal Rules of Civil Procedure by identifying the patent-at-issue and the allegedly infringing conduct, *as well as the notice afforded by service of the original complaint and the apparent decision to continue the inducement post-service*.") (emphasis added)).

Amazon's position is apparently based on a misapplication of this Court's ruling in *Chalumeau Power Sys. LLC v. Alcatel-Lucent,* No. 11-1175-RGA (D. Del. Jul. 18, 2012) (Andrews, J.). (*See* MTD at 8 (stating that in *Chalumeau* this Court dismissed allegations of indirect infringement because the amended complaint failed to supply any facts that would convert the knowledge of the patent into a plausible allegation of knowledge of the infringing use)).[3] But *Chalumeau* never held that a complaint cannot provide knowledge of infringement. To the contrary, in his ruling Judge Andrews specifically states that "[s]ervice of the original complaint gives the defendants actual notice of the patent's existence . . . [and] might also make plausible the claim that the defendant has the knowledge that the third parties who are selling its products are directly infringing . . . ." *Chalumeau*, at *2. Accordingly, *Chalumeau* was a fact-specific ruling where the plaintiff failed to plead in its *amended complaint* that defendant had knowledge that the product it was selling was being used to infringe the plaintiff's patent. Such failings are not found in Clouding's Amended Complaint.

---

[3]*Chalumeau* is attached as Exhibit A to Defs.' MTD.

Clouding's Amended Complaint alleges that since receiving notice via the Original Complaint that its products and/or services infringe on Clouding's patents "Amazon has had actual knowledge of the . . . patent and has known that the use of such products and/or services by its customers constituted direct infringement of the . . . patent." (Pl.'s Am. Compl. ¶¶ 13, 22, 31, 40, 63, 79, 88). The Amended Complaint also states that "Amazon's customers who use such products and/or services directly infringe the claims of the . . . patent" and that despite the fact that Amazon had "knowledge that its customers infringed . . . Amazon continued to, and still continues to, actively encourage its customers to infringe . . . [and] Amazon further intends that its customer use such products and/or services in a manner that infringes the claims of the . . . patent." (*Id.*) Therefore, the *only* reasonable inference is that Clouding has properly alleged that Amazon has knowledge of the infringement. As the non-movant, Clouding is entitled to all reasonable inferences that can be drawn from its Complaint. *See In re Bill of Lading*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) ("[W]e note a flaw that pervades the district court's assessment of R+L's allegations of induced infringement—its failure to draw all reasonable inferences in favor of the non-moving party.").

    2. ***Clouding has alleged that despite knowing that its products and/or services infringe on Clouding's patents when used, Amazon has intended to induce its customers use of these products.***

Amazon next argues that Clouding has also failed to sufficiently plead intent to induce. But while Amazon claims that "Clouding's only allegations with respect to the requisite element of specific intent to induce infringement are conclusory statements," (MTD at 7), Amazon sets the bar higher than it actually is.

A claim of induced infringement can be based on nothing more than "the fact that [a] defendant received [a] letter accusing its products of infringement and continued to sell products

13

containing [the] allegedly infringing component." *Monec Holding AG v. Motorola Mobility, Inc.*, No. 11-798-LPS-SRF, 2012 U.S. Dist. LEXIS 108993 (D. Del. Aug. 3, 2012) (Stark, J.) (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1330 (Fed. Cir. 2010)). Intent to induce infringement is thus adequately pled by an allegation that the defendant, with knowledge of the infringed patent, has continued to engage in marketing and distributing its allegedly infringing products. *See Netgear, Inc. v. Ruckus Wireless, Inc.*, No. 10-999-SLR, 2012 U.S. Dist. LEXIS 43697, at *13-15 (D. Del. Mar. 28, 2012) (Robinson, J.) ("Plaintiff's allegations that defendant is involved in the 'marketing and distribution' of its products are sufficient to claim induced infringement.") (collecting cases); *see also Grice Engineering, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 927 (W.D. Wis. 2010) ("[A]llegations that defendant "participated in marketing the allegedly infringing products" are sufficient to "permit an inference that [defendant] possessed the specific intent to encourage infringement and actively aided and abetted . . . alleged infringement."); *Weiland Sliding Doors and Windows v. Panda Windows and Doors, LLC*, No. 10CV677 JLS (MDD), 2012 U.S. Dist. LEXIS 7021, at *18 (S.D. Cal. Jan. 23, 2012) (finding that plaintiff sufficiently alleged specific intent to induce infringement based on allegation that "[w]ith knowledge that their products were infringing, Defendants distributed them to third parties who, in offering for sale, selling, assembling, installing, and using the products, directly infringed").

Based on this standard, Clouding has properly alleged that Amazon was aware of Clouding's patents and of the direct infringement of these patents by Amazon's customers' use of its products and/or services, but has, nevertheless, continued to sell its products and encourage its customers' infringing use:

> Since at least the filing of the original complaint in this action, Amazon has had actual knowledge of the … patent and has known that the use of such products

and/or services by its customers constituted direct infringement of the . . . patent. Despite Amazon's actual knowledge of the . . . patent and the knowledge that its customers infringed, Amazon continued to, and still continues to, actively encourage its customers to infringe by, *inter alia*, making using offering for sale, selling and/or importing products and/or services that are covered by one or more claims of the . . . patent. Amazon further intends that its customer use such products and/or services in a manner that infringes the claims of the . . . patent.

(Pl.'s Am. Compl. ¶¶ 13, 22, 31, 40, 63, 79, 88). Based on controlling case law, this is adequate to plead intent and, accordingly, Clouding has sufficiently alleged that Amazon intended to induce infringement.

## CONCLUSION

For the foregoing reasons, Amazon's Motion to Dismiss should be denied.

| | |
|---|---|
| October 8, 2012 | BAYARD, P.A. |
| Of Counsel: | /s/ Stephen B. Brauerman<br>Richard D. Kirk (rk0922) |
| SNR DENTON US LLP | Stephen B. Brauerman (sb4952)<br>Vanessa R. Tiradentes (vt5398) |
| Mark L. Hogge<br>Shailendra K. Maheshwari<br>1301 K Street, NW, Suite 600, East Tower<br>Washington, DC 20005-3364<br>(202) 408-6400<br>mark.hogge@snrdenton.com<br>shailendra.maheshwari@snrdenton.com | 222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>(302) 655-5000<br>rkirk@bayardlaw.com<br>sbrauerman@bayardlaw.com<br>vtiradentes@bayardlaw.com |
| | *Attorneys for Plaintiff Clouding IP, LLC* |