IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CLOUDING IP, LLC, | ) | |
| Plaintiff, | ) | The Honorable Leonard P. Stark |
| -vs.- | ) | |
| AMAZON.COM, INC. and AMAZON WEB SERVICES, LLC, | ) | No. 12-cv-00641 (LPS) |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

**REPLY BRIEF IN SUPPORT OF THE
MOTION TO DISMISS OF DEFENDANTS
AMAZON.COM, INC. AND AMAZON WEB SERVICES, LLC**


*Of Counsel:*

Daniel T. Shvodian
dshvodian@perkinscoie.com
James F. Valentine
jvalentine@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
(650) 838-4300

Matthew C. Bernstein
mbernstein@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-5700


October 18, 2012


Steven J. Balick (#2114)
sbalick@ashby-geddes.com
Lauren E. Maguire (#4261)
lmaguire@ashby-geddes.com
Andrew C. Mayo (#5207)
amayo@ashby-geddes.com
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

Counsel for Defendants
AMAZON.COM, INC. and
AMAZON WEB SERVICES LLC

## TABLE OF CONTENTS

INTRODUCTION ---------- 1

ARGUMENT ---------- 1

I. CLOUDING FAILED TO PLAUSIBLY ALLEGE THAT AMAZON ACTED WITH OBJECTIVE RECKLESSNESS ---------- 1

II. CLOUDING HAS NOT PLED FACTS SUFFICIENT TO MAKE A PLAUSIBLE CLAIM FOR INDUCEMENT ---------- 3

A. Clouding Acknowledges that Its Amended Complaint Would Not Be Sufficient to Support Pre-Complaint Inducement Claims ---------- 3

B. Clouding's Inducement Claims Should be Dismissed Because Clouding's Threadbare Assertions Fail to Recite Sufficient Facts Regarding Amazon's Alleged Conduct ---------- 4

1. Clouding Provides No Facts to Support Claim of Knowledge of Customer Infringement ---------- 5

2. Clouding Fails to Plausibly Plead Intent to Induce Infringement ---------- 7

CONCLUSION ---------- 9

**TABLE OF AUTHORITIES**

*CASES* *PAGE(S):*

*Aeritas, LLC c. Alaska Air Group, Inc.*, No. 11-967-SLR
No. 11-967-SLR, 2012 WL 4470386 (D. Del. Sept. 28, 2012) ---------------------------7

*Chalumeau Power Systems LLC v. Alcatel-Lucent et al.*,
No. 1:11-cv-01175-RGA (D. Del. July 18, 2012) --------------------------------------- 5-6

*Fujitsu Ltd. v. Netgear, Inc.*,
620 F.3d 1321 (Fed. Cir. 2010)-------------------------------------------------------------8

*Gryce Engineering, Inc. v. JG Innovations, Inc.*,
691 F.Supp.2d 915 (W.D. Wis. 2010)-----------------------------------------------------8

*In re Seagate Tech. LLC*,
497 F.3d 1360 (Fed. Cir. 2007) (*en banc*) ---------------------------------------------- 1-2

*Monec Holding AG v. Motorola Mobility, Inc.*,
2012 WL 3201744 (D. Del. Aug. 3, 2012)------------------------------------------- 4-5, 8

*Netgear, Inc. v. Ruckus Wireless, Inc.*,
852 F. Supp. 2d 470 (D. Del. 2012) --------------------------------------------------------8

Softview LLC v. Apple Inc.,
No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) ----------------------------2

*Walker Digital, LLC v. Facebook, Inc.*,
852 F. Supp. 2d 559 (D. Del. 2012) --------------------------------------------------------7

*Weiland Sliding Doors and Windows v. Panda Windows and Doors LLC*,
No. 10CV677 JLS (MDD), 2012 WL 202664 (S.D. Cal. Jan. 23, 2012) ------------ 8-9

## INTRODUCTION

Plaintiff Clouding IP, LLC ("Clouding") admits that it alleges no pre-filing conduct of Amazon.com, Inc. or Amazon Web Services (collectively "Amazon") as part of its willful infringement or inducement claims. Clouding's only argument in support of its inadequate willfulness claim is that as a non-practicing entity it is exempt from the general rule requiring willfulness to be pled based on pre-filing conduct. There is, however, no such exemption. Similarly, Clouding fails to address the fundamental flaw in its inducement allegations: the lack of anything other than conclusory statements to support its threadbare recitals of the elements of an inducement claim.

