IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CLOUDING IP, LLC,

    Plaintiff,

    -vs.-

AMAZON.COM, INC. and
AMAZON WEB SERVICES, LLC,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

The Honorable
Leonard P. Stark

No.  12-cv-00641 (LPS)

**JURY TRIAL DEMANDED**

## OPENING BRIEF OF DEFENDANTS AMAZON.COM, INC. AND AMAZON WEB SERVICES, LLC IN SUPPORT OF THEIR MOTION TO STAY LITIGATION PENDING *INTER PARTES* REVIEW

*Of Counsel:*

Daniel T. Shvodian
dshvodian@perkinscoie.com
James F. Valentine
jvalentine@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
(650) 838-4300

Matthew C. Bernstein
mbernstein@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-5700

January 23, 2013

Steven J. Balick (#2114)
sbalick@ashby-geddes.com
Lauren E. Maguire (#4261)
lmaguire@ashby-geddes.com
Andrew C. Mayo (#5207)
amayo@ashby-geddes.com
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

Counsel for Defendants
AMAZON.COM, INC. and
AMAZON WEB SERVICES LLC

# TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDINGS --------------------------------------- 1

SUMMARY OF ARGUMENT-------------------------------------------------------------- 2

STATEMENT OF RELEVANT FACTS ------------------------------------------------- 3

LEGAL STANDARD-------------------------------------------------------------------------- 6

ARGUMENT ----------------------------------------------------------------------------------- 6

      I.     A STAY WILL SIMPLIFY ISSUES
           AND THE TRIAL OF THE CASE.------------------------------------------- 6

      II.    THE EARLY STAGE OF THIS
           LITIGATION FAVORS A STAY.------------------------------------------- 9

      III.   A STAY WILL NOT UNDULY PREJUDICE
           OR PRESENT A CLEAR TACTICAL
           DISADVANTAGE TO CLOUDING. ----------------------------------- 12

CONCLUSION ------------------------------------------------------------------------------- 16

# TABLE OF AUTHORITIES

*Cases*                                                                        *Page(s):*

*Abbott Diabetes Care, Inc. v DexCom, Inc.,*
   2006 WL 2375035 (D. Del. Aug. 16, 2006) ----------------------------------------9, 11, 14

*ASCII Corp. v. STD Entertainment USA, Inc.,*
   844 F. Supp. 1378 (N.D. Cal. 1994) ----------------------------------------------------- 10

*Automotive Techs. Int'l., Inc. v. American Honda Motor Co.,*
   2009 WL 2969566 (D. Del. Sept. 15, 2009) -------------------------------------------10, 14

*Bausch & Lomb v Alcon Laboratories,*
   914 F. Supp. 951 (W.D.N.Y. 1996) ----------------------------------------------------- 11

*Bloom Engineering Co., Inc. v. North American Mfg. Co., Inc.,*
   129 F.3d 1247 (Fed. Cir. 1997) ----------------------------------------------------------8

*Convergence Techs. (USA), LLC v. Microloops Corp.,*
   2012 WL 1232187 (N.D. Cal. April 12, 2012) --------------------------------------- 9, 11

*eBay Inc. v. MercExchange, L.L.C.,*
   547 U.S. 388 (2006) ---------------------------------------------------------------------- 14

*Enhanced Sec. Research, LLC v. Cisco Systems, Inc.,*
   2010 WL 2573925 (D. Del. June 25, 2010) ----------------------------------------- 10

*Ever Win Int'l Corp. v. Radioshack Corp.,*
   2012 WL 4801890 (D. Del. October 9, 2012) -------------------------------------10, 12

*Gioello Enterprises Ltd. v. Mattel, Inc.,*
   2001 WL 125340 (D. Del. January 29, 2001) -------------------------------------7, 15, 16

*Hewlett-Packard Co. v. Acuson Corp.,*
   1993 WL 149994 (N.D. Cal. May 5, 1993) ----------------------------------------------8

*IMX, Inc., v. Lendingtree, LLC,*
   469 F. Supp. 2d 203 (D. Del. 2007) ---------------------------------------------------- 14

