IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CLOUDING IP, LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 12-641-LPS |
| AMAZON.COM, INC., and<br>AMAZON WEB SERVICES, LLC, | : | |
| Defendants. | : | |
| CLOUDING IP, LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 12-642-LPS |
| ORACLE CORPORATION, | : | |
| Defendant. | : | |
| CLOUDING IP, LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 12-675-LPS |
| RACKSPACE HOSTING, INC.,<br>RACKSPACE US, INC., and<br>JUNGLE DISK, LLC, | : | |
| Defendants. | : | |

Richard D. Kirk, Esq., Stephen B. Brauerman, Esq., Vanessa R. Tiradentes, Esq., BAYARD, P.A.,Wilmington, DE.
Marc A. Fenster, Esq., Jaspal S. Hare, Esq., RUSS, AUGUST & KABAT, Los Angeles, CA.

    Attorneys for Plaintiff Clouding IP, LLC.

Steven J. Balick, Esq., Lauren E. Maguire, Esq., Andrew C. Mayo, Esq., ASHBY & GEDDES, Wilmington, DE.
Matthew C. Bernstein, Esq., Miguel Bombach, Esq., Tawen Chang, Esq., Di Zhang, Esq., Kai

Zhu, Esq., PERKINS COIE LLP, San Diego, CA.
Nancy Cheng, Esq., Dan Shvodian, Esq., James Valentine, Esq., PERKINS COIE LLP, Palo Alto, CA.

    Attorneys for Defendants Amazon.com, Inc. and Amazon Web Services, LLC.

Elizabeth R. He, Esq., Frederick L. Cottrell, II, Esq., RICHARDS LAYTON & FINGER, PA, Wilmington, DE.
Douglas Lumish, Esq., Gabriel S. Gross, Esq., Joseph B. Shear, Esq., Patricia Young, Esq., Rebecca Unruh, Esq., KASOWITZ BENSON TORRES & FRIEDMAN LLP, Redwood Shores, CA.
Robert Watkins, Esq., KASOWITZ BENSON TORRES & FRIEDMAN LLP, New York, NY.

    Attorneys for Defendant Oracle Corporation.

Kenneth L. Dorsney, Esq., Richard K. Herrmann, Esq., Mary B. Matterer, Esq., MORRIS JAMES LLP, Wilmington, DE.
Melanie G. Cowart, Esq., R. Laurence Macon, Esq., Kirt S. O'Neill, Esq., AKIN GUMP STRAUSS HAUER & FELD LLP, San Antonio, TX.

    Attorneys for Defendants Rackspace Hosting, Inc., Rackspace US, Inc., and Jungle Disk, LLC.

---

## **MEMORANDUM OPINION**

May 24, 2013
Wilmington, Delaware

[signature]

**STARK, U.S. District Judge:**

Presently before the Court are motions to dismiss filed in three related, coordinated cases. Defendants Amazon.com, Inc. and Amazon Web Services, LLC (collectively, "Amazon") have filed a motion to dismiss Plaintiff Clouding IP, LLC's ("Clouding") claims of induced infringement and willful infringement. (Civ. No. 12-641, D.I. 15) Defendant Oracle Corporation ("Oracle") has moved to dismiss Clouding's First Amended Complaint in its entirety, including claims of direct infringement, indirect infringement, and willful infringement. (Civ. No. 12-642, D.I. 18) In the alternative, Oracle seeks a more definite statement. (*Id.*) Defendants Rackspace Hosting, Inc., Rackspace US, Inc., and Jungle Disk, LLC (collectively, "Rackspace") have moved to dismiss Clouding's claims of induced infringement and willful infringement. (Civ. No. 12-675, D.I. 16) For the reasons below, the Court will grant the motions in part and deny them in part.

### I. BACKGROUND

Clouding filed separate patent infringement actions against Amazon and Oracle on May 22, 2012. (Civ. No. 12-641, D.I. 1; Civ. No. 12-642, D.I. 1) On May 29, 2012, Clouding filed a patent infringement action against Rackspace. (Civ. No. 12-675, D.I. 1) In August 2012, Clouding amended its Complaints against Amazon, Oracle, and Rackspace (collectively, "Defendants") to include claims of induced and willful infringement. (*See* Civ. No. 12-641, D.I. 11; Civ. No. 12-642, D.I. 16; Civ. No. 12-675, D.I. 13) Defendants filed their motions to dismiss in September 2012. (Civ. No. 12-641, D.I. 15; Civ. No. 12-642, D.I. 18; Civ. No. 12-675, D.I. 16) The Court heard oral argument on Oracle's motion on January 25, 2012. (D.I. 50) (hereinafter "Tr.")

1

## II. LEGAL STANDARDS

The sufficiency of pleadings for non-fraud cases is governed by Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." When presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim, courts conduct a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, courts separate the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. This first step requires courts to draw all reasonable inferences in favor of the non-moving party. *See Maio v. Aetna, Inc.*, 221 F.3d 472, 500 (3d Cir. 2000). However, the Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

Second, courts determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This is a context-specific determination, requiring the court "to draw on its judicial experience and common sense." *Id.* at 679. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a claim. *Wilkerson v. New Media*

*Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal quotation marks omitted). Finally, although a non-fraud claim need not be pled with particularity or specificity, that claim must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 555.

