## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CLOUDING IP, LLC,

                Plaintiff,

        v.

AMAZON.COM, INC. AND
AMAZON WEB SERVICES, LLC,

                Defendants.

C.A. No. 12-641-LPS

**JURY TRIAL DEMANDED**

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* in which Plaintiff Clouding IP, LLC ("Clouding") makes the following allegations against Defendants Amazon.com, Inc. and Amazon Web Services, LLC (collectively, "Amazon"):

## PARTIES

1.      Plaintiff Clouding IP, LLC is a Delaware limited liability company having a principal place of business at 2 Terrace Way, Suite C, Greensboro, North Carolina 27403.

2.      Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.  Amazon.com, Inc. may be served via its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

3.      Defendant Amazon Web Services, LLC is a Delaware limited liability company with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.  Amazon Web Services, LLC may be served via its registered agent, Corporation Service

Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  Defendant Amazon

Web Services, LLC is a wholly owned subsidiary of Defendant Amazon.com, Inc.

### JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35 of the

United States Code.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C.

§§ 1331 and 1338(a).

5.      Amazon is subject to this Court's specific and general personal jurisdiction

pursuant to due process and/or the Delaware Long Arm Statute, due to having availed itself of

the rights and benefits of Delaware by incorporating under Delaware law and due to its

substantial business in this forum, including: (i) at least a portion of the infringements alleged

herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of

conduct, and/or deriving substantial revenue from goods and services provided to individuals in

Delaware and in this Judicial District.

6.      Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and

1400(b).  Amazon is incorporated in this district, and on information and belief, Amazon has

transacted business in this district and has committed and/or induced acts of patent infringement

in this district.

### COUNT I
### INFRINGEMENT OF U.S. PATENT NO. 7,596,784

7.      Plaintiff Clouding realleges and incorporates by reference paragraphs 1-6

above, as if fully set forth herein.

8.      Plaintiff Clouding is the owner by assignment of United States Patent

No. 7,596,784 ("the '784 patent") titled "Method System and Apparatus for Providing Pay-Per-

Use Distributed Computing Resources."  The '784 patent was duly and legally issued by the

United States Patent and Trademark Office on September 29, 2009. Clouding is the owner by assignment from Symantec Corporation of the '784 patent. A true and correct copy of the '784 patent is included as Exhibit A.

9.      Amazon makes, uses, sells, and offers for sale in the United States products and/or services for cloud computing. On information and belief, at least some of Amazon's cloud computing products and/or services provide or support pay-per-use cloud computing.

10.      On information and belief, Amazon has directly infringed and continues to infringe the '784 patent by, among other things, making, using, offering for sale, and/or selling pay-per-use cloud computing products and/or services patented under the '784 patent. Such pay-per-use cloud computing products and/or services include, by way of example and without limitation, use of Amazon's Elastic Compute Cloud, which is covered by one or more claims of the '784 patent, including but not limited to claim 1. By making, using, offering for sale, and/or selling pay-per-use cloud computing products and/or services patented under the '784 patent, Amazon has injured Clouding and is liable to Clouding for direct infringement of the '784 patent pursuant to 35 U.S.C. § 271(a).

11.      Amazon has had actual knowledge of the '784 patent since at least the filing of the original complaint in this action.

12.      On information and belief, Amazon has and continues to indirectly infringe one or more claims of the '784 patent by inducing others (e.g., its customers and end-users) to infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

13.      On information and belief, Amazon has induced others and continues to induce others, including but not limited to Amazon's customers and end-users, to infringe the '784

3

patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, making, offering for sale, and/or selling products and/or services that when used as intended infringe the '784 patent.  Such products and/or services include, by way of example and without limitation, Amazon's Elastic Compute Cloud, the use of which is covered by one or more claims of the '784 patent, including but not limited to claim 19.  Amazon's customers and end-users who use such products and/or services directly infringe the claims of the '784 patent.  Since at least the filing of the original complaint in this action, Amazon has had actual knowledge of the '784 patent and has known that the use of such products and/or services by its customers and end-users constituted direct infringement of the '784 patent.  Despite Amazon's actual knowledge of the '784 patent and the knowledge that its customers and end-users infringed, Amazon continued to, and still continues to, actively encourage, assist, induce, aid, and abet its customers and end-users to directly infringe by using Amazon's pay-per-use cloud computing products and/or services that are covered by one or more claims of the '784 patent.

14.     In particular, Amazon's customers' and end-users' use of Amazon's pay-per-use cloud computing products and services is facilitated by the use of pay-per-use systems and methods patented under the '784 patent.  Thus, Amazon's customers and end-users are billed or charged on a pay-per-use basis when using such pay-per-use cloud computing products and services.

15.     On information and belief, in order to generate profits and revenues, Amazon markets and promotes, e.g., through its website and sales personnel, the use of its pay-per-use products and services that infringe the '784 patent when used as intended by Amazon's

customers and end-users.  Amazon further sells (or licenses the use of) such products and/services to customers and end-users.  Amazon's customers and end-users use such products and services (including, e.g., Amazon's software and hardware).  Amazon further instructs its customers and end-users how to use such products and services in a manner that infringes the '784 patent (e.g., through technical documentation, manuals, instructions, and technical support).  Amazon further instructs its customers and end-user to infringe the '784 patent through the products and services themselves, e.g., through on-screen instructions, intuitive user interfaces, and command prompts.  Amazon still further makes such products and services accessible to its customers and end-users via the Internet, thus enabling and encouraging its customers and end-users to use such products and services, including supporting hardware and software systems, to infringe the '784 patent.

16.    On information and belief, even though Amazon has been aware of the '784 patent and that its customers and end-users infringe the '784 patent for over a year, to date Amazon has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products and services to avoid infringing the '784 patent, nor has Amazon informed its customers or end-users how to avoid infringing the '784 patent.  To date, Amazon has not identified, in response to Clouding's interrogatories, a single action that it has taken to avoid infringement (e.g., by designing around or notifying its customers or end-users how to avoid infringement) by itself or its customers or end-users since it became aware of the '784 patent.  On information and belief, Amazon itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers and end-users, do not constitute direct or indirect infringement of the '784 patent.  To date, Amazon has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation

relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '784 patent in response to Clouding's requests for production of documents and things.  Nor has Amazon to date identified any legal or factual basis for any of affirmative defense or counterclaim (e.g., noninfringement or invalidity) relating to any claim of the '784 patent in response to Clouding's interrogatories.

17.     As such, on information and belief, despite the information Amazon gleaned from the original complaint in this action, Amazon continues to specifically intend for and encourage its customers and end-users to use its products and/or services in a manner that infringe the claims of the '784 patent.  In addition, since at least the filing of the original complaint in this action, Amazon has deliberately avoided taking any actions (e.g., obtaining opinion of counsel, designing around, or providing notice to its customer) to avoid confirming that its actions continue to specifically encourage its customers and end-users to use its products and/or service in a manner that infringe the claims of the '784 patent.

