IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLOUDING IP, LLC, | )<br>)<br>) |
| Plaintiff, | ) The Honorable<br>) Leonard P. Stark<br>) |
| -vs.- | )<br>) |
| AMAZON.COM, INC. and<br>AMAZON WEB SERVICES, LLC, | ) No. 12-cv-00641 (LPS)<br>)<br>) |
| Defendants. | ) **JURY TRIAL DEMANDED**<br>) |

### ANSWER AND COUNTERCLAIMS OF
### AMAZON.COM, INC. AND AMAZON WEB SERVICES LLC
### TO CLOUDING IP, LLC'S SECOND AMENDED COMPLAINT

Defendants Amazon.com, Inc. and Amazon Web Services LLC (collectively "Amazon"), by and through its undersigned counsel, hereby respond to the Second Amended Complaint for Patent Infringement ("Second Amended Complaint") of Clouding IP, LLC ("Clouding"), formerly known as STEC IP, LLC, as follows:

### NATURE OF THE ACTION

Amazon admits that Clouding purports to bring an action for patent infringement under 35 U.S.C. § 1, *et seq*. Amazon denies all remaining allegations in the unnumbered opening paragraph of the Second Amended Complaint.

### PARTIES

1. Amazon lacks sufficient knowledge and/or information to form a belief as to the truth of the allegations in paragraph 1, and to that extent denies the same.

2. Admitted.

3. Admitted.

## JURISDICTION AND VENUE

4. Amazon admits that Clouding purports to bring this action under the patent laws of the United States, Title 35 of the United States Code. Amazon further admits that 28 U.S.C. §§ 1331 and 1338(a) authorize this Court to hear allegations of patent infringement. Amazon denies all remaining allegations in paragraph 4.

5. Amazon consents to personal jurisdiction for purposes of this action and for purposes of this action only. Amazon denies all remaining allegations in paragraph 5.

6. Amazon consents to venue for purposes of this action and for purposes of this action only, but specifically denies that this venue is the most convenient for the parties and the witnesses and in the best interests of justice. Amazon denies all remaining allegations in paragraph 6.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,596,784

7. Amazon incorporates by reference each of its responses set forth above in paragraphs 1-6, as if fully set forth herein.

8. Amazon admits that a document purporting to be a copy of U.S. Patent No. 7,596,784 ("the '784 patent") titled "Method System and Apparatus for Providing Pay-Per-Use Distributed Computing Resources" was attached to the Second Amended Complaint as Exhibit A, and that on the face of that document there is an issue date of September 29, 2009. Amazon lacks sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 8, and to that extent denies the same.

9. Amazon denies the allegations in paragraph 9.

10. Amazon denies the allegations in paragraph 10.

11. Amazon admits that a document purporting to be a copy of the '784 patent was attached as Exhibit A to Clouding's May 22, 2012 Complaint for Patent Infringement ("Complaint"). Amazon denies the remaining allegations in paragraph 11.

12. Amazon denies the allegations in paragraph 12.

13. Amazon denies the allegations in paragraph 13.

14. Amazon denies the allegations in paragraph 14.

15. Amazon denies the allegations in paragraph 15.

16. Amazon denies the allegations in paragraph 16.

17. Amazon denies the allegations in paragraph 17.

18. Amazon denies the allegations in paragraph 18.

19. Amazon denies the allegations in paragraph 19.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,065,637

20. Amazon incorporates by reference each of its responses set forth above in paragraphs 1-19, as if fully set forth herein.

21. Amazon admits that a document purporting to be a copy of U.S. Patent No. 7,065,637 ("the '637 patent") titled "System for Configuration of Dynamic Computing Environments Using a Visual Interface" was attached to the Second Amended Complaint as Exhibit B, and that on the face of that document there is an issue date of June 20, 2006. Amazon lacks sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 21, and to that extent denies the same.

22. Amazon denies the allegations in paragraph 22.

23. Amazon denies the allegations in paragraph 23.

24. Amazon admits that a document purporting to be a copy of the '637 patent was attached as Exhibit B to Clouding's Complaint. Amazon denies the remaining allegations in paragraph 24.

