IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLOUDING IP, LLC,<br><br>               Plaintiff,<br><br>               -vs.-<br><br>AMAZON.COM, INC. and<br>AMAZON WEB SERVICES, LLC,<br><br>               Defendants. | **REDACTED PUBLIC VERSION**<br><br>The Honorable<br>Leonard P. Stark<br><br>No. 12-cv-0641 (LPS)<br><br>**JURY TRIAL DEMANDED** |

# OPENING BRIEF OF DEFENDANTS AMAZON.COM, INC. AND AMAZON WEB SERVICES, LLC IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF STANDING

*Of Counsel:*

Daniel T. Shvodian
dshvodian@perkinscoie.com
James C. Pistorino
jpistorino@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
(650) 838-4300

Matthew C. Bernstein
mbernstein@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-5700

September 26, 2013

Steven J. Balick (#2114)
sbalick@ashby-geddes.com
Lauren E. Maguire (#4261)
lmaguire@ashby-geddes.com
Andrew C. Mayo (#5207)
amayo@ashby-geddes.com
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

Counsel for Defendants
AMAZON.COM, INC. and
AMAZON WEB SERVICES LLC

{00789196;v1 }

**TABLE OF CONTENTS**

I. NATURE AND STAGE OF THE PROCEEDINGS ............................... 1

II. SUMMARY OF ARGUMENT ............................................................... 1

III. STATEMENT OF RELEVANT FACTS ............................................... 2

IV. LEGAL STANDARD ............................................................................ 5

V. ARGUMENT ......................................................................................... 6

    A. Symantec Did Not Transfer All Substantial Rights in the Patents-in-Suit to Clouding ............................................................. 6

        1. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ 6

        2. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ 8

        3. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ 9

        4. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ 9

        5. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ 12

    B. Because Clouding Did Not Receive All Substantial Rights to the Patent-in-Suit, this Case Must Be Dismissed .......................... 13

VI. CONCLUSION .................................................................................... 14

## TABLE OF AUTHORITIES

*Page(s)*

CASES

*A123 Sys., Inc. v. Hydro-Quebec,*
    626 F.3d 1213 (Fed. Cir. 2010) ----------------------------------------------------------------- 6

*Abbott Labs. v. Diamedix Corp.,*
    47 F.3d 1128 (Fed. Cir. 1995) ------------------------------------------------------------- passim

*Alfred E. Mann Foundation for Scientific Research v. Cochlear Corp.,*
    604 F.3d 1354 (Fed. Cir. 2010) --------------------------------------------------------------- 10

*Ballentine v. United States,*
    486 F.3d 806 (3d Cir. 2007) ------------------------------------------------------------------- 5

*Calgon Corp. v. Nalco Chem. Co.,*
    726 F. Supp. 983 (D. Del. 1995) ----------------------------------------------------------- 7, 10

*Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.,*
    227 F.3d 62 (3d Cir. 2000) -------------------------------------------------------------------- 5

*Erbamont Inc. v. Cetus Corp.,*
    720 F. Supp. 387 (D. Del. 1989) ------------------------------------------------------------ 10

*Ethicon, Inc. v. United States Surgical Corp.,*
    135 F.3d 1456 (Fed. Cir. 1998) --------------------------------------------------------------- 6

*Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.,*
    248 F.3d 1333 (Fed. Cir. 2001) --------------------------------------------------------------- 7

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992) ---------------------------------------------------------------------------- 5

*Miller v. Glenn Miller Prods., Inc.,*
    454 F.3d 975 (9th Cir. 2006) ----------------------------------------------------------------- 8

*Petruska v. Gannon Univ.,*
    462 F.3d 294 (3d Cir. 2006) ------------------------------------------------------------------ 5

*Pfizer, Inc. v. Elan Pharm. Research Corp.,*
    812 F. Supp. 1352 (D. Del. 1993) ---------------------------------------------------------- 7, 9

## TABLE OF AUTHORITIES
### (continued)

Page

*Prima Tek II, L.L.C. v. A–Roo Co.*,
 222 F.3d 1372 (Fed. Cir. 2000)------------------------------------------------------------------8

*Propat Int'l Corp. v. RPost, Inc.*,
 473 F.3d 1187 (Fed. Cir. 2007)------------------------------------------------------------------6

*Raber v. Pittway Corp.*,
 23 U.S.P.Q.2d 1313, 1992 WL 219016 (N.D. Cal. 1992)----------------------------------8

*Rite-Hite Corp. v. Kelley Co.*,
 56 F.3d 1538 (Fed. Cir. 1995) -------------------------------------------------------------------5