## ARGUMENT

### I. CLOUDING FAILED TO PLAUSIBLY ALLEGE THAT AMAZON ACTED WITH OBJECTIVE RECKLESSNESS.

Amazon's motion to dismiss was not based on a perceived bright-line rule that post-filing conduct cannot be part of a willful infringement claim. Rather, as Amazon explained in its opening brief, absent extraordinary circumstances, *Seagate* precludes a claim of willfulness from being based *solely* on defendant's post-filing acts. Here, Clouding has not pled any pre-filing facts in support of its willfulness allegation, and it has not pled any post-filing facts that would establish the extraordinary circumstances discussed in Seagate.

Rather, Clouding argues that extraordinary circumstances exist merely because it is a non-practicing entity. Per Clouding, because non-practicing entities are unlikely to succeed in obtaining a preliminary injunction, they should be permitted to plead

willfulness based solely on post-filing acts, a lower standard than that required of practicing entities. But no such exception exists for non-practicing entities.

Notably, Clouding does not dispute that willfulness is normally shown through pre-litigation conduct. *See In re Seagate Tech. LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (*en banc*) ("[W]illful infringement in the main must find its basis in prelitigation conduct . . . ."). As to post-filing willful infringement allegations, in *Seagate*, the Federal Circuit stated that a patentee generally could only prevail on willfulness if it prevailed on a motion for preliminary injunction. *Id*. The Federal Circuit did acknowledge there may be limited circumstances where a patentee could show likelihood of success on the merits, but still not obtain a preliminary injunction (*e.g*., the balance of harms weighs against the patentee). In such situations, the Federal Circuit held that whether a post-filing willfulness claim could be sustained would depend on the facts, and the ability of the patentee to make a plausible showing of objective recklessness. *Id*.

Clouding's contention that the mere fact that a patentee is a non-practicing entity is sufficient to overcome the general rule against post-filing willfulness is based upon a misreading of *Seagate* as well as the precedent in this district. As discussed above, *Seagate* did explicitly address the situation where a patentee failed to obtain a preliminary injunction. In those situations, in order to prevail on a willful infringement claim, the patentee must allege specific post-filing acts, and more specifically must still make a plausible showing of objective recklessness. Clouding, however, failed to do this. *See also Softview*, 2012 WL 3061027 at *8 (holding that "*Seagate* implies that willful infringement allegations based only on post-filing conduct are in-

adequate" and dismissing willful infringement allegations where there were no plausible allegations of defendant's pre-suit knowledge of the patent, even though patentee was also a non-practicing entity).

Because Clouding has not plausibly pled willful infringement based on either Amazon's pre-suit or post-complaint conduct, the willful infringement claims in the Amended Complaint must be dismissed.

## II. CLOUDING HAS NOT PLED FACTS SUFFICIENT TO MAKE A PLAUSIBLE CLAIM FOR INDUCEMENT.

### A. Clouding Acknowledges that Its Amended Complaint Would Not Be Sufficient to Support Pre-Complaint Inducement Claims.

Clouding admits that it bases its inducement claims only on Amazon's conduct after the filing of the original complaint. However, contrary to Clouding's current claim that it has never pled claims of pre-suit inducement (D.I. 17, p. 11), the inducement claims in Clouding's Amended Complaint were not limited to claims arising after the filing of Clouding's original complaint. Instead, the Amended Complaint alleges that Amazon "*has induced* others and continues to induce others . . . to infringe," without any temporal limitation. (*See, e.g.*, D.I. 11, ¶ 22 (emphasis added).)

Indeed, the "Relevant Facts" section of Clouding's Opposition makes clear that Clouding's Amended Complaint broadly pled inducement without any temporal limitation. That section of the Opposition describes Clouding's inducement allegations as follows: "[Despite acquiring actual knowledge of the patents-at-issue since at least the filing of the original complaint,] Amazon has *continued* to induce infringement of the patents-at-issue . . . ." (D.I. 17, p. 5 (emphasis added).)

Given Clouding's present admission that it has alleged no pre-suit acts of Amazon as part of its inducement claims, Clouding has failed to plead sufficient facts to support its inducement allegations as broadly as they are pled, and its inducement claims should be dismissed in their entirety as requested in Amazon's motion to dismiss. At a minimum, Amazon's motion to dismiss should be granted with respect to any claim that Amazon induced infringement of any of the asserted patents prior to the filing of the original complaint.