*In re Translogic Tech., Inc.,*
   504 F.3d 1249 (Fed. Cir. 2007) ------------------------------------------------------- 15

*Laitram Corp. v. NEC Corp.,*
   163 F.3d 1342 (Fed. Cir. 1998) ------------------------------------------------------------8

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Lentek Int'l, Inc. v. Sharper Image Corp.*,
169 F. Supp. 2d 1360 (M.D. Fla. 2001) ------------------------------------------------- 11

*Mission Abstract Data L.L.C. v. Beasley Broadcast Group, Inc.*,
2011 WL 5523315 (D. Del. Nov. 14, 2011) ------------------------------------------- 13

*Pegasus Dev. Corp. v. Directv, Inc.*,
2003 WL 21105073 (D. Del. May 14, 2003) ---------------------------------------- 7, 11

*Research in Motion Ltd. v. Visto Corp.*,
545 F. Supp. 2d 1011 (N.D. Cal. 2008) --------------------------------------------10, 15

*Round Rock Research LLC v. Dole Food Co., Inc.*,
2012 WL 1185022 (D. Del., April 6, 2012) ------------------------------------- 6, 10

*Senorx, Inc. v. Hologic, Inc.*,
2013 WL 144255 (D. Del. Jan. 11, 2013)--------------------------------------------9

*St. Clair Intellectual Prop. v. Sony Corp.*,
2003 WL 25283239 (D. Del. Jan.30, 2003) ------------------------------------------6

*Sulzer Inc. v. Black Clawson Co.*,
1995 WL 363440 (S.D.N.Y. June 14, 1995)------------------------------------------ 14

*Tap Pharm. Prods., Inc. v Atrix Labs, Inc.*
70 U.S.P.Q. 2d 1319 (N.D. IL 2004) ----------------------------------------------- 10

*Translogic Tech., Inc. v. Hitachi, Ltd.*,
250 Fed. Appx. 988, 2007 WL 2973955 (Fed. Cir. 2007) ------------------------------ 15

*Wall Corp. v. Bonddesk Group, L.L.C.*,
2009 WL 528564 (D. Del. Feb. 24, 2009) ------------------------------------------- 15

*Statutes and Rules*

35 U.S.C. § 316(a)(11)-------------------------------------------------------------- 5, 13

35 U.S.C. § 318(c)-----------------------------------------------------------------8

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Miscellaneous:*

http://www.uspto.gov/patents/stats//IP_quarterly_report_June_30_2012.pdf. --------------6

## NATURE AND STAGE OF THE PROCEEDINGS

In December of 2012, Oracle filed requests for *inter partes* review of 10 of the 12 patents asserted in this litigation. The United States Patent and Trademark Office ("PTO") will decide whether to grant those requests within three months of their filing dates, and it will reach a final decision within one year (though the deadline can be extended to 18 months for good cause shown).

Meanwhile, this case is in its infancy. Clouding filed its complaint on May 22, 2012, alleging infringement of 11 patents.[1] (D.I. 1.) On August 20, 2012, Clouding amended its complaint to add one additional patent together with allegations of inducement and willful infringement. (D.I. 11.) In response, Amazon moved to dismiss the claims of inducement and willful infringement, and that motion is still pending. (D.I. 16.)

Despite the pendency of that motion, the parties were ordered to submit a proposed Scheduling Order, which the Court recently entered. Pursuant to that order, discovery is just beginning. Clouding has yet to serve its identification of accused products and functionalities, and the deadline for Amazon's service of core technical document is months away. Clouding's infringement contentions are not due for approximately six months, and Amazon's invalidity contentions are not due for approximately eight months. The Court's claim construction hearing is schedule for approximately 11 months from now, and while no trial date has been set, the trial will take place no sooner than the end of 2014.

---

[1] The original May 22 complaint was filed by STEC IP, LLC. On May 24, 2012, STEC IP, LLC changed its name to Clouding IP, LLC. (D.I. 4.)