## III. DISCUSSION

All moving Defendants contend that Clouding has failed to state a claim for induced infringement and willful infringement. Defendant Oracle also contends that Clouding has failed to state a claim for direct infringement. As an alternative to dismissal, Defendant Oracle seeks a more definite statement. The Court addresses each of these issues below.

### A. Direct Infringement

Oracle contends that Clouding's direct infringement claims must be dismissed because Clouding's First Amended Complaint ("FAC") does not adequately identify the accused products. (Civ. No. 12-642, D.I. 19 at 1) To properly plead a claim of direct infringement, a complaint must at least comply with Form 18 of the Federal Rules of Civil Procedure. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007).[1] As it relates to accused products, Form 18 requires only identification of a general category of products, for example "electrical motors." Accordingly, complaints frequently survive a motion to dismiss

---

[1] Oracle does not dispute that, consistent with Form 18, Clouding has alleged jurisdiction, ownership of the patent, and notice of infringement, and that Clouding has made a demand for injunctive relief and damages. *See McZeal*, 501 F.3d at 1357.

3

when they accuse a general category of products. *See, e.g., Xpoint Techs. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 354 (D. Del. 2010) (finding identification of "general categories of accused products – processors, chipsets, and motherboards" – sufficient); *Applera Corp. v. Thermo Electron Corp.*, 2005 WL 524589, at *1 (D. Del. Feb. 25, 2005) (finding identification of accused product as "mass spectrometer" sufficient).

Clouding has provided a description of the accused Oracle products in each count of its FAC. (*See* D.I. 16) Clouding has also identified at least one accused product or product category for each count. (*See id.*) Contrary to Oracle's contention, Form 18 does not require Clouding to specify "what functionality infringed, or any facts that show how [Oracle] performs even one step of a claimed method." (D.I. 19 at 12) The Court finds that Clouding's direct infringement claims are sufficient to meet the requirements of Form 18.

Oracle further contends that compliance with Form 18 may not be sufficient to satisfy the pleading requirements for direct infringement. (D.I. 19 at 17-18) The Court disagrees. As the Federal Circuit recently reiterated in *K-Tech Telecomms., Inc. v. Time Warner Cable*, Inc., 2013 WL 1668960, at *1 (Fed. Cir. Apr. 18, 2013), "District courts must evaluate complaints alleging direct infringement by reference to Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure ('Form 18')." *See also In re Bill of Lading*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) ("[T]o the extent the parties argue that *Twombly* and its progeny conflict with the Forms and create differing pleadings requirements, the Forms control.").

### B. Induced Infringement

Clouding contends that all three Defendants induce infringement of the asserted patents. Pursuant to 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be

liable as an infringer." "To prove induced infringement, the patentee must show direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012) (internal quotation marks omitted). As such, a claim for inducement must allege the requisite knowledge and intent. *See Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009).

All moving Defendants contend that Clouding's inducement claims should be dismissed because they: (1) do not plead that Defendants had knowledge of the asserted patents prior to Clouding filing its complaint; and (2) fail to plead any specific intent to induce infringement.[2] (*See* Civ. No. 12-641, D.I. 16; Civ. No. 12-642, D.I. 19; Civ. No. 12-675, D.I. 17)

As to knowledge, Clouding explains that its inducement claim is limited to post-filing conduct, and that pre-filing knowledge is not required to state a claim for inducement. (*See* Civ. No. 12-641, D.I. 17 at 11-13; Civ. No. 12-642, D.I. 20 at 13-14; Civ. No. 12-675, D.I. 19 at 3) The Court agrees. *See, e.g., Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565 (D. Del. 2012) (finding that complaint provided sufficient notice of indirect infringement claim limited to post-filing conduct).

With respect to intent, a complaint must contain facts "plausibly showing that [the alleged indirect infringer] specifically intended [the direct infringers] to infringe [the patent-at-issue]." *In re Bill of Lading*, 681 F.3d at 1339. Clouding contends that the specific intent prong is

---

[2]Defendant Oracle also seeks dismissal of the inducement claim because Clouding has purportedly failed to adequately plead an underlying act of direct infringement. As already explained, the Court has determined that Clouding's allegation of direct infringement against Oracle is sufficient.

established by virtue of Defendants' continued infringement despite knowledge gleaned from the complaint. (*See* Civ. No. 12-641, D.I. 17 at 13-15; Civ. No. 12-642, D.I. 20 at 12-14; Civ. No. 12-675, D.I. 19 at 6) That argument only holds true, however, if the complaint contains sufficient facts to support an inference that Defendants specifically intended or encouraged others to directly infringe. No such facts are found in Clouding's FACs and, as a result, Clouding cannot rely on Defendants' continued infringement to support an induced infringement claim. *See DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("It must be established that the defendant possessed specific intent to encourage another's infringement and not merely that the defendant had knowledge of the acts alleged to constitute inducement."). Because Clouding has failed to plead facts from which the Court can infer intent, the induced infringement claims against each moving Defendant will be dismissed.