18.     Amazon's actions of, *inter alia*, making, importing, using, offering for sale, and/or selling such products and/or services constitute an objectively high likelihood of infringement of the '784 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Amazon is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '784 patent and that the '784 patent is valid.  Despite Amazon's knowledge of that risk, on information and belief, Amazon has not made any changes to the relevant operation of its products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement the '784 patent.  Instead, Amazon has continued to, and still is continuing to, among other things, make, use, offer for sale, and/or sell

products and/or services patented under the '784 patent.  As such, Amazon willfully, wantonly and deliberately infringed and is infringing the '784 patent in disregard of Clouding's rights.

19.     As a result of Amazon's infringement of the '784 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Amazon's infringement, but in no event less than a reasonable royalty for the use made of the invention by Amazon, together with interest and costs as fixed by the Court.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 7,065,637**

20.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-19 above, as if fully set forth herein.

21.     Plaintiff Clouding is the owner by assignment of United States Patent No. 7,065,637 ("the '637 patent") titled "System for Configuration of Dynamic Computing Environments Using a Visual Interface."  The '637 patent was duly and legally issued by the United States Patent and Trademark Office on June 20, 2006.  Clouding is the owner by assignment from Symantec Corporation of the '637 patent.  A true and correct copy of the '637 patent is included as Exhibit B.

22.     Amazon makes, uses, sells, and offers for sale in the United States products and/or services for cloud computing.  On information and belief, at least some of Amazon's cloud computing products and/or services provide or support use of a visual interface to configure cloud computing resources.

23.     On information and belief, Amazon has directly infringed and continues to infringe the '637 patent by, among other things, making, using, offering for sale, and/or selling cloud computing products and/or services covered by one or more claims of the '637 patent.  Such cloud computing products and/or services include, by way of example and without

7

limitation, cloud computing products and/or services configurable through Amazon Elastic Compute Cloud, which are covered by one or more claims of the '637 patent, including but not limited to claim 1. By making, using, offering for sale, and/or selling such products and services covered by one or more claims of the '637 patent, Amazon has injured Clouding and is liable to Clouding for direct infringement of the '637 patent pursuant to 35 U.S.C. § 271(a).

24.     Amazon has had actual knowledge of the '637 patent since at least the filing of the original complaint in this action.

25.     On information and belief, Amazon has and continues to indirectly infringe one or more claims of the '637 patent by inducing others (e.g., its customers and end-users) to infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

26.     On information and belief, Amazon has induced others and continues to induce others, including but not limited to Amazon's customers and end-users, to infringe the '637 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, making, offering for sale, and/or selling products and/or services that when used as intended infringe the '637 patent. Such products and/or services include, by way of example and without limitation, Amazon's Elastic Compute Cloud, the use of which is covered by one or more claims of the '637 patent, including but not limited to claim 1. Amazon's customers and end-users who use such products and/or services directly infringe the claims of the '637 patent. Since at least the filing of the original complaint in this action, Amazon has had actual knowledge of the '637 patent and has known that the use of such products and/or services by its customers and end-users constituted direct infringement of the '637 patent. Despite

8

Amazon's actual knowledge of the '637 patent and the knowledge that its customers and end-users infringed, Amazon continued to, and still continues to, actively encourage, assist, induce, aid, and abet its customers and end-users to directly infringe by using Amazon's visual interface tools to configure cloud computing products and services that are covered by one or more claims of the '637 patent.

27.     On information and belief, in order to generate profits and revenues, Amazon markets and promotes, e.g., through its website and sales personnel, the use of its visual construction tools to configure its cloud computing products and services that infringe the '637 patent when used as intended by Amazon's customers and end-users.  Amazon further sells (or licenses the use of) such products and/services to customers and end-users.  Amazon's customers and end-users use such products and services (including, e.g., Amazon's software and hardware).  Amazon further instructs its customers and end-users how to use such products and services in a manner that infringes the '637 patent (e.g., through technical documentation, manuals, instructions, and technical support).  Amazon further instructs its customers and end-user to infringe the '637 patent through the products and services themselves, e.g., through on-screen instructions, intuitive user interfaces, and command prompts.  Amazon still further makes such visual construction tools accessible to its customers and end-users via the Internet, thus enabling and encouraging its customers and end-users to use such visual construction tools, including supporting hardware and software systems, to infringe the '637 patent.

28.     On information and belief, even though Amazon has been aware of the '637 patent and that its customers and end-users infringe the '637 patent for over a year, to date Amazon has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products and services to avoid infringing the '637 patent, nor has

Amazon informed its customers or end-users how to avoid infringing the '637 patent.  To date,

Amazon has not identified, in response to Clouding's interrogatories, a single action that it has

taken to avoid infringement (e.g., by designing around or notifying its customers or end-users

how to avoid infringement) by itself or its customers or end-users since it became aware of the

'637 patent.  On information and belief, Amazon itself is unaware of any legal or factual basis

that its actions solely, or in combination with the actions of its customers and end-users, do not

constitute direct or indirect infringement of the '637 patent.  To date, Amazon has not produced

any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation

relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the

infringement or potential infringement of any claim of the '637 patent in response to Clouding's

requests for production of documents and things.  Nor has Amazon to date identified any legal or

factual basis for any of affirmative defense or counterclaim (e.g., noninfringement or invalidity)

relating to any claim of the '637 patent in response to Clouding's interrogatories.

29.     As such, on information and belief, despite the information Amazon gleaned from

the original complaint in this action, Amazon continues to specifically intend for and encourage

its customers and end-users to use its products and/or services in a manner that infringe the

claims of the '637 patent.  In addition, since at least the filing of the original complaint in this

action, Amazon has deliberately avoided taking any actions (e.g., obtaining opinion of counsel,

designing around, or providing notice to its customer) to avoid confirming that its actions

continue to specifically encourage its customers and end-users to use its products and/or service

in a manner that infringe the claims of the '637 patent.

30.     Amazon's actions of, *inter alia*, making, importing, using, offering for sale,

and/or selling such products and/or services constitute an objectively high likelihood of

infringement of the '637 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Amazon is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '637 patent and that the '637 patent is valid.   Despite Amazon's knowledge of that risk, on information and belief, Amazon has not made any changes to the relevant operation of such products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement the '637 patent.  Instead, Amazon has continued to, and still is continuing to, among other things, make, use, offer for sale, and/or sell such products and/or services patented under the '637 patent.  As such, Amazon willfully, wantonly and deliberately infringed and is infringing the '637 patent in disregard of Clouding's rights.

31.     As a result of Amazon's infringement of the '637 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Amazon's infringement, but in no event less than a reasonable royalty for the use made of the invention by Amazon, together with interest and costs as fixed by the Court.

**COUNT III**
**INFRINGEMENT OF U.S. PATENT NO. 6,738,799**

32.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-31 above, as if fully set forth herein.