25. Amazon denies the allegations in paragraph 25.

26. Amazon denies the allegations in paragraph 26.

27. Amazon denies the allegations in paragraph 27.

28. Amazon denies the allegations in paragraph 28.

29. Amazon denies the allegations in paragraph 29.

30. Amazon denies the allegations in paragraph 30.

31. Amazon denies the allegations in paragraph 31.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 6,738,799

32. Amazon incorporates by reference each of its responses set forth above in paragraphs 1-31, as if fully set forth herein.

33. Amazon admits that a document purporting to be a copy of U.S. Patent No. 6,738,799 ("the '799 patent") titled "Methods and Apparatuses for File Synchronization and Updating Using a Signature List" was attached to the Second Amended Complaint as Exhibit C, and that on the face of that document there is an issue date of May 18, 2004. Amazon lacks sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 33, and to that extent denies the same.

34. Amazon denies the allegations in paragraph 34.

35. Amazon denies the allegations in paragraph 35.

36. Amazon admits that a document purporting to be a copy of the '799 patent was attached as Exhibit C to Clouding's Complaint. Amazon denies the remaining allegations in paragraph 36.

37. Amazon denies the allegations in paragraph 37.

38. Amazon denies the allegations in paragraph 38.

39. Amazon denies the allegations in paragraph 39.

40. Amazon denies the allegations in paragraph 40.

41. Amazon denies the allegations in paragraph 41.

42. Amazon denies the allegations in paragraph 42.

43. Amazon denies the allegations in paragraph 43.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 5,944,839

44. Amazon incorporates by reference each of its responses set forth above in paragraphs 1-43, as if fully set forth herein.

45. Amazon admits that a document purporting to be a copy of U.S. Patent No. 5,944,839 ("the '839 patent") titled "System and Method for Automatically Maintaining A Computer System" was attached to the Second Amended Complaint as Exhibit D, and that on the face of that document there is an issue date of August 31, 1999. Amazon lacks sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 45, and to that extent denies the same.

46. Amazon denies the allegations in paragraph 46.

47. Amazon denies the allegations in paragraph 47.

48. Amazon admits that a document purporting to be a copy of the '839 patent was attached as Exhibit D to Clouding's Complaint. Amazon denies the remaining allegations in paragraph 48.

49. Amazon denies the allegations in paragraph 49

50. Amazon denies the allegations in paragraph 50.

51. Amazon denies the allegations in paragraph 51.

52. Amazon denies the allegations in paragraph 52.

53. Amazon denies the allegations in paragraph 53.

54. Amazon denies the allegations in paragraph 54.

55. Amazon denies the allegations in paragraph 55.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 5,825,891

56. Amazon incorporates by reference each of its responses set forth above in paragraphs 1-55, as if fully set forth herein.

57. Amazon admits that a document purporting to be a copy of U.S. Patent No. 5,825,891 ("the '891 patent") titled "Key Management for Network Communication" was attached to the Second Amended Complaint as Exhibit E, and that on the face of that document there is an issue date of October 20, 1998. Amazon lacks sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 57, and to that extent denies the same.

58. Amazon denies the allegations in paragraph 58.

59. Amazon denies the allegations in paragraph 59.

60. Amazon admits that a document purporting to be a copy of the '891 patent was attached as Exhibit E to Clouding's Complaint. Amazon denies the remaining allegations in paragraph 60.

61. Amazon denies the allegations in paragraph 61.

62. Amazon denies the allegations in paragraph 62.

## COUNT VI
## INFRINGEMENT OF U.S. PATENT NO. 5,495,607

63. Amazon incorporates by reference each of its responses set forth above in paragraphs 1-62, as if fully set forth herein.

64. Amazon admits that a document purporting to be a copy of U.S. Patent No. 5,495,607("the '607 patent") titled "Network Management System Having Virtual Catalog Overview of Files Distributively Stored Across Network Domain" was attached to the Second Amended Complaint as Exhibit F, and that on the face of that document there is an issue date of February 27, 1996. Amazon lacks sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 64, and to that extent denies the same.