*Sicom Sys. Ltd. v. Agilent Techs., Inc.*,
 427 F.3d 971 (Fed. Cir. 2005) ----------------------------------------------------------------5, 7

*Speedplay, Inc. v. Bebop, Inc.*,
 211 F.3d 1245 (Fed. Cir. 2000)---------------------------------------------------------------- 11

*Vaupel v. Textilmaschinen KG v. Meccanica Euro Italia S.p.A.*,
 944 F.2d 870 (Fed. Cir. 1991) ----------------------------------------------------------------- 12

*Walker Digital, LLC. v. Expedia, Inc., et al.*,
 2013 WL 3070615 (D. Del. June 19, 2013) -------------------------------------------------5

*Waterman v. Mackenzie*,
 138 U.S. 252 (1891)----------------------------------------------------------------------------5, 6

*Wiav Solutions LLC v. Motorola, Inc.*,
 631 F.3d 1257 (Fed. Cir. 2010)------------------------------------------------------------------5

OTHER AUTHORITIES

 Rule 12(b)(1) --------------------------------------------------------------------------------------5

**I.     NATURE AND STAGE OF THE PROCEEDINGS**

Clouding IP, LLC (formerly STEC IP, LLC) filed this lawsuit alleging that Amazon.com, Inc. and Amazon Web Services, LLC. (collectively "Amazon") have infringed numerous patents that Clouding supposedly owns by assignment from Symantec Corporation. (D.I. 1.) Clouding has filed two amended complaints (D.I. 11, 67), Amazon has answered and counterclaimed for declarations of invalidity and non-infringement (D.I. 72), and Clouding has replied to the counterclaims (D.I. 82).

In response to Amazon's discovery requests, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Amazon has therefore filed this motion to dismiss the case for lack of subject matter jurisdiction. Notably, the same problem affects Clouding's thirteen parallel lawsuits alleging that other defendants have infringed some or all of the same patents, including three cases (against Google, Rackspace, and Motorola Mobility) that are currently pending before this Court.



**II.    SUMMARY OF ARGUMENT**

The law is well settled: when a patent holder transfers some patent rights to another party but retains other substantial rights, the transferee lacks standing to bring a patent infringement suit on its own. That is the situation here.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
███

Because Clouding does not hold all substantial rights in the patents, it has no standing to sue for infringement ████████████████████████████████ ███ As a result, the case must be dismissed for lack of subject-matter jurisdiction.

### III. STATEMENT OF RELEVANT FACTS

In each of its three complaints, Clouding has alleged that it is "the owner by assignment from Symantec Corporation" of each patent-in-suit. (*See*, *e.g.*, D.I. 1 at 2-3 ¶ 8.) Clouding has not, however, alleged that it owns all rights, title and interest in the patents-in-suit, and the facts show that it does not.





―――――――――――

[1] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ his motion assumes, without conceding, that Symantec Corporation and/or Symantec International owned all rights in the patents-in-suit before February 2012.

[2] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



Under

---

[3] Clouding did file suit against Amazon within six months of the Agreement, but at that point Amazon had not "refused to enter into a license": Clouding's lawsuit came out of the blue, without notice.

[4]  Clouding had not, however, asserted the patents in this suit against other defendants before it filed this suit.

## IV. LEGAL STANDARD

A plaintiff must have standing to sue when it first files suit. *Sicom Sys. Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975-76 (Fed. Cir. 2005). If the plaintiff lacked standing at that time, the court lacks subject-matter jurisdiction and must dismiss the case under Rule 12(b)(1). *See, e.g., Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1551 (Fed. Cir. 1995).

As the party invoking federal jurisdiction, Clouding bears the burden of establishing its standing to sue. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Walker Digital, LLC. v. Expedia, Inc., et al.*, 2013 WL 3070615, at *9-10, 12 (D. Del. June 19, 2013). In resolving standing, this Court need not accept Clouding's allegations as true and may consider matters outside the pleadings to satisfy itself that it has jurisdiction. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006); *see also Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000); *Walker Digital*, 2013 WL 3070615, at *10. Although Third Circuit law governs procedural matters not unique to patent cases, Federal Circuit law governs whether a plaintiff has sufficient rights in the patents-in-suit to assert patent infringement. *Wiav Solutions LLC v. Motorola, Inc.*, 631 F.3d 1257, 1263 (Fed. Cir. 2010).