### B. Clouding's Inducement Claims Remain Threadbare Recitals of the Elements of an Action, Which Are Insufficient to State a Claim.

As Amazon explained in its opening brief, Clouding fails to plead the requisite knowledge of and intent to induce infringement. Clouding argues in its Opposition that it has stated a claim for post-suit inducement because its Amended Complaint generally alleges that Amazon's customers directly infringe Clouding's patents, that Amazon has known that they infringe since the filing of the original Complaint, that Amazon actively encourage its customers to infringe despite knowledge of infringement by making, using, offering for sale, selling and/or importing certain products, and that Amazon intends its customers to infringe. (D.I. 17, p. 13.)

The allegations Clouding relies on are, for the most part, mere recitations of the elements of an inducement claim that must be disregarded in determining the sufficiency of Clouding's inducement claims. *See, e.g.*, *Monec Holding AG v. Motorola Mobility, Inc.*, 2012 WL 3201744, *2 (D. Del. Aug. 3, 2012) (explaining that following *Iqbal* the court must, in determining the sufficiency of the claim, first separate the

factual and legal elements of the claim, accepting the complaint's well-pleaded facts as true and disregarding the legal conclusions).

Once all of the legal elements of the claim are removed from Clouding's inducement allegations, Clouding's opposition to Amazon's motion to dismiss inducement claims boil down to a single argument: "A claim of induced infringement can be based on nothing more than 'the fact that [a] defendant received [a] letter accusing its products of infringement and continued to sell products containing [the] allegedly infringing component.'" (D.I. 17, pp. 13-14 (internal citation omitted).)

Clouding's argument overlooks the important second step of the analysis regarding the sufficiency of a pleading: a *context-specific* inquiry as to whether the facts alleged state a *plausible* claim. *See Monec*, at *2. In this case, the relevant inquiry is (1) whether Amazon's receipt of Clouding's original complaint can plausibly be equated with Amazon's knowledge that its customers directly infringed, and (2) whether the alleged "making, selling, offering for sale, and/or import[ing]" of certain products and/or services after receipt of Clouding's original complaint can, without more, plausibly be equated with an intent on Amazon's part to encourage its customers' alleged infringement. The answer to both of these questions is no.

### 1. Clouding Provides No Facts to Support Its Claim of Knowledge of Customer Infringement.

As in *Chalumeau*, Clouding's Amended Complaint fails to supply any well-pled *facts* that would convert whatever knowledge Amazon might have gleaned from Clouding's original complaint into a plausible allegation that Amazon knew that its customers were using its products in an infringing manner. *Chalumeau Power*

*Systems LLC v. Alcatel-Lucent et al.*, No. 1:11-cv-01175-RGA (D. Del. July 18, 2012). Clouding's inducement claims must fail.

Clouding attempts to distinguish *Chalumeau* by arguing that there "plaintiff failed to plead in its *amended complaint* that defendant had knowledge that the product it was selling was being used to infringe the plaintiff's patent." (D.I. 17, p. 12.) The plaintiff in *Chalumeau*, however, pled in its amended complaint that defendants "knowingly induc[ed] others . . . to use, offer for sale, and/or sell . . . devices using . . . Alcatel's OmniSwitch 6850 series of Power over Ethernet switches, *which Defendants know infringe one or more claims of the '885 patent*." (Ex. A, pp. 4-5 (emphasis added).) It further pled that "Defendants have had knowledge of their infringement of the '885 patent through the filing and service of Plaintiff's Original Complaint in this matter and have continued to infringe the '885 patent without making any effort to stop such infringement." (*Id*.)

Thus, as evident from the order itself, the *Chalumeau* court did not dismiss the inducement claim because the plaintiff failed to plead knowledge of infringing use in its amended complaint. Rather, the court dismissed the claim because, although service of the original complaint *might* make plausible the claim that defendant had the requisite knowledge for inducement, such a claim must be supported by more than conclusory allegations—there must be "factual accompaniment that would convert the post-suit knowledge into a *plausible* allegation of knowledge of the infringing use." *Chalumeau*, at *2 (emphasis added). Clouding, like the plaintiff in *Chalumeau*, utterly failed to provide such factual accompaniments to its conclusory allegations.