If this case and the related cases proceed forward, the Court and parties will need to address 13 patents covering disparate technologies, including litigating claim construction and validity. In the meantime, the PTO will be addressing those same issues. Rather than having this litigation and the PTO's *inter partes* reviews proceed concurrently, resulting in a waste of judicial and party resources and risking potential inconsistent decisions, Amazon respectfully moves to stay this litigation pending resolution of the *inter partes* reviews filed by Oracle. The narrowing of the issues that will result from such a stay will be particularly valuable in a case of this complexity.

## SUMMARY OF ARGUMENT

1.    The three primary factors courts consider in determining whether to stay a patent litigation pending review of the patent by the PTO all favor a stay of this litigation. These factors include whether a stay will simplify issues, the stage of the litigation, and whether the party not moving for a stay would be unduly prejudiced if a stay were to issue.

2.    Staying the litigation undeniably will simplify the issues and trial for this case. Oracle has filed *inter partes* reviews for 10 out of the 12 patents asserted against Amazon. To the extent that the PTO invalidates a claim—which is highly probable given undisputed PTO statistics—that claim will be dismissed from the action. If the case is not stayed, an amendment of a claim during the *inter partes* review will require re-litigation of claim construction, infringement, and validity issues and will render all discovery into past damages worthless. Even if none of the existing claims are amended or invalidated during the *inter partes* review (which, again, is highly improbable), the Court will receive guidance from the PTO regarding claim

construction, and Amazon will agree not to assert the same prior art raised by Oracle in the *inter partes* review, thereby simplifying and focusing the issues for this case.

3.     This case is at a very early stage; so staying the case will not waste any significant time and/or resources already invested in this case.  No significant discovery has occurred to date.  No trial date has been set, and claim construction is almost a year away.

4.     A stay will not prejudice Clouding.  Clouding and Amazon are not competitors – Clouding is a patent assertion entity without operations other than litigating and, not surprisingly, does not seek an injunction.  To the extent that Clouding is entitled to any relief, it will be limited to monetary damages.  Thus, Clouding can be fully compensated for any damage it allegedly suffers through a monetary award after the stay is lifted and the litigation proceeds – if it in fact proceeds at all after the *inter partes* reviews.  Moreover, because the new *inter partes* review procedure is designed to be completed within a year to 18 months and will cause significantly less delay than the previous *inter partes* reexamination process, any alleged prejudice from the delay of the litigation will be minimal.

### STATEMENT OF RELEVANT FACTS

On May 22, 2012, Clouding filed its initial complaint against Amazon and asserted direct infringement of 11 patents.  (D.I. 1.)  About the same, Clouding sued five other defendants – Apple, Microsoft,[2] Google, Oracle, and Rackspace.[3]  On August

---

[2] The complaint against Microsoft was subsequently dismissed.

[3] In its First Amended Complaint in Civil Action No, 12-0675-LPS, Clouding accused Rackspace Hosting Inc., Rackspace US Inc., and Jungle Disk LLC (collectively "Rackspace") of infringement.

27, 2012, Clouding filed an additional complaint against Motorola Mobility.

On August 20, 2012, Clouding amended its complaint against Amazon to assert a twelfth patent and to allege indirect and willful infringement.  (D.I. 11.)  Clouding also amended its complaints against a number of the other defendants.

There is substantial overlap among these cases.  For instance, of the 12 patents asserted against Amazon and 11 asserted against Oracle, 10 are in common.  In fact, for purposes of pretrial, the Court has ordered Clouding's case against Amazon to be related to Clouding's cases against Oracle and the other defendants mentioned above.  The Court held a Rule 16 teleconference on January 3, 2013 for these related cases and issued a Scheduling Order on January 10, 2013.  (D.I. 28.)  To date no substantial discovery has occurred.