### C. Willful Infringement

In *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (en banc), the Federal Circuit stated:

> [A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct. By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement. A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct.

*Id.* at 1374 (internal citations omitted). Defendants move to dismiss Clouding's willful infringement claims because: (1) Clouding has failed to allege pre-filing knowledge of the asserted patents, as required by *Seagate*; and (2) Clouding has not sought a preliminary

6

injunction for any post-filing conduct. (*See* Civ. No. 12-641, D.I. 19 at 1-3; Civ. No. 12-642, D.I. 21 at 8-10; Civ. No. 12-675, D.I. 20 at 4-7)

With respect to Defendants' first argument, Clouding disagrees that it has failed to allege pre-filing knowledge of the asserted patents. (*See, e.g.*, Civ. No. 12-642, D.I. 20 at 18-20) This dispute centers on the meaning of the terms "pre-filing" and "post-filing," as used in *Seagate*. According to Clouding, the term "filing" in *Seagate* refers to the filing of the willful infringement claim, not the filing of the original complaint.[3] (*Id.* at 18) (citing *AstraZeneca AB v. Apotex Corp.*, 2010 WL 2541180, at *4 (S.D.N.Y. June 8, 2010) and *Birchwood Labs., Inc. v. Battenfeld Techs., Inc.*, 2012 U.S. Dist. LEXIS 80292, *59-60 (D. Minn. May 21, 2012)). Clouding filed its original complaints in May 2012. In August 2012, Clouding amended its complaints to add willful infringement claims. Clouding contends that the time between the filing of the original complaint and the filing of the amended complaint should be deemed "pre-filing" conduct under *Seagate*. According to Clouding, because Defendants did not cease their allegedly infringing activity following filing of the original complaints, their continued infringement – ***after*** the filing of the original complaint but ***before*** the filing of the amended complaint, containing for the first time an allegation of willful infringement – is willful.

Under the circumstances of this case, the Court agrees with Clouding. For purposes of pleading willful infringement, there appears to be little practical difference between a pre-complaint notice letter informing a defendant about a patentee's allegation of infringement and a subsequently-superceded original complaint formally alleging infringement. Such a pre-suit

---

[3] *Seagate* states that "a willfulness claim asserted ***in the original complaint*** must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *Seagate*, 497 F.3d at 1374 (emphasis added). Here, the willfulness claim was asserted for the first time in Clouding's FAC.

letter provides a basis for pleading knowledge in the context of a willful infringement claim. *See, e.g., Cloud Farm Assocs., L.P. v. Volkswagen Group of Am., Inc.*, 2012 WL 3069390 (D. Del. July 27, 2012) (finding notice letter sufficient to satisfy knowledge requirement for pleading willful infringement). It follows that the circumstances presented here – in which the original complaint serves much the same purpose (among other things) as a notice letter – is likewise sufficient to plead knowledge.

With respect to Clouding's failure to seek a preliminary injunction, Clouding points to the Supreme Court's holding in *eBay v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), which generally precludes non-practicing entities from obtaining such relief. As a non-practicing entity, Clouding contends that it should not be punished for refraining from filing a motion that would not have been warranted by existing law. (*See, e.g.*, Civ. No. 12-642, D.I. 20 at 15-16) (citing Fed. R. Civ. P. 11) The Court agrees. Moreover, there is "no *per se* requirement for a plaintiff to file for preliminary injunctive relief before raising a willful infringement claim." *St. Clair Intellectual Prop. Consultants v. Palm, Inc.*, 2009 U.S. Dist. LEXIS 49922, 4-5 (D. Del. June 10, 2009) (internal citations omitted). Additionally, Clouding's willful infringement claims are not "based *solely* on the infringer's post-filing conduct," as they are based, at least in part, on conduct predating the operative amended complaint. *Seagate*, 497 F.3d at 1373 (emphasis added).

For these reasons, the Court will deny Defendants' motions to dismiss Clouding's willful infringement claims.

8

### D. Motion For A More Definite Statement

As an alternative to dismissal, Oracle asks the Court to order Clouding to provide a more definite statement. (Civ. No. 12-642, D.I. 18) Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably be required to frame a responsive pleading." *See also Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967). The Court has determined that Clouding's direct infringement claims satisfy the pleading requirements of Form 18. Clouding's direct infringement claims are not "so vague and ambiguous" that Oracle cannot frame a responsive pleading. Accordingly, the Court will deny Oracle's motion for a more definite statement.

## IV. CONCLUSION

For the reasons stated above, the Court will grant-in-part and deny-in-part Defendants' motions. Orders consistent with this Memorandum Opinion will be entered in each of the cases addressed herein.[4]

---

[4] The Court will permit Clouding to file another amended complaint with respect to the dismissed induced infringement claims. Amendment should be allowed "when justice so requires." Fed. R. Civ. P. 15(a)(2). It is within the discretion of the Court to grant leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).