33.     Plaintiff Clouding is the owner by assignment of United States Patent No. 6,738,799 ("the '799 patent") titled "Methods and Apparatuses for File Synchronization and Updating Using a Signature List."  The '799 patent was duly and legally issued by the United States Patent and Trademark Office on May 18, 2004.  Clouding is the owner by assignment

from Symantec Corporation of the '799 patent.  A true and correct copy of the '799 patent is included as Exhibit C.

34.     Amazon makes, uses, sells, offers for sale, and/or imports into the United States products and/or services that provide or support synchronization of files.  On information and belief, at least some of such products and/or services perform synchronization of files between networked computers by providing updates.

35.     On information and belief, Amazon has directly infringed and continues to infringe the '799 patent by, among other things, making, using, offering for sale, selling and/or importing products and/or services into the United States that are covered by one or more claims of the '799 patent.  Such products and/or services include, by way of example and without limitation, Amazon's Whispersync, the use of which is covered by one or more claims of the '799 patent, including but not limited to claim 37.  By making, using, offering for sale, selling and/or importing into the United States such products and/or service that are covered by one or more claims of the '799 patent, Amazon has injured Clouding and is liable to Clouding for direct infringement of the '799 patent pursuant to 35 U.S.C. § 271(a).

36.     Amazon has had actual knowledge of the '799 patent since at least the filing of the original complaint in this action.

37.     On information and belief, Amazon has and continues to indirectly infringe one or more claims of the '799 patent by inducing others (e.g., its customers and end-users) to infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

38.     On information and belief, Amazon has induced others and continues to induce others, including but not limited to Amazon's customers and end-users, to infringe the '799

patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, making, offering for sale, and/or selling products and/or services that when used as intended infringe the '799 patent.  Such products and/or services include, by way of example and without limitation, Amazon's WhisperSync, the use of which is covered by one or more claims of the '799 patent, including but not limited to claim 42.  Amazon's customers and end-users who use such products and/or services directly infringe the claims of the '799 patent. Since at least the filing of the original complaint in this action, Amazon has had actual knowledge of the '799 patent and has known that the use of such products and/or services by its customers and end-users constituted direct infringement of the '799 patent.  Despite Amazon's actual knowledge of the '799 patent and the knowledge that its customers and end-users infringed, Amazon continued to, and still continues to, actively encourage, assist, induce, aid, and abet its customers and end-users to directly infringe by using Amazon's file-synchronization products and services that are covered by one or more claims of the '799 patent.

39.     On information and belief, in order to generate profits and revenues, Amazon markets and promotes, e.g., through its website and sales personnel, the use of its file-synchronization products and services that infringe the '799 patent when used as intended by Amazon's customers and end-users.  Amazon further sells (or licenses the use of) such products and/services to customers and end-users.  Amazon's customers and end-users use such products and services (including, e.g., Amazon's software and hardware).  Amazon further instructs its customers and end-users how to use such products and services in a manner that infringes the '799 patent (e.g., through technical documentation, manuals, instructions, and technical support). Amazon further instructs its customers and end-user to infringe the '799 patent through the

products and services themselves, e.g., through on-screen instructions, intuitive user interfaces, and command prompts.

40.     On information and belief, even though Amazon has been aware of the '799 patent and that its customers and end-users infringe the '799 patent for over a year, to date Amazon has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products and services to avoid infringing the '799 patent, nor has Amazon informed its customers or end-users how to avoid infringing the '799 patent.  To date, Amazon has not identified, in response to Clouding's interrogatories, a single action that it has taken to avoid infringement (e.g., by designing around or notifying its customers or end-users how to avoid infringement) by itself or its customers or end-users since it became aware of the '799 patent.  On information and belief, Amazon itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers and end-users, do not constitute direct or indirect infringement of the '799 patent.  To date, Amazon has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '799 patent in response to Clouding's requests for production of documents and things.  Nor has Amazon to date identified any legal or factual basis for any of affirmative defense or counterclaim (e.g., noninfringement or invalidity) relating to any claim of the '799 patent in response to Clouding's interrogatories.

41.     As such, on information and belief, despite the information Amazon gleaned from the original complaint in this action, Amazon continues to specifically intend for and encourage its customers and end-users to use its products and/or services in a manner that infringe the claims of the '799 patent.  In addition, since at least the filing of the original

14

complaint in this action, Amazon has deliberately avoided taking any actions (e.g., obtaining opinion of counsel, designing around, or providing notice to its customer) to avoid confirming that its actions continue to <u>specifically encourage</u> its customers and end-users to use its products and/or service in a manner that infringe the claims of the '799 patent.

42.     Amazon's actions of, *inter alia*, making, importing, using, offering for sale, and/or selling such products and/or services constitute an objectively high likelihood of infringement of the '799 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Amazon is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '799 patent and that the '799 patent is valid.   Despite Amazon's knowledge of that risk, on information and belief, Amazon has not made any changes to the relevant operation of its products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement the '799 patent.  Instead, Amazon has continued to, and still is continuing to, among other things, make, use, offer for sale, and/or sell products and/or services patented under the '799 patent.  As such, Amazon willfully, wantonly and deliberately infringed and is infringing the '799 patent in disregard of Clouding's rights.

43.     As a result of Amazon's infringement of the '799 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Amazon's infringement, but in no event less than a reasonable royalty for the use made of the invention by Amazon, together with interest and costs as fixed by the Court.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 5,944,839

44. Plaintiff Clouding realleges and incorporates by reference paragraphs 1-43 above, as if fully set forth herein.

45. Plaintiff Clouding is the owner by assignment of United States Patent No. 5,944,839 ("the '839 patent") titled "System and Method for Automatically Maintaining A Computer System." The '839 patent was duly and legally issued by the United States Patent and Trademark Office on August 31, 1999. Clouding is the owner by assignment from Symantec Corporation of the '839 patent. A true and correct copy of the '839 patent is included as Exhibit D.

46. Amazon makes, uses, sells, offers for sale, and/or imports in the United States products and/or services for cloud computing. On information and belief, at least some of Amazon's products and/or services that provide or support performing health checks and elastic load balancing.

47. On information and belief, Amazon has directly infringed and continues to infringe the '839 patent by, among other things, making, importing, using, offering for sale, and/or selling products and/or services covered by one or more claims of the '839 patent. Such products and/or services include, by way of example and without limitation, Amazon Electronic Cloud Compute, the use of which is covered by one or more claims of the '839 patent, including but not limited to claim 6. By making, using, offering for sale, and/or selling such products and/or services covered by one or more claims of the '839 patent, Amazon has injured Clouding and is liable to Clouding for direct infringement of the '839 patent pursuant to 35 U.S.C. § 271(a).

48.    Amazon has had actual knowledge of the '839 patent since at least the filing of the original complaint in this action.