65. Amazon denies the allegations in paragraph 65.

66. Amazon denies the allegations in paragraph 66.

67. Amazon admits that a document purporting to be a copy of the '607 patent was attached as Exhibit F to Clouding's Complaint. Amazon denies the remaining allegations in paragraph 67.

68. Amazon denies the allegations in paragraph 68.

69. Amazon denies the allegations in paragraph 69.

## COUNT VII
## INFRINGEMENT OF U.S. PATENT NO. 6,925,481

70. Amazon incorporates by reference each of its responses set forth above in paragraphs 1-69, as if fully set forth herein.

71. Amazon admits that a document purporting to be a copy of U.S. Patent No. 6,925,481 ("the '481 patent") titled "Technique for Enabling Remote Data Access and Manipulation from a Pervasive Device" was attached to the Second Amended Complaint as Exhibit G, and that on the face of that document there is an issue date of August 2, 2005. Amazon lacks sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 71, and to that extent denies the same.

72. Amazon denies the allegations in paragraph 72.

73. Amazon denies the allegations in paragraph 73.

74. Amazon admits that a document purporting to be a copy of the '481 patent was attached as Exhibit G to Clouding's Complaint. Amazon denies the remaining allegations in paragraph 74.

75. Amazon denies the allegations in paragraph 75.

76. Amazon denies the allegations in paragraph 76.

77. Amazon denies the allegations in paragraph 77.

78. Amazon denies the allegations in paragraph 78.

79. Amazon denies the allegations in paragraph 79.

80. Amazon denies the allegations in paragraph 80.

81. Amazon denies the allegations in paragraph 81.

## COUNT VIII
## INFRINGEMENT OF U.S. PATENT NO. 7,254,621

82. Amazon incorporates by reference each of its responses set forth above in paragraphs 1-81, as if fully set forth herein.

83. Amazon admits that a document purporting to be a copy of U.S. Patent No. 7,254,621 ("the '621 patent") titled "Technique for Enabling Remote Data Access and Manipulation from a Pervasive Device" was attached to the Second Amended Complaint as Exhibit H, and that on the face of that document there is an issue date of August 7, 2007. Amazon lacks sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 83, and to that extent denies the same.

84. Amazon denies the allegations in paragraph 84.

85. Amazon denies the allegations in paragraph 85.

86. Amazon admits that a document purporting to be a copy of the '621 patent was attached as Exhibit H to Clouding's Complaint. Amazon denies the remaining allegations in paragraph 86.

87. Amazon denies the allegations in paragraph 87.

88. Amazon denies the allegations in paragraph 88.

## COUNT IX
## INFRINGEMENT OF U.S. PATENT NO. 6,631,449

89. Amazon incorporates by reference each of its responses set forth above in paragraphs 1-88, as if fully set forth herein.

90. Amazon admits that a document purporting to be a copy of U.S. Patent No. 6,631,449 ("the '449 patent") titled "Dynamic Distributed Data System and Meth-

od" was attached to the Second Amended Complaint as Exhibit I, and that on the face of that document there is an issue date of October 7, 2003. Amazon lacks sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 90, and to that extent denies the same.

91. Amazon denies the allegations in paragraph 91.

92. Amazon denies the allegations in paragraph 92.

93. Amazon admits that a document purporting to be a copy of the '449 patent was attached as Exhibit I to Clouding's Complaint. Amazon denies the remaining allegations in paragraph 93.

94. Amazon denies the allegations in paragraph 94.

95. Amazon denies the allegations in paragraph 95.

96. Amazon denies the allegations in paragraph 96.

97. Amazon denies the allegations in paragraph 97.

98. Amazon denies the allegations in paragraph 98.

99. Amazon denies the allegations in paragraph 99.

100. Amazon denies the allegations in paragraph 100.

101. Amazon denies the allegations in paragraph 101.

## COUNT X
## INFRINGEMENT OF U.S. PATENT NO. 6,918,014

102. Amazon incorporates by reference each of its responses set forth above in paragraphs 1-101, as if fully set forth herein.