In order to have standing to sue on its own, a plaintiff alleging patent infringement must possess all substantial rights in the patent. *See, e.g., Waterman v. Mackenzie*, 138 U.S. 252, 255 (1891). "Whether a transfer of a particular right or interest under a patent is an assignment or a license does not depend upon the name by which it

calls itself, but upon the legal effect of its provisions." *Id.* at 256; *see A123 Sys., Inc. v. Hydro-Quebec*, 626 F.3d 1213, 1218 (Fed. Cir. 2010). The question, then, is not whether the ███████████████████████████████████████████████████

████████████████████████████████████████████████████

██ *See Propat Int'l Corp. v. RPost, Inc.*, 473 F.3d 1187, 1192 (Fed. Cir. 2007).[5]

## V. ARGUMENT

As a matter of law, Clouding did not hold all substantial rights in the patents-in-suit when it filed suit. As a result, Clouding was not a "patentee" with standing to sue for infringement in its own name. The case should therefore be dismissed.

### A. Symantec Did Not Transfer All Substantial Rights in the Patents-in-Suit to Clouding

████████████████████████████████████████████████████

██████, ████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████

#### 1. ████████████████████████████████

A fundamental attribute of patent ownership is the right to sell or otherwise transfer the patent to someone else. "'[J]ust as the right to alienate personal property

---

[5] A party may also have standing to sue if it possesses an undivided partial interest in a patent or it holds exclusive rights in the relevant portion of the United States. Clouding, however, purports to be the sole owner nationwide, so this brief will not address the possibility of co-ownership. Amazon notes, however, that even if Clouding co-owned the patents with Symantec, Clouding would need to join Symantec as a party to this lawsuit and has not done so. *See, e.g.*, *Ethicon, Inc. v. United States Surgical Corp.*, 135 F.3d 1456, 1467 (Fed. Cir. 1998).

is an essential indici[um] of ownership, the right to further assign patent rights is implicit in any true assignment.'" *Sicom*, 427 F.3d at 979 (quoting *Calgon Corp. v. Nalco Chem. Co.*, 726 F. Supp. 983, 985 (D. Del. 1995)). Courts thus regularly hold that restrictions on the right to re-transfer demonstrate that the recipient did not receive a true assignment of all substantial rights. *See*, *e.g.*, *id.* (agreeing with the district court that "'the restriction on Sicom's right to assign' was a 'fatal reservation of rights by [the transferor]" and that Sicom lacked standing); *Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1345 (Fed. Cir. 2001) (stating that "limits on the assignment of rights are a factor weighing in favor of finding a transfer of fewer than all substantial rights"; holding that the need for consent before further assignment supported the finding that the agreement with the plaintiff did not transfer all substantial rights); *Abbott Labs. v. Diamedix Corp.*, 47 F.3d 1128, 1132-33 (Fed. Cir. 1995) (Diamedix's right to prevent Abbott from assigning its rights to anyone other than a successor supported the finding that Abbott was a licensee rather than Diamedix's assignee).

In this case, ███████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
█████████████████████████████ *See also Pfizer, Inc. v. Elan Pharm. Research*

*Corp.*, 812 F. Supp. 1352, 1356 (D. Del. 1993) (in light of the "harsh restriction on alienation" requiring permission from Bayer before Pfizer could transfer the patent-in-suit," the court "look[ed] no further in determining that Bayer reserved substantial rights under the Agreement"); *Raber v. Pittway Corp.*, 23 U.S.P.Q.2d 1313, 1314-15, 1992 WL 219016, *3 (N.D. Cal. 1992) (cited approvingly in *Abbott Labs.*, 47 F.3d at 1133) (finding no assignment and dismissing case where Raber lacked the right to assign the rights he received without permission from Cerebus, the party that provided rights to Raber).

### 2. ████████████████████

Another fundamental attribute of patent ownership is the right to license others to practice the patent on terms of the owner's choosing, while a licensee's right to sub-license is limited or non-existent. *See*, *e.g.*, *Prima Tek II, L.L.C. v. A–Roo Co.*, 222 F.3d 1372, 1380 (Fed. Cir. 2000) (finding that an "agreement does not transfer all substantial rights in the patents" to a party when its right to sub-license is limited); *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (finding that "[i]t is well established in patent . . . law that a patent . . . licensee may not sub-license his licensed intellectual property rights without express permission from the licensor"). Here, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

███████████████████████████  ████████████████████████████
████████████████████████

       **3.**    ████████████████████████████████

Another key right of an owner is the right to prevent others from practicing the patent. The more the plaintiff's right to exclude is limited, the more likely it will be deemed a licensee as opposed to a true owner by assignment. *See*, *e.g.*, *Abbott*, 47 F.3d at 1132 (finding that Abbott was not a "patentee" where Diamedix retained extensive rights to make, use, and sell and Abbott's rights were subject to previous licenses by Diamedix); *Pfizer*, 812 F. Supp. at 1373 (noting that Bayer, the transferor, retained both manufacturing and have-made rights).