Clouding cites only one other case, *Aeritas*, which in turn cites *Walker Digital*, in support of its argument that an allegation of knowledge of the original complaint serves as an adequate allegation of knowledge of infringement for purposes of pleading inducement. (D.I. 17, p. 12.) *See Aeritas, LLC c. Alaska Air Group, Inc.*, No. 11-967-SLR, 2012 WL 4470386 (D. Del. September 28, 2012) (citing *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559 (D. Del. 2012)). The factual contexts of *Aeritas* and *Walker Digital*, however, are very different that the present case: The original complaint in *Walker Digital* already contained allegations regarding defendants' inducement of infringement that explained the factual basis for the claim in significantly greater detail than Clouding's original complaint. For instance, the original complaint in *Walker Digital* explained that that defendants provided instructions to their users and/or customers on how to use the accused apparatuses in a way that infringes the asserted patent (*e.g.*, to get a subsidy in connection with purchase via a cross-promotion). (Ex. B.)

In contrast, Clouding's original complaint contained neither direct infringement allegations against Amazon's customers nor indirect infringement allegations against Amazon. (D.I. 1.) Thus, in the specific context of this case, Amazon's knowledge of Clouding's original complaint cannot plausibly be equated with the knowledge of customer's infringement necessary to plead an inducement claim.

### 2. Clouding Fails to Plausibly Plead Intent to Induce Infringement

Even if Clouding has alleged the requisite knowledge of infringement to state a claim of inducement, Clouding's inducement claim still must fail because it does not

plead any facts that would plausibly allege the "intent" element of an inducement claim. For instance, there are no allegations in the Amended Complaint that Amazon instructs its customers to use its products or services in an infringing manner or that Amazon advertises an infringing feature.

Citing *Monec*, Clouding first claims that "[a] claim of induced infringement can be based on nothing more than 'the fact that [a] defendant received [a] letter accusing its products of infringement and continued to sell products containing [the] allegedly infringing component.'" (D.I. 17, pp. 13-14.) However, not only is *Monec* a case where the Court ultimately dismissed plaintiff's willfulness and inducement claims as insufficiently pled, but *Fujitsu*, the case that *Monec* cites to for the quoted proposition, is a case relating to contributory infringement, not inducement of infringement. *See Fujitsu Ltd. v. Netgear, Inc.*, 620 F.3d 1321, 1330 (Fed. Cir. 2010).

Clouding then cites numerous cases purportedly showing the sufficiency of its inducement claim. In each of the cases Clouding cites, however, the plaintiffs plead significantly more *facts* in support of the "intent" element of the inducement claim. In *Netgear*, for instance, the complaint alleged that the defendant sought a license from the patentee but, after the license expired, continued to sell the products covered by the license and remained involved in the "marketing" and distribution of these products. *Netgear, Inc. v. Ruckus Wireless, Inc.*, 852 F. Supp. 2d 470, 475-476 (D. Del. 2012). In *Gryce*, the alleged inducer, founded, owned, and operated the company alleged of direct infringement, knew of plaintiff's patent rights, and also participated in the marketing of the allegedly infringing products. *Gryce Engineering, Inc. v. JG Innovations, Inc.*, 691 F.Supp.2d 915, 927 (W.D. Wis. 2010). In *Weiland*, among other

things, the plaintiff pled that defendants "disseminated an online brochure advertising the allegedly infringing product and providing installation and use instruction." *Weiland Sliding Doors and Windows v. Panda Windows and Doors LLC*, No. 10CV677 JLS (MDD), 2012 WL 202664, at *5 (S.D. Cal. Jan. 23, 2012). Thus, none of these cases support Clouding's apparent claim that specific intent to induce can be inferred, without more, from the general allegation of "making, using, offering for sale, selling and/or importing [accused] products and/or services."

**CONCLUSION**

For the foregoing reasons, Amazon respectfully requests that the Court grant Amazon's motion to dismiss Clouding's claims against Amazon for willful infringement and indirect infringement in their entirety.


*Of Counsel*:

Daniel T. Shvodian
dshvodian@perkinscoie.com
James F. Valentine
jvalentine@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
(650) 838-4300

Matthew C. Bernstein
mbernstein@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-5700

Dated: October 18, 2012

*/s/ Lauren E. Maguire*

Steven J. Balick (#2114)
sbalick@ashby-geddes.com
Lauren E. Maguire (#4261)
lmaguire@ashby-geddes.com
Andrew C. Mayo (#5207)
amayo@ashby-geddes.com
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Counsel for Defendants AMAZON.COM, INC. and AMAZON WEB SERVICES LLC*