In the meantime, between December 8 and 21, 2012, Oracle filed petitions for *inter partes* review of all 11 Clouding patents asserted against it.  These 11 patents include 10 of the 12 patents asserted against Amazon, as shown in the chart below:

| Patent | Trial Number | IPR Filing Date |
|--------|--------------|-----------------|
| 6,738,799 | IPR2013-00073 | 12/8/2012 |
| 6,925,481 | IPR2013-00075 | 12/10/2012 |
| 7,254,621 | IPR2013-00088 | 12/17/2012 |
| 6,631,449 | IPR2013-00089 | 12/17/2012 |
| 5,495,607 | IPR2013-00090 | 12/18/2012 |
| 7,596,784 | IPR2013-00094 | 12/21/2012 |
| 5,944,839 | IPR2013-00095 | 12/21/2012 |

| Patent | Trial Number | IPR Filing Date |
|--------|--------------|-----------------|
| 6,918,014 | IPR2013-00098 | 12/21/2012 |
| 7,065,637 | IPR2013-00099 | 12/21/2012 |
| 5,825,891 | IPR2013-00100 | 12/21/2012 |

*Inter partes* review is a new procedure created by the Leahy-Smith America Invents Act ("AIA"), and that replaces the *inter partes* reexamination procedure. *Inter partes* review is conducted by the Patent Trial and Appeal Board ("PTAB") and may be instituted upon a showing that there is a "reasonable likelihood" that the petitioner would prevail with respect to at least one challenged patent claim. Once a review is instituted, the PTAB is required to issue a final written determination within a year or, if good cause for an extension of time to issue a decision is shown, within no later than 18 months from the institution of the review. 35 U.S.C. § 316(a)(11).

As discussed in detail in Oracle's motion to stay, *inter partes* review was provided for under the AIA to: (1) greatly reduce the time it takes for the PTO to review a patent's validity; (2) minimize duplicative efforts and increase coordination between the PTO and district courts; and (3) provide for limited discovery during the PTO review proceedings. (*See* C.A. No. 12-642-LPS, D.I. 33 at pp. 3-5.) Further, in implementing the AIA, Congress sought to reduce litigation costs, cure litigation abuses, provide an inexpensive substitute for district court litigation, and allow key issues to be addressed by experts in the field. (*Id.* at p. 4.)

In light of its requests for *inter partes* review, Oracle moved to stay Clouding's case against it on December 28, 2012, and oral argument on that motion is set for January 25, 2013.

-5-

## LEGAL STANDARD

Whether a stay should be issued pending *inter partes* review is within the discretion of the Court.  Courts typically considers three factors: (1) whether a stay will simplify the issues and trial of the case; (2) whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.  *See St. Clair Intellectual Prop. v. Sony Corp.*, 2003 WL 25283239, at *1 (D. Del. Jan.30, 2003).[4]  Here, all three factors weigh heavily in favor of a stay.

## ARGUMENT
### I.      A STAY WILL SIMPLIFY ISSUES AND THE TRIAL OF THE CASE.

Given that *inter partes* review is a fairly new PTO procedure, there are no statistics regarding the outcomes of such reviews.  The statistics regarding *inter partes* reexamination, however, provide an excellent benchmark.  According to PTO statistics, 42% of *inter partes* reexaminations result in the cancellation of all claims, another 47% result in claim changes, and only 11% end with all claims confirmed.[5]  These statistics demonstrate that it is highly probable that a stay would greatly simplify the issues in dispute in this case and would likewise simplify any potential trial.  *See, e.g., Round Rock Research LLC v. Dole Food Co., Inc.*, 2012 WL 1185022, at *1 (D. Del., April 6, 2012) ("As a general matter, with so many claims in play, the law of probabil-

---

[4] While *St. Clair* and some of the other cases cited herein concerned motions to stay in light of *inter partes* reexamination, the same analysis should apply to motions to stay in light of *inter partes* review.

[5] A copy of the *inter partes* reexamination statistics can be found at http://www.uspto.gov/patents/stats//IP_quarterly_report_June_30_2012.pdf.

ities makes it almost certain that some of the claims will be rejected or modified, and others of them, even if neither rejected nor modified, will garner additional prosecution history that may be relevant to claim construction.").