49.    On information and belief, Amazon has and continues to indirectly infringe one or more claims of the '839 patent by inducing others (e.g., its customers and end-users) to infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

50.    On information and belief, Amazon has induced others and continues to induce others, including but not limited to Amazon's customers and end-users, to infringe the '839 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, making, offering for sale, and/or selling products and/or services that when used as intended infringe the '839 patent.  Such products and/or services include, by way of example and without limitation, use of Amazon's Elastic Compute Cloud including CloudWatch and Elastic Load Balancing, which is covered by one or more claims of the '839 patent, including but not limited to claim 15.  Amazon's customers and end-users who use such products and/or services directly infringe the claims of the '839 patent.  Since at least the filing of the original complaint in this action, Amazon has had actual knowledge of the '839 patent and has known that the use of such products and/or services by its customers and end-users constituted direct infringement of the '839 patent.  Despite Amazon's actual knowledge of the '839 patent and the knowledge that its customers and end-users infringed, Amazon continued to, and still continues to, actively encourage, assist, induce, aid, and abet its customers and end-users to directly infringe by using Amazon's self-diagnostics products and services that are covered by one or more claims of the '839 patent.

51.     On information and belief, in order to generate profits and revenues, Amazon markets and promotes, e.g., through its website and sales personnel, the use of its self-diagnostics products and services that infringe the '839 patent when used as intended by Amazon's customers and end-users.  Amazon further sells (or licenses the use of) such products and/services to customers and end-users.  Amazon's customers and end-users use such products and services (including, e.g., Amazon's software and hardware).  Amazon further instructs its customers and end-users how to use such products and services in a manner that infringes the '839 patent (e.g., through technical documentation, manuals, instructions, and technical support). Amazon further instructs its customers and end-user to infringe the '839 patent through the products and services themselves, e.g., through on-screen instructions, intuitive user interfaces, and command prompts.  Amazon still further makes such self-diagnostics products and services accessible to its customers and end-users via the Internet, thus enabling and encouraging its customers and end-users to use such self-diagnostics products and services, including supporting hardware and software systems, to infringe the '637 patent.

52.     On information and belief, even though Amazon has been aware of the '839 patent and that its customers and end-users infringe the '839 patent for over a year, to date Amazon has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products and services to avoid infringing the '839 patent, nor has Amazon informed its customers or end-users how to avoid infringing the '839 patent.  To date, Amazon has not identified, in response to Clouding's interrogatories, a single action that it has taken to avoid infringement (e.g., by designing around or notifying its customers or end-users how to avoid infringement) by itself or its customers or end-users since it became aware of the '839 patent.  On information and belief, Amazon itself is unaware of any legal or factual basis

that its actions solely, or in combination with the actions of its customers and end-users, do not constitute direct or indirect infringement of the '839 patent.  To date, Amazon has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '839 patent in response to Clouding's requests for production of documents and things.  Nor has Amazon to date identified any legal or factual basis for any of affirmative defense or counterclaim (e.g., noninfringement or invalidity) relating to any claim of the '839 patent in response to Clouding's interrogatories.

53.     As such, on information and belief, despite the information Amazon gleaned from the original complaint in this action, Amazon <u>continues to specifically intend for and encourage</u> its customers and end-users to use its products and/or services in a manner that infringe the claims of the '839 patent.  In addition, since at least the filing of the original complaint in this action, Amazon has deliberately avoided taking any actions (e.g., obtaining opinion of counsel, designing around, or providing notice to its customer) to avoid confirming that its actions continue to <u>specifically encourage</u> its customers and end-users to use its products and/or service in a manner that infringe the claims of the '839 patent.

54.     Amazon's actions of, *inter alia*, making, importing, using, offering for sale, and/or selling such products and/or services constitute an objectively high likelihood of infringement of the '839 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Amazon is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '839 patent and that the '839 patent is valid.  Despite Amazon's knowledge of that risk, on information and belief, Amazon has not made any changes

to the relevant operation of its products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement the '839 patent. Instead, Amazon has continued to, and still is continuing to, among other things, make, use, offer for sale, and/or sell products and/or services patented under the '839 patent. As such, Amazon willfully, wantonly and deliberately infringed and is infringing the '839 patent in disregard of Clouding's rights.

55.      As a result of Amazon's infringement of the '839 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Amazon's infringement, but in no event less than a reasonable royalty for the use made of the invention by Amazon, together with interest and costs as fixed by the Court.

**COUNT V**
**INFRINGEMENT OF U.S. PATENT NO. 5,825,891**

56.      Plaintiff Clouding realleges and incorporates by reference paragraphs 1-55 above, as if fully set forth herein.

57.      Plaintiff Clouding is the owner by assignment of United States Patent No. 5,825,891 ("the '891 patent") titled "Key Management for Network Communication." The '891 patent was duly and legally issued by the United States Patent and Trademark Office on October 20, 1998. Clouding is the owner by assignment from Symantec Corporation of the '891 patent. A true and correct copy of the '891 patent is included as Exhibit E.

58.      Amazon makes, uses, sells and/or offers for sale in the United States products and/or services that provide for or support establishing virtual private network ("VPN") tunnels.

59.      On information and belief, Amazon has directly infringed and continues to infringe the '891 patent by, among other things, using methods covered by one or more claims of the '891 patent. Such methods include, by way of example and without limitation, use of Amazon Virtual Private Cloud, which is covered by one or more claims of the '891 patent,

20

including but not limited to claim 1.  By using such methods covered by one or more claims of the '891 patent, Amazon has injured Clouding and is liable to Clouding for direct infringement of the '891 patent pursuant to 35 U.S.C. § 271(a).

60.     Amazon has had actual knowledge of the '891 patent since at least the filing of the original complaint in this action.

61.     Amazon's actions of, *inter alia*, making, importing, using, offering for sale, and/or selling such products and/or sezrvices constitute an objectively high likelihood of infringement of the '891 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Amazon is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '891 patent and that the '891 patent is valid.   Despite Amazon's knowledge of that risk, on information and belief, Amazon has not made any changes to the relevant operation of its products and/or services covered by one or more claims of the '891 patent and has not provided its users and/or customers with instructions on how to avoid infringement the '891 patent.  Instead, Amazon has continued to, and still is continuing to, among other things, use methods patented under the '891 patent.  As such, Amazon willfully, wantonly and deliberately infringed and is infringing the '891 patent in disregard of Clouding's rights.

62.     As a result of Amazon's infringement of the '891 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Amazon's infringement, but in no event less than a reasonable royalty for the use made of the invention by Amazon, together with interest and costs as fixed by the Court.

**COUNT VI**
**INFRINGEMENT OF U.S. PATENT NO. 5,495,607**

63.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-62

above, as if fully set forth herein.

64.     Plaintiff Clouding is the owner by assignment of United States Patent

No. 5,495,607 ("the '607 patent") titled "Network Management System Having Virtual Catalog

Overview of Files Distributively Stored Across Network Domain."  The '607 patent was duly

and legally issued by the United States Patent and Trademark Office on February 27, 1996.

Clouding is the owner by assignment from Symantec Corporation of the '607 patent.  A true and

correct copy of the '607 patent is included as Exhibit F.

65.     Amazon operates one or more server farms (comprising, *inter alia*, servers and

computers on a network) that are located in data centers in the United States.  On information

and belief, Amazon's one or more server farms provide and support cloud computing services,

including at least Amazon Elastic Compute Cloud service.  On information and belief, Amazon

makes and/or uses a system for monitoring the health of at least some of Amazon's servers and

computers over a network in its data centers.