103. Amazon admits that a document purporting to be a copy of U.S. Patent No. 6,918,014 ("the '014 patent") titled "Dynamic Distributed Data System and Method" was attached to the Second Amended Complaint as Exhibit J, and that on the face

of that document there is an issue date of July 12, 2005. Amazon lacks sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 103, and to that extent denies the same.

104. Amazon denies the allegations in paragraph 104.

105. Amazon denies the allegations in paragraph 105.

106. Amazon admits that a document purporting to be a copy of the '014 patent was attached as Exhibit J to Clouding's Complaint. Amazon denies the remaining allegations in paragraph 106.

107. Amazon denies the allegations in paragraph 107.

108. Amazon denies the allegations in paragraph 108.

109. Amazon denies the allegations in paragraph 109.

110. Amazon denies the allegations in paragraph 110.

111. Amazon denies the allegations in paragraph 111.

112. Amazon denies the allegations in paragraph 112.

113. Amazon denies the allegations in paragraph 113.

114. Amazon denies the allegations in paragraph 114.

## COUNT XI
## INFRINGEMENT OF U.S. PATENT NO. 6,963,908

115. Amazon incorporates by reference each of its responses set forth above in paragraphs 1-114, as if fully set forth herein.

116. Amazon admits that a document purporting to be a copy of U.S. Patent No. 6,963,908 ("the '908 patent") titled "System for Transferring Customized Hardware and Software Settings from One Computer to Another Computer to Provide Personalized Operating Environments" was attached to the Second Amended Complaint as

Exhibit K, and that on the face of that document there is an issue date of November 8, 2005. Amazon lacks sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 116, and to that extent denies the same.

117. Amazon denies the allegations in paragraph 117.

118. Amazon denies the allegations in paragraph 118.

119. Amazon admits that a document purporting to be a copy of the '908 patent was attached as Exhibit K to Clouding's Complaint. Amazon denies the remaining allegations in paragraph 119.

120. Amazon denies the allegations in paragraph 120.

121. Amazon denies the allegations in paragraph 121.

## COUNT XII
## INFRINGEMENT OF U.S. PATENT NO. 7,032,089

122. Amazon incorporates by reference each of its responses set forth above in paragraphs 1-121, as if fully set forth herein.

123. Amazon admits that a document purporting to be a copy of U.S. Patent No. 7,032,089 ("the '089 patent") titled "Replica Synchronization Using Copy-on-Read Technique" was attached to the Second Amended Complaint as Exhibit L, and that on the face of that document there is an issue date of April 18, 2006. Amazon lacks sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 123, and to that extent denies the same.

124. Amazon denies the allegations in paragraph 124.

125. Amazon denies the allegations in paragraph 125.

126. Amazon denies the allegations in paragraph 126.

## PRAYER FOR RELIEF

127. Amazon denies that Clouding is entitled to any of the relief requested in the Second Amended Complaint, or any other relief whatsoever.

## DEFENSES

128. Amazon incorporates the above admissions and denials in paragraphs 1-127. By raising the following defenses, Amazon does not assume the burden of proof of any issue that, as a matter of law, is plaintiff's burden to prove.

## FIRST DEFENSE

### (Non-Infringement)

129. Amazon has not infringed and does not infringe, directly or indirectly, any of the '784, '637, '799, '839, '891, '607, '481, '621, '449, '014, '908, and '089 patents (collectively, the "Asserted Patents"), either literally or under the doctrine of equivalents.

## SECOND DEFENSE

### (Invalidity)

130. The Asserted Patents are invalid for failure to comply with one or more requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD DEFENSE

### (Prosecution History Estoppel)

131. Clouding's claims for relief are limited by the doctrine of prosecution history estoppel.

## FOURTH DEFENSE

### (Limitation of Damages)

132. Clouding's claims for damages, if any, are limited by 35 U.S.C. §§ 286, 287 and/or 288.

## FIFTH DEFENSE

### (Limitation under 28 U.S.C. § 1498)

133. Clouding's claims for relief are limited by 28 U.S.C. § 1498.

## SIXTH DEFENSE

### (Laches)

134. Clouding's claims for relief are limited by laches.

## SEVENTH DEFENSE

### (Standing)

135. Clouding lacks standing to bring this action.

## RESERVATION OF RIGHTS

Amazon reserves its rights to raise additional defenses including, but not limited to, license, patent exhaustion, waiver, laches, unclean hands, patent misuse, equitable estoppel, judicial estoppel, and inequitable conduct, based on additional information learned during discovery or otherwise.