Here, ████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
██████████████████████████  ██████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
██████████████████████

     **4.** █████████████████████████

Another essential right of a patent owner is the right to sue or refrain from suing for infringement, and limitations on that right indicate that the holder is not a true owner. In *Abbott*, for example, "the agreement provide[d] that if Diamedix ask[ed] Abbott to bring suit against an alleged infringer and Abbott decline[d] to do so, Diamedix ha[d] the right to prosecute its own infringement action." 47 F.3d at 1132. The Federal Circuit recognized that this meant that Abbott "d[id] not enjoy the right to indulge infringements, which normally accompanies a complete conveyance of the right to sue," indicating that Abbott was not an assignee entitled to sue in its own name. *Id.; see also Erbamont Inc. v. Cetus Corp.*, 720 F. Supp. 387, 393 (D. Del. 1989) (holding that Farmitalia retained an interest in the patent where it had the right to bring an action in its own name if Erbamont decided not to sue); *Calgon*, 726 F. Supp. at 986-87 (describing the right to sue infringers as "most important[ ]" and holding that Calgon was not an assignee where another party, Kurita, "retain[ed] a measure of control over infringement suits").

    *Alfred E. Mann Foundation for Scientific Research v. Cochlear Corp.*, 604 F.3d 1354 (Fed. Cir. 2010), is instructive. There the original patent owner, AMF, executed an agreement granting broad and exclusive rights to AB. As to litigation, however, AB had only a right of first refusal to sue and the right to share proceeds: AMF could bring suit if AB did not, and AB had no right to control AMF's conduct of that suit. The Federal Circuit recognized that "[w]here the licensor retains a right to sue accused infringers, that right often precludes a finding that all substantial rights were transferred to the licensee." *Id*. at 1361. The court also stressed that "a broad right to

decide whether to bring suit and to control litigation is thoroughly inconsistent with an assignment of the patents-in-suit to AB," *id.* at 1362, and it proceeded to hold that AMF retained substantial rights and thus remained the owner with standing to sue.

    Here █████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
█████████████████████████████ *See Abbott*, 47 F.3d at 1132.

    *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245 (Fed. Cir. 2000), is not contrary. There the Federal Circuit held that the original owner's retained right to sue did not deprive the plaintiff of standing, but that was because the retained right to sue was "illusory." Although Bryne and Zoumaris nominally had the right to sue an infringer if Speedplay did not, Speedplay could "render that right nugatory by granting the alleged infringer royalty-free sublicense." *Id.* at 1251. ████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

███████████████████████████████████████ ██████████

      **5.**   ███████████████████████████████ ████████████████

███████████████████████████████████████████████

████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████ *See, e.g., Vaupel v. Textilmaschinen KG v. Meccanica Euro Italia S.p.A.*, 944 F.2d 870 (Fed. Cir. 1991) (reversionary rights in event of bankruptcy or termination of production did not indicate retention of substantial rights).████████████████████████████████

████████████████████████

---

[6] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

For example, although a true owner has the unfettered right to transfer its interests, ██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████

██████████████████████

██████████████████████████████████████████

**B.     Because Clouding Did Not Receive All Substantial Rights to the Patent-in-Suit, this Case Must Be Dismissed**

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████ Clouding lacks Clouding lacks standing to sue on its own and in its own name.

Clouding may argue that even if it is not an owner of the patents, it is at least an exclusive licensee. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As things stand, there is only one plaintiff, and that plaintiff lacks standing to sue.

## VI. CONCLUSION

The case should be dismissed for lack of subject-matter jurisdiction.

Respectfully submitted,

By: /s/ *Andrew C. Mayo*
Steven J. Balick (#2114)
sbalick@ashby-geddes.com
Lauren E. Maguire (#4261)
lmaguire@ashby-geddes.com
Andrew C. Mayo (#5207)
amayo@ashby-geddes.com
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

Counsel for Defendants
AMAZON.COM, INC. and
AMAZON WEB SERVICES LLC

*Of Counsel*:

Daniel T. Shvodian
dshvodian@perkinscoie.com
James C. Pistorino
jpistorino@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
(650) 838-4300

Matthew C. Bernstein
mbernstein@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-5700

September 26, 2013