Most significant, the case will be simplified because the Court and the parties will not need to address any of the patents for which all of the claims are held invalid during the PTO review. If the PTO statistics hold true, the PTO review will render four of the patents invalid, which indisputably will simplify the case. The parties and Court will not have to address claim construction, validity, infringement, or damages for any of those patents. *Gioello Enterprises Ltd. v. Mattel, Inc.*, 2001 WL 125340, at *2 (D. Del. January 29, 2001) (explaining that "the grant of a stay will maximize the likelihood that neither the Court … nor the parties expend their assets addressing invalid claims.") (internal quotation marks and citation omitted). If the case proceeds without a stay, however, the Court and the parties will expend significant time and resources litigating those issues, all of which will be rendered moot. Given that this case is extremely complex and involves 12 patents and numerous, yet to be identified accused functionalities and products, the potential for such a significant reduction in the complexity of the case will make it much more manageable. *Pegasus Dev. Corp. v. Directv, Inc.*, 2003 WL 21105073, at *2 (D. Del. May 14, 2003) (finding there to be "particular merit in permitting an additional layer of review by the PTO before expending further judicial resources" given the complexity of the case).

Similarly, if the PTO statistics hold true, the *inter partes* review will result in another five patents for which all of the claims will either be found invalid or will be substantively amended. Once again, without a stay, time and resources expended re-

garding claims that are eventually held invalid by the PTO will be wasted. Additionally, much of the time and expense expended on claims that are substantively amended will also be wasted. That is because any new claim terms will likely require construction, and the parties will have to submit new infringement and invalidity contentions. Essentially, at the time any amended claims issue from the PTO, the Court and the parties will have to restart the litigation proceedings regarding those claims, thus resulting in a significant waste of judicial and party resources. *See Hewlett-Packard Co. v. Acuson Corp.*, 1993 WL 149994, at *4 (N.D. Cal. May 5, 1993) (stating that ordinarily courts should "not expend unnecessary judicial resources by attempting to resolve claims which may be amended, eliminated, or lucidly narrowed by the patent reexamination process and the expertise of its officers.") (citation omitted).

Moreover, because Amazon will receive absolute intervening rights for all claims that are substantively amended, Clouding will not be able to recover damages for any alleged past infringement. *See* 35 U.S.C. § 318(c); *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1998) (explaining that "[i]f substantive changes have been made to the original claims, the patentee is entitled to infringement damages only for the period following the issuance of the reexamination certificate") (citing *Bloom Engineering Co., Inc. v. North American Mfg. Co., Inc.*, 129 F.3d 1247, 1249-1250 (Fed. Cir. 1997)). Therefore, almost all damages discovery will also be rendered moot.

Even for any patent that survives the *inter partes* review without amendment (statistically likely to be no more than a single patent out of the 10 currently under review), a stay will still simplify the issues in dispute and potential trial in this case.

-8-

*Senorx, Inc. v. Hologic, Inc.*, 2013 WL 144255, at *4 (D. Del. Jan. 11, 2013) (stating that "even if certain (or all) of the claims are ultimately confirmed, the Court will likely benefit, *inter alia*, from the PTO's analysis of prior art that is later presented to the Court"); *Convergence Techs. (USA), LLC v. Microloops Corp.*, 2012 WL 1232187, at *3 (N.D. Cal. April 12, 2012) ("Even a confirmation by the PTO of all claims is assistive here, although such result is unlikely, since 'staying the case pending reexamination will allow the parties to complete the prosecution history, which will inform the parties' and the Court's constructions of the asserted claims' (citation omitted)."). That is because, even if the claims are not amended, Clouding may still narrow or alter the meaning of claim terms such that the Court and the parties would have to address claim construction for a second time if a stay is not entered.  Moreover, even though Amazon is not a party to the *inter partes* review, Amazon will agree that it will not assert in this litigation any anticipation argument based upon the same prior art identified in Oracle's requests for *inter partes* review or the obviousness combinations raised in Oracle's requests.  Thus, rather than the Court having to address this same prior art and defenses concurrently with the PTO, which could result in inconsistent outcomes, the Court will not have to address them at all following the PTO's final determination regarding the validity of the patents.