66.     On information and belief, Amazon has directly infringed and continues to

infringe the '607 patent by, among other things, making, using, offering for sale, and/or selling

systems, and products and/or services related thereto, covered by one or more claims of the '607

patent.  Such systems include, by way of example and without limitation, a system made and/or

used by Amazon to monitor the health of servers and computers running Amazon Elastic

Compute Cloud service, which is covered by one or more claims of the '607 patent, including

but not limited to claim 9.  By making, using, offering for sale, and/or selling such systems, and

products and/or services related thereto, covered by one or more claims of the '607 patent,

Amazon has injured Clouding and is liable to Clouding for direct infringement of the '607 patent pursuant to 35 U.S.C. § 271(a).

67.     Amazon has had actual knowledge of the '607 patent since at least the filing of the original complaint in this action.

68.     Amazon's actions of, *inter alia*, making and using a system for monitoring the health of at least some of Amazon's servers and computers over a network in its data centers constitute an objectively high likelihood of infringement of the '607 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Amazon is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '607 patent and that the '607 patent is valid.   Despite Amazon's knowledge of that risk, on information and belief, Amazon has not made any changes to the relevant operation of its system.  Instead, Amazon has continued to, and still is continuing to, among other things, make and use a system for monitoring the health of at least some of Amazon's servers and computers over a network in its data centers patented under the '607 patent.  As such, Amazon willfully, wantonly and deliberately infringed and is infringing the '607 patent in disregard of Clouding's rights.

69.     As a result of Amazon's infringement of the '607 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Amazon's infringement, but in no event less than a reasonable royalty for the use made of the invention by Amazon, together with interest and costs as fixed by the Court.

## COUNT VII
## INFRINGEMENT OF U.S. PATENT NO. 6,925,481

70.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-69 above, as if fully set forth herein.

71.     Plaintiff Clouding is the owner by assignment of United States Patent No. 6,925,481 ("the '481 patent") titled "Technique for Enabling Remote Data Access And Manipulation From A Pervasive Device."  The '481 patent was duly and legally issued by the United States Patent and Trademark Office on August 2, 2005  Clouding is the owner by assignment from Symantec Corporation of the '481 patent.  A true and correct copy of the '481 patent is included as Exhibit G.

72.     Amazon makes, uses, sells, offers for sale, and/or imports products and/or services in the United States that provide or support remote data access by a mobile device, such as Amazon Cloud Drive and Kindle Store.

73.     On information and belief, Amazon has directly infringed and continues to infringe the '481 patent by, among other things, making, using, offering for sale, selling and/or importing products and/or services that are covered by one or more claims of the '481 patent.  Such products and/or services include, by way of example and without limitation, Amazon Cloud Drive and Kindle Store, which are covered by one or more claims of the '481 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling such products and/or services covered by one or more claims of the '481 patent, Amazon has injured Clouding and is liable to Clouding for direct infringement of the '481 patent pursuant to 35 U.S.C. § 271(a).

74.     Amazon has had actual knowledge of the '481 patent since at least the filing of the original complaint in this action.

75.     On information and belief, Amazon has and continues to indirectly infringe one or more claims of the '481 patent by inducing others (e.g., its customers and end-users) to

infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

76.     On information and belief, Amazon has induced others and continues to induce others, including but not limited to Amazon's customers and end-users, to infringe the '481 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by making, using, offering for sale, selling and/or importing products and/or services that when used as intended infringe the '481 patent.  Such products and/or services include, by way of example and without limitation, Amazon Kindle Fire and/or other devices for accessing Amazon Cloud Drive or Kindle Store, the use of which are covered by one or more claims of the '481 patent, including but not limited to claim 55.  Amazon's customers and end-users who use such products and/or services directly infringe the claims of the '481 patent.  Since at least the filing of the original complaint in this action, Amazon has had actual knowledge of the '481 patent and has known that the use of such products and/or services by its customers and end-users constituted direct infringement of the '481 patent.  Despite Amazon's actual knowledge of the '481 patent and the knowledge that its customers and end-users infringed, Amazon continued to, and still continues to, actively encourage, assist, induce, aid, and abet its customers and end-users to directly infringe by using Amazon's products and services that are covered by one or more claims of the '481 patent.

77.     On information and belief, in order to generate profits and revenues, Amazon markets and promotes, e.g., through its website and sales personnel, the use of its products and services supporting data manipulation by mobile devices that infringe the '481 patent when used as intended by Amazon's customers and end-users.  Amazon further sells (or licenses the use of)

such products and/services to customers and end-users. Amazon's customers and end-users use such products and services (including, e.g., Amazon's software and hardware). Amazon further instructs its customers and end-users how to use such products and services in a manner that infringes the '481 patent (e.g., through technical documentation, manuals, instructions, and technical support). Amazon further instructs its customers and end-user to infringe the '481 patent through the products and services themselves, e.g., through on-screen instructions, intuitive user interfaces, and command prompts. Amazon still further makes such products and services accessible to its customers and end-users via the Internet, thus enabling and encouraging its customers and end-users to use such products and services, including supporting hardware and software systems, to infringe the '481 patent.

78. On information and belief, even though Amazon has been aware of the '481 patent and that its customers and end-users infringe the '481 patent for over a year, to date Amazon has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products and services to avoid infringing the '481 patent, nor has Amazon informed its customers or end-users how to avoid infringing the '481 patent. To date, Amazon has not identified, in response to Clouding's interrogatories, a single action that it has taken to avoid infringement (e.g., by designing around or notifying its customers or end-users how to avoid infringement) by itself or its customers or end-users since it became aware of the '481 patent. On information and belief, Amazon itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers and end-users, do not constitute direct or indirect infringement of the '481 patent. To date, Amazon has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the

infringement or potential infringement of any claim of the '481 patent in response to Clouding's requests for production of documents and things.  Nor has Amazon to date identified any legal or factual basis for any of affirmative defense or counterclaim (e.g., noninfringement or invalidity) relating to any claim of the '481 patent in response to Clouding's interrogatories.

79.     As such, on information and belief, despite the information Amazon gleaned from the original complaint in this action, Amazon <u>continues to specifically intend for and encourage</u> its customers and end-users to use its products and/or services in a manner that infringe the claims of the '481 patent.  In addition, since at least the filing of the original complaint in this action, Amazon has deliberately avoided taking any actions (e.g., obtaining opinion of counsel, designing around, or providing notice to its customer) to avoid confirming that its actions continue to <u>specifically encourage</u> its customers and end-users to use its products and/or service in a manner that infringe the claims of the '481 patent.