## COUNTERCLAIMS

1. Counterclaimants Amazon.com, Inc. and Amazon Web Services LLC (collectively "Amazon") counterclaim against Clouding as follows:

## PARTIES

2. Counterclaimant Amazon.com, Inc. is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.

3. Counterclaimant Amazon Web Services LLC is a Delaware limited liability company with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.

4. Upon information and belief, Clouding is a Delaware limited liability company with its principal place of business at 2 Terrace Way, Suite C, Greensboro, North Carolina 27403.

## JURISDICTION AND VENUE

5. Subject to Amazon's defenses and denials herein, this Court has subject matter jurisdiction over these counterclaims under at least 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202. Subject to Amazon's defenses and denials herein, this district is a proper venue for these counterclaims, although this venue is not necessarily the most convenient.

6. Clouding has consented to the personal jurisdiction of this Court, and to venue in this district, by filing the complaint to which these counterclaims are a response.

## COUNTERCLAIM 1:
## DECLARATORY JUDGMENT OF
## NONINFRINGEMENT OF THE ASSERTED PATENTS

7. Amazon restates and incorporates by reference the allegations in paragraphs 1-6 of its Counterclaims.

8. Clouding alleges it is the owner by assignment of the Asserted Patents.

9. Clouding has asserted the Asserted Patents against Amazon in this action, alleging that Amazon has infringed and/or infringes, directly and/or indirectly, the Asserted Patents.

10. Amazon has not infringed and does not infringe, directly or indirectly, the Asserted Patents.

11. An actual controversy exists between Amazon and Clouding as to whether Amazon has infringed and/or infringes the Asserted Patents.

12. A judicial declaration is necessary for Amazon to ascertain its rights with respect to the Asserted Patents.

## COUNTERCLAIM 2: DECLARATORY JUDGMENT OF INVALIDITY OF EACH OF THE ASSERTED PATENTS

13. Amazon restates and incorporates by reference the allegations in paragraphs 1-12 of its Counterclaims.

14. Clouding alleges that the Asserted Patents are valid and enforceable.

15. Each of the Asserted Patents is invalid for failure to comply with one or more requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

16. An actual controversy exists between Amazon and Clouding as to whether the Asserted Patents are invalid.

17. A judicial declaration is necessary for Amazon to ascertain its rights with respect to the Asserted Patents.

## PRAYER FOR RELIEF

WHEREFORE, Amazon prays for the following relief and judgment:

      A.    A judgment dismissing Clouding's Complaint against Amazon with prejudice;

      B.    A declaration that Amazon has not infringed and does not infringe, directly or indirectly, any of the Asserted Patents;

      C.    A declaration that each one of the Asserted Patents is invalid;

      D.    A declaration that this case is exceptional and that Amazon is entitled to recover reasonable fees and costs incurred in connection with this case;

      E.    An award to Amazon of reasonable fees and costs incurred by it in connection with this case;

      F.    A judgment in equity barring Clouding from enforcing or collecting damages on any of the Asserted Patents;

      G.    Any other further relief the Court may deem appropriate.

## JURY DEMAND

Amazon requests a trial by jury on all claims, counterclaims, and defenses so triable.

*Of Counsel*:

Daniel T. Shvodian
dshvodian@perkinscoie.com
James F. Valentine
jvalentine@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
(650) 838-4300

Matthew C. Bernstein
mbernstein@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-5700


DATED:  July 12, 2013

/s/ *Lauren E. Maguire*

Steven J. Balick (#2114)
sbalick@ashby-geddes.com
Lauren E. Maguire (#4261)
lmaguire@ashby-geddes.com
Andrew C. Mayo (#5207)
amayo@ashby-geddes.com
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

Counsel for Defendants
AMAZON.COM, INC. and
AMAZON WEB SERVICES LLC