## II.     THE EARLY STAGE OF THIS LITIGATION FAVORS A STAY.

The stage of the case is relevant as to whether a court should grant a stay in favor of PTO review because staying a case early in the litigation process will maximize efficiency and promote judicial economy.  *See Abbott Diabetes Care, Inc. v DexCom, Inc.*, 2006 WL 2375035, at *6 (D. Del. Aug. 16, 2006).  That is why this Court fre-

quently stays matters in favor of PTO examination of a patent where, as here, the case is in its early stages. *See, e.g., Automotive Techs. Int'l., Inc. v. American Honda Motor Co.*, 2009 WL 2969566 (D. Del. Sept. 15, 2009) (granting stay motion filed after the start of discovery but before any depositions taken); *Enhanced Sec. Research, LLC v. Cisco Systems, Inc.*, 2010 WL 2573925, at *3 (D. Del. June 25, 2010) (finding stay to be warranted even though identification of fact witnesses and document production had been scheduled to be complete by the time of the decision, because no trial date has been set and interrogatories and depositions were scheduled to take place for several months); *Round Rock Research*, 2012 WL 1185022 at *1 (finding the case "pretty close to the classic case for granting a stay pending reexamination" in part because discovery has not yet started and there is no trial date); *Ever Win Int'l Corp. v. Radioshack Corp.*, 2012 WL 4801890, at *4-5 (D. Del. October 9, 2012) (finding the stage of the proceeding to weigh strongly in favor of a stay where "[n]o initial disclosures have been exchanged, no Scheduling Order has been entered, no discovery has occurred, claim construction has not been briefed, and neither a *Markman* hearing nor a trial date has been set").

Other courts are in accord. *See, e.g., Research in Motion Ltd. v. Visto Corp.*, 545 F. Supp. 2d 1011, 1012 (N.D. Cal. 2008) (granting stay pending reexamination where trial has been set but discovery is in its early stages); *Tap Pharm. Prods., Inc. v Atrix Labs, Inc.* 70 U.S.P.Q. 2d 1319, 1320 (N.D. IL 2004) (staying case where the parties have not engaged in any discovery and have not filed any other substantive motions); *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994) (staying case pending outcome of reexamination and/or reissuance

proceedings where parties are in initial stages of the lawsuit and have undertaken little or no discovery).

In fact, this Court and other courts have stayed cases that are much further along than this case, but prior to the close of discovery.  *See Pegasus Dev. Corp.*, 2003 WL 21105073, at *2 (staying case over two years post-complaint but before close of discovery); *Abbott Diabetes Care, Inc.,* 2006 WL 2375035, at *6  (staying case less then six months prior to close of fact discovery); *Bausch & Lomb v Alcon Laboratories*, 914 F. Supp. 951, 953 (W.D.N.Y. 1996) (staying trial for a period of time where fact, but not expert, discovery is complete and where trial is seven months away).  One of the rationales for staying cases that are in their early stages is that the patent legislation clearly favors the PTO review as a "mechanism for settling disputes quickly and less expensively and for providing the district courts with the expertise of the patent office." *Lentek Int'l, Inc. v. Sharper Image Corp.*, 169 F. Supp. 2d 1360, 1362 (M.D. Fla. 2001) (multiple citations omitted).

The evaluation of this factor does not turn upon the actual age of the case, but rather upon how far through the discovery and claim construction process the case has progressed.  For example, in *Convergence Technologies*, the court granted a stay even though the case had been pending for over two years.  *Convergence Techs.,* 2012 WL 1232187, at *4.  Instead of focusing on the age of the case, the court looked to the discovery and claim construction status.  Though discovery had been on-going, the court noted that discovery was not complete, the Court had not heard claim construction, and the trial date was not set. *Id.*

Here, the case is in its infancy.  The Court has just issued its Scheduling Order, and relatively few judicial resources have been expended on the litigation.  Discovery is just beginning.  In fact, no Protective Order has been entered yet in this case, and the parties are still discussing a stipulation with respect to the production of electronically stored information.  The parties will not make their initial disclosures for another month and a half.  The parties will not serve initial infringement and invalidity contentions until late June 2013 and early September 2013, respectively.  Close of discovery is currently set for February of 2014.  Similarly, the claim construction hearing is nearly a full year away, and claim construction proceedings will not even commence (through the parties' exchange of claim terms to construe) until September 2013.  And finally, no trial date has been set for this case.