80.     Amazon's actions of, *inter alia*, making, using, offering for sale, selling and/or importing such products and/or services constitute an objectively high likelihood of infringement of the '481 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Amazon is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '481 patent and that the '481 patent is valid.   Despite Amazon's knowledge of that risk, on information and belief, Amazon has not made any changes to the relevant operation of its products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement the '481 patent.  Instead, Amazon has continued to, and still is continuing to, among other things, make, use, offer for sale, sell and/or import

products and/or services patented under the '481 patent.  As such, Amazon willfully, wantonly and deliberately infringed and is infringing the '481 patent in disregard of Clouding's rights.

81.     As a result of Amazon's infringement of the '481 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Amazon's infringement, but in no event less than a reasonable royalty for the use made of the invention by Amazon, together with interest and costs as fixed by the Court.

**COUNT VIII**
**INFRINGEMENT OF U.S. PATENT NO. 7,254,621**

82.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-81 above, as if fully set forth herein.

83.     Plaintiff Clouding is the owner by assignment of United States Patent No. 7,254,621 ("the '621 patent") titled "Technique for Enabling Remote Data Access And Manipulation From A Pervasive Device."  The '621 patent was duly and legally issued by the United States Patent and Trademark Office on August 7, 2007  Clouding is the owner by assignment from Symantec Corporation of the '621 patent.  A true and correct copy of the '621 patent is included as Exhibit H.

84.     Amazon makes, uses, sells, offers for sale, and/or imports products and/or services in the United States that provide or support remote data access by a mobile device, such as Amazon Cloud Drive and Kindle Store.

85.     On information and belief, Amazon has directly infringed and continues to infringe the '621 patent by, among other things, making, using, offering for sale, selling and/or importing products and/or services that are covered by one or more claims of the '621 patent.  Such products and/or services include, by way of example and without limitation,  Amazon Cloud Drive and Amazon Kindle Store, which are covered by one or more claims of the '621

28

patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling such products and/or services covered by one or more claims of the '621 patent, Amazon has injured Clouding and is liable to Clouding for direct infringement of the '621 patent pursuant to 35 U.S.C. § 271(a).

86.     Amazon has had actual knowledge of the '621 patent since at least the filing of the original complaint in this action.

87.     Amazon's actions of, *inter alia*, making, using, offering for sale, selling and/or importing such products and/or services that are covered by one or more claims of the '621 patent constitute an objectively high likelihood of infringement of the '621 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Amazon is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '621 patent and that the '621 patent is valid.   Despite Amazon's knowledge of that risk, on information and belief, Amazon has not made any changes to the relevant operation of products and/or services to avoid infringement the '621 patent.  Instead, Amazon has continued to, and still is continuing to, among other things, make, use, offer for sale, sell and/or import products and/or services patented under the '621 patent.  As such, Amazon willfully, wantonly and deliberately infringed and is infringing the '621 patent in disregard of Clouding's rights.

88.     As a result of Amazon's infringement of the '621 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Amazon's infringement, but in no event less than a reasonable royalty for the use made of the invention by Amazon, together with interest and costs as fixed by the Court.

## COUNT IX
## INFRINGEMENT OF U.S. PATENT NO. 6,631,449

89.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-88

above, as if fully set forth herein.

90.     Plaintiff Clouding is the owner by assignment of United States Patent

No. 6,631,449 ("the '449 patent") titled "Dynamic Distributed Data System and Method."  The

'449 patent was duly and legally issued by the United States Patent and Trademark Office on

October 7, 2003.  Clouding is the owner by assignment from Symantec Corporation of the '449

patent.  A true and correct copy of the '449 patent is included as Exhibit I.

91.     Amazon makes, uses, sells, and offers for sale in the United States products

and/or services for cloud computing.  On information and belief, at least some of Amazon's

cloud computing products and/or services, including but not limited to Amazon Elastic Compute

Cloud, are provided by servers using server-to-server communication and/or a gossip protocol.

92.     On information and belief, Amazon has directly infringed and continues to

infringe the '449 patent by, among other things, making, using, offering for sale, and/or selling

cloud computing products and/or services patented under the '449 patent.  Such cloud computing

products and/or services include, by way of example and without limitation, Amazon's Elastic

Compute Cloud, the use of which is covered by one or more claims of the '449 patent, including

but not limited to claim 1.  By making, using, offering for sale, and/or selling cloud computing

products and/or services patented under the '449 patent, Amazon has injured Clouding and is

liable to Clouding for direct infringement of the '449 patent pursuant to 35 U.S.C. § 271(a).

93.     Amazon has had actual knowledge of the '449 patent since at least the filing of

the original complaint in this action.

94.     On information and belief, Amazon has and continues to indirectly infringe one or more claims of the '449 patent by inducing others (e.g., its customers and end-users) to infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

95.     On information and belief, Amazon has induced others and continues to induce others, including but not limited to Amazon's customers and end-users, to infringe the '449 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by making, using, offering for sale, and/or selling products and/or services that when used as intended infringe the '449 patent.  Such products and/or services include, by way of example and without limitation, Amazon's Elastic Compute Cloud, the use of which is covered by one or more claims of the '449 patent, including but not limited to claim 1.  Amazon's customers and end-users who use such products and/or services directly infringe the claims of the '449 patent. Since at least the filing of the original complaint in this action, Amazon has had actual knowledge of the '449 patent and has known that the use of such products and/or services by its customers and end-users constituted direct infringement of the '449 patent.  Despite Amazon's actual knowledge of the '449 patent and the knowledge that its customers and end-users infringed, Amazon continued to, and still continues to, actively encourage, assist, induce, aid, and abet its customers and end-users to directly infringe by using Amazon's cloud computing products and/or services that are covered by one or more claims of the '449 patent.

96.     In particular, Amazon's customers' and end-users' use of Amazon's cloud computer products and services is facilitated by the use of Amazon's systems employing server-to-server communications and/or a gossip protocol that are patented under the '449 patent.  Thus,

when Amazon's customers and end-users use its cloud computing products and services,

Amazon's customers and end-users use systems patented under the '449 patent employing

server-to-server communications and/or a gossip protocol.

97.     On information and belief, in order to generate profits and revenues, Amazon

markets and promotes, e.g., through its website and sales personnel, the use of its products and

services employing server-to-server communications and/or a gossip protocol that infringe the

'449 patent when used as intended by Amazon's customers and end-users.  Amazon further sells

(or licenses the use of) such products and/services to customers and end-users.  Amazon's

customers and end-users use such products and services (including, e.g., Amazon's software and

hardware).  Amazon further instructs its customers and end-users how to use such products and

services in a manner that infringes the '449 patent (e.g., through technical documentation,

manuals, instructions, and technical support).  Amazon further instructs its customers and end-

user to infringe the '449 patent through the products and services themselves, e.g., through on-

screen instructions, intuitive user interfaces, and command prompts.  Amazon still further makes

such products and services accessible to its customers and end-users via the Internet, thus

enabling and encouraging its customers and end-users to use such products and services,

including supporting hardware and software systems, to infringe the '449 patent.