### III.   A STAY WILL NOT UNDULY PREJUDICE OR PRESENT A CLEAR TACTICAL DISADVANTAGE TO CLOUDING.

Clouding will not be prejudiced or face a clear tactical disadvantage if the case is stayed.  In analyzing the factor of undue prejudice courts have looked at four issues: (1) the timing of the request for PTO review; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the relationship of the parties.  *Ever Win Int'l Corp.*, 2012 WL 4801890, at *5.  Each of these issues weighs in favor of the stay.

Although the requests for *inter partes* reviews were filed by Oracle, a defendant in a related case, rather than by Amazon, the requests were filed at an early stage of the cases, approximately four months after Clouding filed its amended complaint against Amazon.  Furthermore, Amazon filed the instant motion for stay within approximately a month of Oracle's filing of the requests for *inter partes* reviews, at a

time when little substantive activity has occurred in the case and prior to the Court's hearing on Oracle's own motion to stay.  Thus, it cannot be asserted that the motion to stay is impermissibly prompted by tactical considerations (such as where the requests and motion were prompted by a case event that harmed Amazon's litigation position). *Id*. at *5 (finding the two "timing" considerations to weigh in favor of a stay where defendant filed a request for reexamination less than six months after the filing of the complaint and moved to stay the litigation three weeks later).

The status of the *inter partes* review proceedings also favors issuance of a stay. Although the *inter partes* review proceedings are also at early stages, unlike in the case of *inter partes* reexaminations, *inter partes* review is subject to statutory time limits for completion.  Once a review is instituted, the PTAB is required to issue a final written determination within a year or, if good cause for an extension of time to issue a decision is shown, within no later than 18 months from the institution of the review.   35 U.S.C. § 316(a)(11).   This statutory guarantee of a rapid proceeding weighs in favor of a stay, particularly when the early stage of this and related litigations are taken into account.[6]

The relationship between Clouding and Amazon, or lack thereof, also favors staying the litigation pending the outcome of the *inter partes* review.  First, Clouding and Amazon are not direct competitors: Clouding is a non-practicing entity that does not itself manufacture, sell, or offer for sale any product covered by the patents-in-suit,

---

[6] In addition to the complaints that Clouding filed against Apple, Google, Amazon, Oracle, the Rackspace Defendants, and Motorola, in December 2012 Clouding also asserted two of the patents-in-suit in this case against an additional eight defendant groups.   The case numbers for the eight cases run from 1:12-cv-01639 to 1:12-cv-01646.  None of the defendants in those cases has even answered the complaints.

but rather concentrates on licensing its patent portfolio. *Mission Abstract Data L.L.C. v. Beasley Broadcast Group, Inc.*, 2011 WL 5523315, at *4 (D. Del. Nov. 14, 2011) (finding the fact that plaintiff is a non-practicing entity to favor a stay pending reexamination). Accordingly, Clouding will not lose sales or market share during the period of the stay as a result of Amazon's alleged use of the accused products.