98.     On information and belief, even though Amazon has been aware of the '449

patent and that its customers and end-users infringe the '449 patent for over a year, to date

Amazon has neither made any changes to the functionality, operations, marketing, sales,

technical support, etc. of such products and services to avoid infringing the '449 patent, nor has

Amazon informed its customers or end-users how to avoid infringing the '449 patent.  To date,

Amazon has not identified, in response to Clouding's interrogatories, a single action that it has

taken to avoid infringement (e.g., by designing around or notifying its customers or end-users how to avoid infringement) by itself or its customers or end-users since it became aware of the '449 patent.  On information and belief, Amazon itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers and end-users, do not constitute direct or indirect infringement of the '449 patent.  To date, Amazon has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '449 patent in response to Clouding's requests for production of documents and things.  Nor has Amazon to date identified any legal or factual basis for any of affirmative defense or counterclaim (e.g., noninfringement or invalidity) relating to any claim of the '449 patent in response to Clouding's interrogatories.

99.     As such, on information and belief, despite the information Amazon gleaned from the original complaint in this action, Amazon continues to specifically intend for and encourage its customers and end-users to use its products and/or services in a manner that infringe the claims of the '449 patent.  In addition, since at least the filing of the original complaint in this action, Amazon has deliberately avoided taking any actions (e.g., obtaining opinion of counsel, designing around, or providing notice to its customer) to avoid confirming that its actions continue to specifically encourage its customers and end-users to use its products and/or service in a manner that infringe the claims of the '449 patent.

100.     Amazon's actions of, *inter alia*, making, using, offering for sale, and/or selling such products and/or services constitute an objectively high likelihood of infringement of the '449 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Amazon is aware that there is

an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '449 patent and that the '449 patent is valid.   Despite Amazon's knowledge of that risk, on information and belief, Amazon has not made any changes to the relevant operation of its cloud computer products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement the '449 patent.  Instead, Amazon has continued to, and still is continuing to, among other things, make, use, offer for sale, and/or sell products and/or services patented under the '449 patent.  As such, Amazon willfully, wantonly and deliberately infringed and is infringing the '449 patent in disregard of Clouding's rights.

101.     As a result of Amazon's infringement of the '449 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Amazon's infringement, but in no event less than a reasonable royalty for the use made of the invention by Amazon, together with interest and costs as fixed by the Court.

## COUNT X
## INFRINGEMENT OF U.S. PATENT NO. 6,918,014

102.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-101 above, as if fully set forth herein.

103.     Plaintiff Clouding is the owner by assignment of United States Patent No. 6,918,014 ("the '014 patent") titled "Dynamic Distributed Data System and Method."  The '014 patent was duly and legally issued by the United States Patent and Trademark Office on July 12, 2005.  Clouding is the owner by assignment from Symantec Corporation of the '014 patent.  A true and correct copy of the '014 patent is included as Exhibit J.

104.     Amazon makes, uses, sells, and offers for sale in the United States products and/or services for cloud computing.  On information and belief, at least some of Amazon's

cloud computing products and/or services, including but not limited to Amazon Elastic Compute Cloud, are provided by servers using server-to-server communication and/or a gossip protocol.

105.     On information and belief, Amazon has directly infringed and continues to infringe the '014 patent by, among other things, making, using, offering for sale, and/or selling cloud computing products and/or services patented under the '014 patent.  Such cloud computing products and/or services include, by way of example and without limitation, Amazon's Elastic Compute Cloud, the use of which is covered by one or more claims of the '014 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling cloud computing products and/or services patented under the '014 patent, Amazon has injured Clouding and is liable to Clouding for direct infringement of the '014 patent pursuant to 35 U.S.C. § 271(a).

106.     Amazon has had actual knowledge of the '014 patent since at least the filing of the original complaint in this action.

107.     On information and belief, Amazon has and continues to indirectly infringe one or more claims of the '014 patent by inducing others (e.g., its customers and end-users) to infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

108.     On information and belief, Amazon has induced others and continues to induce others, including but not limited to Amazon's customers and end-users, to infringe the '014 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by making, using, offering for sale, and/or selling products and/or services that when used as intended infringe the '014 patent.  Such products and/or services include, by way of example and without limitation, use of Amazon's Elastic Compute Cloud, which is covered by one or

more claims of the '014 patent, including but not limited to claim 5.  Amazon's customers and end-users who use such products and/or services directly infringe the claims of the '014 patent. Since at least the filing of the original complaint in this action, Amazon has had actual knowledge of the '014 patent and has known that the use of such products and/or services by its customers and end-users constituted direct infringement of the '014 patent.  Despite Amazon's actual knowledge of the '014 patent and the knowledge that its customers infringed, Amazon continued to, and still continues to, actively encourage, assist, induce, aid, and abet its customers and end-users to directly infringe by using Amazon's cloud computing products and/or services that are covered by one or more claims of the '014 patent.

109.    In particular, Amazon's customers' and end-users' use of Amazon's cloud computer products and services is facilitated by the use of Amazon's systems employing server-to-server communications and/or a gossip protocol that are patented under the '014 patent.  Thus, when Amazon's customers and end-users use its cloud computing products and services, Amazon's customers and end-users use systems patented under the '014 patent that employ server-to-server communications and/or a gossip protocol.

110.    On information and belief, in order to generate profits and revenues, Amazon markets and promotes, e.g., through its website and sales personnel, the use of its products and services employing server-to-server communications and/or a gossip protocol that infringe the '014 patent when used as intended by Amazon's customers and end-users.  Amazon further sells (or licenses the use of) such products and/services to customers and end-users.  Amazon's customers and end-users use such products and services (including, e.g., Amazon's software and hardware).  Amazon further instructs its customers and end-users how to use such products and services in a manner that infringes the '014 patent (e.g., through technical documentation,

manuals, instructions, and technical support).  Amazon further instructs its customers and end-user to infringe the '014 patent through the products and services themselves, e.g., through on-screen instructions, intuitive user interfaces, and command prompts.  Amazon still further makes such products and services accessible to its customers and end-users via the Internet, thus enabling and encouraging its customers and end-users to use such products and services, including supporting hardware and software systems, to infringe the '014 patent.

111.    On information and belief, even though Amazon has been aware of the '014 patent and that its customers and end-users infringe the '014 patent for over a year, to date Amazon has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products and services to avoid infringing the '014 patent, nor has Amazon informed its customers or end-users how to avoid infringing the '014 patent.  To date, Amazon has not identified, in response to Clouding's interrogatories, a single action that it has taken to avoid infringement (e.g., by designing around or notifying its customers or end-users how to avoid infringement) by itself or its customers or end-users since it became aware of the '014 patent.  On information and belief, Amazon itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers and end-users, do not constitute direct or indirect infringement of the '014 patent.  To date, Amazon has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '014 patent in response to Clouding's requests for production of documents and things.  Nor has Amazon to date identified any legal or factual basis for any of affirmative defense or counterclaim (e.g., noninfringement or invalidity) relating to any claim of the '014 patent in response to Clouding's interrogatories.