Second, because Clouding "does not make or sell any product ... there is no issue of irreparable harm caused by continuation of a stay." *Automotive Techs.*, 2009 WL 2969566, at *27; *see eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391-93 (2006); *IMX, Inc., v. Lendingtree, LLC*, 469 F. Supp. 2d 203, 225 n.24 (D. Del. 2007) ("Plaintiff's licensing activities also suggest that plaintiff's injury would be compensable in damages."). That Clouding will not suffer irreparable harm is demonstrated by the fact that Clouding has not sought any preliminary relief in this litigation. Indeed, in its prayer for relief in the amended complaint, Clouding did not even ask for any injunctive relief and instead simply asked for monetary damages. (D.I. 11.) Monetary damages, if warranted at some point in the future, would make Clouding whole, and there is no viable rationale compelling adjudication of this case before the final resolution of the *inter partes* review of ten of the asserted patents. *See Sulzer Inc. v. Black Clawson Co.*, 1995 WL 363440, at *1 (S.D.N.Y. June 14, 1995) ("[T]he defendant will not be prejudiced by the stay and the stay will conserve the resources of the parties and promote the efficient resolution of this case."). Indeed, any narrowing of the issues due to the review will eliminate the needless waste of resources, benefiting Clouding as much as Amazon.

Moreover, the delay occasioned by the review process does not by itself constitute undue prejudice preventing grant of a stay. *Wall Corp. v. Bonddesk Group, L.L.C.*, 2009 WL 528564, at *2 (D. Del. Feb. 24, 2009) (citing *Research in Motion*, 545 F. Supp. 2d at 1012 (granting stay where delay was sole prejudice identified)).

While a stay would work no prejudice to Clouding, Amazon will be prejudiced by parallel proceedings. Allowing this case to proceed in conjunction with the PTO reviews would not only forgo efficiencies but would also create a substantial risk of multiple, inconsistent rulings or of this Court issuing advisory opinions. *See Abbott*, 2006 WL 2375035, at *6; *Gioello*, 2001 WL 125340, at *1 ("Not staying the proceedings runs the risk of inconsistent adjudications or issuance of advisory opinions.").

A Federal Circuit decision addressing this issue, *In re Translogic Tech., Inc.*, 504 F.3d 1249 (Fed. Cir. 2007), vividly illustrates the drastic inefficiencies and wasted efforts that can result from parallel district court litigation and PTO proceedings. In that case, the district court litigation and PTO reexamination had proceeded in parallel. The litigation resulted in a grant of summary judgment of infringement with respect to certain accused products, and a jury verdict of infringement and $86.5 million in damages. *Id*. at 1251. Meanwhile, the PTO had concluded that the asserted patent was obvious (and thus invalid) in view of the prior art. *Id*. Both proceedings were appealed to the Federal Circuit, which consolidated the appeals and affirmed the PTO's obviousness determination. *Id*. at 1251, 1262. The Federal Circuit then ordered the district court to vacate and dismiss the patent infringement judgment based on the affirmed PTO reexamination findings, only after the parties and the court had expended immense time and resources in litigation. *Translogic Tech., Inc. v. Hitachi, Ltd.*, 250

Fed. Appx. 988, 2007 WL 2973955 (Fed. Cir. 2007).  Staying this case will avoid such inefficient outcomes.

While the PTO must proceed with its administrative review of the patents, this Court has the discretion to stay this litigation.  Thus, only the Court can take steps to avoid that potential conflict.  *Gioello*, 2001 WL 125340, at *2 ("Since the PTO cannot stay the reexamination once a request has been granted, the court's issuance of a stay is the only way to avoid the potential for conflict.").

## CONCLUSION

All three of the factors that govern the Court's analysis of whether it should stay this case indicate that a stay is appropriate.  Therefore, for the foregoing reasons, Amazon respectfully requests that the Court grant Amazon's request to stay this case pending resolution of the PTO's *inter partes* reviews.

|  | /s/ *Andrew C. Mayo* |
|---|---|

Steven J. Balick (#2114)
sbalick@ashby-geddes.com
Lauren E. Maguire (#4261)
lmaguire@ashby-geddes.com
Andrew C. Mayo (#5207)
amayo@ashby-geddes.com
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

Counsel for Defendants
AMAZON.COM, INC. and
AMAZON WEB SERVICES LLC

*Of Counsel*:

Daniel T. Shvodian
dshvodian@perkinscoie.com
James F. Valentine
jvalentine@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
(650) 838-4300


Matthew C. Bernstein
mbernstein@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-5700


January 23, 2013

-17-