112.     As such, on information and belief, despite the information Amazon gleaned from the original complaint in this action, Amazon continues to specifically intend for and encourage its customers and end-users to use its products and/or services in a manner that infringe the claims of the '014 patent.  In addition, since at least the filing of the original complaint in this action, Amazon has deliberately avoided taking any actions (e.g., obtaining opinion of counsel, designing around, or providing notice to its customer) to avoid confirming that its actions continue to specifically encourage its customers and end-users to use its products and/or service in a manner that infringe the claims of the '014 patent.

113.     Amazon's actions of, *inter alia*, making, using, offering for sale, and/or selling such products and/or services constitute an objectively high likelihood of infringement of the '014 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Amazon is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '014 patent and that the '014 patent is valid.   Despite Amazon's knowledge of that risk, on information and belief, Amazon has not made any changes to the relevant operation of its products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement the '014 patent.  Instead, Amazon has continued to, and still is continuing to, among other things, make, use, offer for sale, and/or sell products and/or services patented under the '014 patent.  As such, Amazon willfully, wantonly and deliberately infringed and is infringing the '014 patent in disregard of Clouding's rights.

114.     As a result of Amazon's infringement of the '014 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Amazon's infringement,

but in no event less than a reasonable royalty for the use made of the invention by Amazon, together with interest and costs as fixed by the Court.

## COUNT XI
## INFRINGEMENT OF U.S. PATENT NO. 6,963,908

115.    Plaintiff Clouding realleges and incorporates by reference paragraphs 1-114 above, as if fully set forth herein.

116.    Plaintiff Clouding is the owner by assignment of United States Patent No. 6,963,908 ("the '908 patent") titled "System for Transferring Customized Hardware and Software Settings from One Computer to Another Computer to Provide Personalized Operating Environments."  The '908 patent was duly and legally issued by the United States Patent and Trademark Office on November 8, 2005  Clouding is the owner by assignment from Symantec Corporation of the '908 patent.  A true and correct copy of the '908 patent is included as Exhibit K.

117.    Amazon makes, uses, sells, offers for sale, and/or imports products and/or services in the United States that provide or support remote data access by a mobile device, such as Amazon Cloud Drive.

118.    On information and belief, Amazon has directly infringed and continues to infringe the '908 patent by, among other things, making, using, offering for sale, selling and/or importing products and/or services that are covered by one or more claims of the '908 patent. Such products and/or services include, by way of example and without limitation, Amazon Cloud Drive, the use of which is covered by one or more claims of the '908 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling such products and/or services covered by one or more claims of the '908 patent, Amazon has injured Clouding and is liable to Clouding for direct infringement of the '908 patent pursuant to 35 U.S.C. § 271(a).

39

119.     Amazon has had actual knowledge of the '908 patent since at least the filing of the original complaint in this action.

120.     Amazon's actions of, *inter alia*, making, using, offering for sale, selling, and/or importing such products and/or services that are covered by one or more claims of the '908 patent constitute an objectively high likelihood of infringement of the '908 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Amazon is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '908 patent and that the '908 patent is valid.   Despite Amazon's knowledge of that risk, on information and belief, Amazon has not made any changes to the relevant operation of its products and/or services to avoid infringement the '908 patent.  Instead, Amazon has continued to, and still is continuing to, among other things, make, use, offer for sale, sell, and/or import products and/or services patented under the '908 patent.  As such, Amazon willfully, wantonly and deliberately infringed and is infringing the '908 patent in disregard of Clouding's rights.

121.     As a result of Amazon's infringement of the '908 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Amazon's infringement, but in no event less than a reasonable royalty for the use made of the invention by Amazon, together with interest and costs as fixed by the Court.

**COUNT XII**
**INFRINGEMENT OF U.S. PATENT NO. 7,032,089**

122.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-121 above, as if fully set forth herein.

123.     Plaintiff Clouding is the owner by assignment of United States Patent No. 7,032,089 ("the '089 patent") titled "Replica Synchronization Using Copy-On-Read

Technique." The '089 patent was duly and legally issued by the United States Patent and

Trademark Office on April 18, 2006. Clouding is the owner by assignment from Symantec

Corporation of the '089 patent. A true and correct copy of the '089 patent is included as

Exhibit L.

124.    Amazon makes, uses, sells, offers for sale, and/or imports into the United States

products and/or services that provide for data synchronization. On information and belief, at

least some of data synchronization products and/or services provide synchronization using copy-

on-read techniques.

125.    On information and belief, Amazon has directly infringed and continues to

infringe the '089 patent by, among other things, making, using, offering for sale, selling and/or

importing into the United States products and/or services that are covered by one or more claims

of the '089 patent. Such products and/or services include, by way of example and without

limitation, the Amazon's Whispersync and products and/or services related thereto, which are

covered by one or more claims of the '089 patent, including but not limited to claim 13. By

making, using, offering for sale, selling and/or importing into the United States such products

and/or services that are covered by one or more claims of the '089 patent, Amazon has injured

Clouding and is liable to Clouding for direct infringement of the '089 patent pursuant to 35

U.S.C. § 271(a).

126.    As a result of Amazon's infringement of the '089 patent, Plaintiff Clouding has

suffered monetary damages in an amount adequate to compensate for Amazon's infringement,

but in no event less than a reasonable royalty for the use made of the invention by Amazon,

together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Clouding respectfully requests that this Court enter:

1.      A judgment in favor of Plaintiff Clouding that Amazon has infringed, either literally and/or under the doctrine of equivalents, the '784 patent, the '637 patent, the '799 patent, the '839 patent, the '891 patent, the '607 patent, the '481 patent, the '621 patent, the '449 patent, the '014 patent, the '908 patent, and the '089 patent;

2.      A judgment that Amazon has induced infringement of the '784 patent, the '637 patent, the '799 patent, the '839 patent, the '481 patent, the '449 patent, and the '014 patent;

3.      A judgment that Amazon willfully infringed the '784 patent, the '637 patent, the '799 patent, the '839 patent, the '891 patent, the '607 patent, the '481 patent, the '621 patent, the '449 patent, the '014 patent, the '908 patent, and the '089 patent;

4.      A judgment and order for treble damages pursuant to 35 U.S.C. § 284;

5.      A judgment and order requiring Amazon to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest as provided under 35 U.S.C. § 284 for Amazon's infringement of the '784 patent, the '637 patent, the '799 patent, the '839 patent, the '891 patent, the '607 patent, the '481 patent, the '621 patent, the '449 patent, the '014 patent, the '908 patent, and the '089 patent;

6.      A judgment and order that this case is exceptional and requiring Amazon to pay Plaintiff Clouding reasonable experts' fees and attorneys' fees pursuant to 35 U.S.C. § 285; and

7.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

June 21, 2013

OF COUNSEL:

Marc A. Fenster
Jaspal S. Hare
Dorian S. Berger
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, Twelfth Floor
Los Angeles, California 90025
(310) 826-7474
mfenster@raklaw.com
jhare@raklaw.com

BAYARD, P.A.

/s/ *Stephen B. Brauerman*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

*Attorneys for Plaintiff Clouding IP, LLC*