**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CLOUDING IP, LLC, | |
| Plaintiff, | C.A. No. 12-639-LPS |
| v. | **JURY TRIAL DEMANDED** |
| GOOGLE INC., | |
| Defendant. | |
| CLOUDING IP, LLC, | |
| Plaintiff, | |
| v. | C.A. No. 12-1078-LPS |
| MOTOROLA MOBILITY LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |
| CLOUDING IP, LLC, | |
| Plaintiff, | |
| v. | C.A. No. 12-641-LPS |
| AMAZON.COM, INC. and AMAZON WEB SERVICES, LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |
| CLOUDING IP, LLC, | |
| Plaintiff, | |
| v. | C.A. No. 12-675-LPS |
| RACKSPACE HOSTING, INC., RACKSPACE US, INC., and JUNGLE DISK, LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**BRIEF OF DEFENDANTS GOOGLE INC., MOTOROLA MOBILITY LLC, AMAZON.COM, INC., AMAZON WEB SERVICES, LLC, RACKSPACE HOSTING, INC., RACKSPACE US, INC. AND JUNGLE DISK, LLC IN SUPPORT OF MOTION TO BIFURCATE DAMAGES FROM LIABILITY AND TO STAY DAMAGES-RELATED FACT AND EXPERT DISCOVERY**

Steven J. Balick (#2114)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com

*Of Counsel:*

Daniel T. Shvodian
James F. Valentine
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
(650) 838-4300

Matthew C. Bernstein
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-5700

*Attorneys for Defendants Amazon.com, Inc. and Amazon Web Services LLC, Rackspace Hosting, Inc., Rackspace US, Inc., and Jungle Disk, LLC,*

Jack B. Blumenfeld (#1014)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Of Counsel:*

Michael A. Berta
Emily Hostage
ARNOLD & PORTER LLP
Three Embarcadero Center
7th Floor
San Francisco, CA 94111-4024
(415) 471-3100

Jennifer Sklenar
Marco J. Martemucci
ARNOLD & PORTER LLP
44th Floor
777 South Figueroa Street
Los Angeles, CA 90017-5844

*Attorneys for Defendants Google Inc. and Motorola Mobility LLC*

October 4, 2013

## TABLE OF CONTENTS

**Page**

I.   NATURE AND STAGE OF PROCEEDINGS ...............................................................1

II.   SUMMARY OF THE ARGUMENT .............................................................................2

III.   STATEMENT OF RELEVANT FACTS .......................................................................3

IV.   ARGUMENT .................................................................................................................4

      A.   The Complexity of Issues Weighs in Favor of Bifurcation in Each of These
           Cases .................................................................................................................5

      B.   Bifurcation Will Promote Efficiency and Judicial Economy ...............................7

      C.   Prejudice to Defendants Absent Bifurcation Outweighs any Potential Prejudice
           to Clouding ........................................................................................................8

      D.   Bifurcation of Liability and Damages in Patent Cases is Constitutional and
           Commonplace .....................................................................................................9

      E.   Damages-Related Discovery Should Be Stayed Pending Resolution of the
           Liability Issues .................................................................................................10

V.   CONCLUSION ............................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*B. Braun Med. Inc. v. Abbott Labs.*,
No. 93-3883, 1994 U.S. Dist. LEXIS 12104 ..........................................................................5

*Bankers Life & Casualty Co. v. Holland*,
346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106 (1953) .................................................................9

*British Telecomm. PLC v. Google Inc.*,
No. 11-1249-LPS, 2013 WL 3814329 (D. Del. July 22, 2013)..........................................4, 7

*Ciena Corp. v. Corvis Corp.*,
210 F.R.D 519 (D. Del. 2002) ..............................................................................................5

*Crawford-El v. Britton*,
523 U.S. 574 (1998) ...........................................................................................................10

*Dutch Branch of Streamserve Dev. AB v. Exstream Software, LLC*,
No. 08-343-SLR, 2009 WL 2705932 (D. Del. Aug. 26, 2009) ..........................................4, 9

*Enzo Life Scis., Inc. v. Digene Corp.*,
No. 02-212-JJF, 2003 WL 21402512 (D. Del. June 10, 2003)...........................................4, 5

*Gasoline Products Co. v. Champlin Refining Co.*,
283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188 (1931) ...............................................................9

*In re Innotron Diagnostics*,
800 F.2d 1077 (Fed. Cir. 1986)............................................................................................9

*Lab. Skin Care, Inc. v. Ltd. Brands, Inc.*,
757 F. Supp. 2d 431 (D. Del. 2010) ..................................................................................5, 7

*Medpointe Healthcare Inc. v. Hi-Tech Pharmacal Co., Inc.*,
No. 03-5550-MLC, 2007 WL 188285 (D.N.J. Jan. 22, 2007)................................................5

*Novopharm Ltd. v. Torpharm, Inc.*,
181 F.R.D. 308 (E.D.N.C. 1998) .....................................................................................6, 10

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
587 F. Supp. 1112 (D. Del. 1984) .........................................................................................9

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
No. 04-cv-1371, 2006 WL 2435089 (D. Del. August 22, 2006) ............................................9

*Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*,
180 F.R.D. 254 (D.N.J. 1997)...............................................................................................7

*Real v. Bunn-O-Matic Corp.*,
  195 F.R.D. 618 (N.D. Ill. 2000) ........................................................................................8

*Ricoh Co. v. Katun Corp.*,
  No. 03-2612-WHW, 2005 U.S. Dist. LEXIS 46493 (D.N.J. July 14, 2005) ...........................4

*Robert Bosch LLC v. Pylon Mfg. Corp.*,
  No. 08-542-SLR, 2009 WL 2742750 (D. Del. Aug. 26, 2009) ...............................................5

*Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier Inc.*,
  59 U.S.P.Q. 2d (BNA) 1088 (C.D. Cal. 2001) ......................................................................6

## STATUTES AND RULES

Fed. R. Civ. P. 26(d) ...........................................................................................................10

Fed. R. Civ. P. 4(c) ...............................................................................................................4

Fed. R. Civ. P. 42(b) ........................................................................................................4, 10

Defendants Google Inc. ("Google"), Motorola Mobility LLC ("Motorola Mobility"), Amazon.com, Inc., Amazon Web Services, LLC (jointly, "Amazon"), Rackspace Hosting, Inc., Rackspace US, Inc. and Jungle Disk, LLC (jointly, "Rackspace") (all collectively, "Defendants") submit this brief in support of their Motion to Bifurcate Damages from Liability and to Stay Damages-Related Discovery pending resolution of liability issues.

## I.     NATURE AND STAGE OF PROCEEDINGS

In May 2012, Plaintiff Clouding IP, LLC ("Clouding") filed complaints in these cases, in which it alleged that Defendants infringe numerous patents that Clouding purports to own.[1] (*See* Amazon D.I. 1; Google D.I. 1; Rackspace D.I.1.)  Clouding filed its complaint against Motorola on August 27, 2012.  (Motorola D.I. 1.)  More recently, Clouding filed 17 other cases in this Court against various defendants, in which it asserts one or more of the same patents at issue against the present Defendants.   (See Google D.I. 93).

This Court issued a Scheduling Order on January 10, 2013.  (Google D.I. 27.)  The Court set a claim construction hearing for December 20, 2013;[2] initial expert reports 60 days after the Court's claim construction ruling; a discovery cut off of February 28, 2014; and case dispositive motions  to be filed on October 10, 2014.  (*Id.* at 3, 6, 10.)   Defendants are working on their respective document collections and production.  No fact depositions have yet been taken and expert discovery has not yet commenced.

---

[1] As set forth in the motion to dismiss pending before the Court (Amazon D.I. 112; Rackspace D.I. 120; Google D.I. 101), Clouding lacks standing to bring suit for any the patents-in-suit.

[2] The Court has requested and received proposals from the parties for rescheduling the claim construction proceedings to accommodate the potential involvement of some or all of the 17 later-added defendants; however, the Court has not yet modified the Scheduling Order in this regard.  (*See* Google D.I. 93).)

## II.    SUMMARY OF THE ARGUMENT

These cases – which are very complex in size and subject matter – are ripe for further case management.  As of September 13, 2013, *after narrowing its asserted claims*, Clouding asserts 37 claims across 11 patents against Google, 40 claims across 12 patents against Amazon, 35 claims across 9 patents against Rackspace, and 7 claims across 2 patents against Motorola Mobility.  Clouding is accusing approximately 50 of Defendants' products and services of infringement, cutting across much of their diverse businesses.[3]  Some of those products and services are accused of infringing one or two patents, while others are accused of infringing many more.  The cases involve many technology areas including: data storage and maintenance, configuration of computing resources or networks, networked computer resource management, data synchronization and distribution, network packet encryption schemes, and pay-per-use computing.  Bifurcation of damages from liability and a stay of damages discovery are steps that would be extremely helpful in making the cases manageable.

Bifurcation is also necessary to avoid jury confusion and prejudice.  It is difficult to imagine how a damages case could be presented to the jury in a meaningful way in any of these cases.  A jury could not track the various infringement and invalidity issues associated with such a large number of asserted patents and accused products, while at the same time considering complex damages issues on a patent-by-patent and product-by-product basis.  Judicial economy and efficiency also will be served by the preservation of judicial (and party) resources if these cases are bifurcated, particularly if the jury finds certain claims to be not infringed or invalid.

A stay of damages discovery is also much needed.  Without a stay, financial discovery would need to proceed on a large number of accused products and services and various technical

---

[3] Specifically, Clouding accuses at least 17 Amazon products, 16 Google products, 3 Motorola Mobility products, and 12 Rackspace products of infringement.

subject matters.  With as many as 12 patents and 17 accused products per defendant, the burden of damages-related fact and expert discovery is likely to be enormous.  Damages experts would need to analyze and prepare contingent damages models to account for the myriad possible outcomes of the liability determinations as to each asserted claim and each accused product. Until the jury decides whether any products or services infringe any valid claim, the parties will not know on which damages issues they need to focus their discovery, if at all.

In sum, these cases are exemplars of the types of cases that require bifurcation of damages and a stay of damages discovery to make the cases manageable and to prevent waste. The requested relief will prevent prejudice to Defendants already burdened by discovery and case preparation, and who face the risk of significant juror confusion.  In contrast, Clouding will not suffer any meaningful prejudice because Clouding and the Defendants are not competitors and Clouding does not practice the patented technology.

## III.   STATEMENT OF RELEVANT FACTS

Plaintiff purported to acquire the patents-in-suit as part of a portfolio of patents from Symantec Corporation.  (*See, e.g.*, First Amended Complaint, Google D.I. 11)  Plaintiff's business model appears to rely exclusively on licensing its acquired patents and enforcing them through litigation.  Since Plaintiff's filing of complaints against Google, Amazon, and Rackspace in May 2012, and against Motorola Mobility on August 27, 2012, the cases have been proceeding on a coordinated schedule for discovery.

Since filing its complaints against Defendants, Clouding has filed 17 additional lawsuits in this Court alleging infringement of two or more of the patents-in-suit in the above-captioned cases.  In December 2012, Clouding sued ten defendants in eight lawsuits alleging infringement of two of the patents at issue.  In July 2013, Clouding filed three more complaints, and another six complaints in August.

Against Defendants in these four actions, Clouding asserts up to 12 patents each. Clouding's Paragraph 4(c) disclosures asserted 194 distinct claims against Defendants across the 12 patents.   (See Google D.I. 84).)   The number of asserted claims has since been reduced to 37 claims across 11 patents against Google, 40 claims across 12 patents against Amazon, 35 claims across 9 patents against Rackspace, and 7 claims across 2 patents against Motorola Mobility. (*See* Clouding IP, LLC's Identification of Asserted Claims, served Sept. 13, 2013 (Google D.I. 88).)   Despite narrowing its claim assertions, Clouding still accuses nearly 50 of Defendants' products and services.

## IV.   ARGUMENT

Pursuant to Rule 42(b), Courts have broad discretion to bifurcate issues or claims for separate trials for convenience, to avoid prejudice, or to expedite and economize proceedings. *See* Fed. R. Civ. P. 42(b); *Enzo Life Scis., Inc. v. Digene Corp.*, No. 02-212-JJF, 2003 WL 21402512, at *5 (D. Del. June 10, 2003) ("Bifurcation is an important discretionary tool that district courts can use to ensure that the cases are resolved in a just manner by juries that understand the complex issues before them."); *Ricoh Co. v. Katun Corp.*, No. 03-2612-WHW, 2005 U.S. Dist. LEXIS 46493, at *3 (D.N.J. July 14, 2005) (court has "broad discretion in deciding whether to separate issues and claims for trial, in accordance with its broad power to manage its trial calendar").   In exercising its discretion, the Court "should consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case." *Enzo Life Scis.*, 2003 WL 21402512, at *4.

This Court has found patent cases particularly well-suited for bifurcation.  *See, e.g.*, *British Telecomm. PLC v. Google Inc.*, No. 11-1249-LPS, 2013 WL 3814329, *2 (D. Del. July 22, 2013) (bifurcating liability from damages in case involving multiple patents, a variety of asserted claims, and a wide range of accused products); *Dutch Branch of Streamserve Dev. AB v.*

*Exstream Software, LLC*, No. 08-343-SLR, 2009 WL 2705932, *1 (D. Del. Aug. 26, 2009) (bifurcating liability from damages and willfulness, noting that "bifurcation is appropriate, if not necessary, in all but exceptional patent cases"); *Robert Bosch LLC v. Pylon Mfg. Corp.*, No. 08-542-SLR, 2009 WL 2742750, *1 (D. Del. Aug. 26, 2009) (same); *Lab. Skin Care, Inc. v. Ltd. Brands, Inc.*, 757 F. Supp. 2d 431, 442 (D. Del. 2010) (court "finds it proper to exercise its discretion and try infringement separately from the issues of damages and willfulness"); *Enzo*, 2003 WL 21402512, at *5 ("Typically, courts bifurcate patent cases into liability and damage trials.").[4]   Bifurcation is especially warranted in complex patent cases to avoid confusing jurors. *See Enzo*, 2003 WL 21402512, at *5 (courts "bifurcate complex patent cases in such a way to prevent jury confusion"); *Robert Bosch LLC*, 2009 WL 2742750, at *1 (noting that "the burden imposed [on] a jury in a patent trial is extraordinary"); *Ciena Corp. v. Corvis Corp.*, 210 F.R.D 519, 521 (D. Del. 2002) ("In the context of patent cases, experienced judges use bifurcation and trifurcation both to simplify the issues . . . and to maintain manageability of the volume and complexity of the evidence presented to a jury.") (citation and internal quotations omitted).

### A.   The Complexity of Issues Weighs in Favor of Bifurcation in Each of These Cases

In determining whether to bifurcate, courts "should consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case." *Lab. Skin Care, Inc.*, 757 F. Supp. 2d at 441 (quoting *Enzo*, 2003 WL 21402512, at *4).   Assuming the cases are not resolved on summary judgment, the jury will

---

[4] Similarly, other district courts in the Third Circuit routinely order bifurcation of damages from liability in patent cases. *See, e.g., Medpointe Healthcare Inc. v. Hi-Tech Pharmacal Co., Inc.*, No. 03-5550-MLC, 2007 WL 188285, *7 (D.N.J. Jan. 22, 2007) (finding that "the issues of damages and willfulness are properly bifurcated because they are relatively complex and involve distinct facts and circumstances"); *B. Braun Med. Inc. v. Abbott Labs.*, No. 93-3883, 1994 U.S. Dist. LEXIS 12104, at **2-3 (E.D. Pa. Aug. 24, 1994) (bifurcating damages from liability).

confront complex liability issues that not only implicate difficult issues of patent law, but also a mélange of technologies, including: computer hardware engineering and architecture, distributed and "virtual" computing, network resource allocation and management, communication protocols and security, and data indexing and storage.

The complexity of liability issues will only be compounded by the large number of asserted patents and accused products.  If the parties are required to prepare and present damages theories to the jury before liability is determined, the damages analyses will have to address each potential liability outcome.  In the Amazon case, for example, there are at least 47 different instances of an Amazon product accused of infringing an asserted patent, which would necessitate an extremely complex damages presentation to account for the myriad of potential outcomes regarding infringement and validity across all of those products and patents.

In trying to determine a reasonable royalty for each alleged instance of infringement, a jury would first have to determine the time that the hypothetical negotiation between Clouding and the accused infringer would have taken place.  Then, the jury would need to assess, for each instance of a product accused of infringing one of the asserted patents and as of the time that it determined that the alleged infringement began, the fifteen "*Georgia-Pacific*" factors.  It would be nearly impossible for a jury to adequately comprehend and evaluate such a presentation, much less render a meaningful and just verdict.  *Novopharm Ltd. v. Torpharm, Inc.*, 181 F.R.D. 308, 311 (E.D.N.C. 1998); *see also Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier Inc.*, 59 U.S.P.Q. 2d (BNA) 1088, 1089-90 (C.D. Cal. 2001) ("A determination of reasonable royalty requires evidence on 15 different factors, each of which is complex.") (internal citation omitted).

Bifurcation, however, would allow the jury to focus on liability issues without also having to balance the extremely complex issues of damages that would have to be presented in

this litigation if liability had not yet been determined.  *Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. 254, 257 (D.N.J. 1997) (granting motion to bifurcate in action involving single patent related to capillary electrophoresis systems, emphasizing that "[e]ven plaintiff's most simplistic assessment of the underlying technology and the liability issues in question are likely to be confusing to a jury, unsophisticated in the area of intellectual property").

### B.     Bifurcation Will Promote Efficiency and Judicial Economy

Bifurcation will also promote efficiency and judicial economy, potentially obviating trial on many if not all potential damages issues without requiring duplication of evidence or testimony.  *See Princeton*, 180 F.R.D. at 258.  Even if a damages trial is still necessary, the outcome of the liability trial – particularly with so many asserted patents and accused products – will likely significantly reduce the damages issues.  *See, e.g.*, *British Telecomm.*, No. 11-1249-LPS, 2013 WL 3814329 at *3 ("Bifurcation also presents the possibility of preservation of judicial (and party) resources, particularly if the jury finds certain claims to be not infringed or invalid, or finds that certain accused products do not infringe any valid claims.); *Lab. Skin Care*, 757 F. Supp. 2d at 442 ("Judicial resources may be conserved through bifurcation, as liability may not be found, or even if found it may simplify the subsequent damages and willfulness trial."); *AVIA*, 1991 WL 340569, at *2 ("Should the jury find any of the patents invalid, unenforceable, or not infringed, no damages inquiry need be presented for those patents nor for any non-infringing product.  Furthermore, a jury finding on liability may encourage settlement of the damages issue and thereby eliminate the need for a second trial.").

Given the many patents, claims and products at issue in these cases, there will be many possible different damages issues for the jury to consider.  "Requiring the parties' experts to formulate a host of contingent damages models, and to testify to the same before the jury, would be expensive and confusing as well."  *British Telecomm.*, No. 11-1249-LPS, 2013 WL 3814329

at *3.  Bifurcating damages will prevent the need to prepare and present contingent damages theories to the jury, and will potentially obviate the need for trial on many if not all potential damages issues, thereby conserving judicial resources.

### C.    Prejudice to Defendants Absent Bifurcation Outweighs any Potential Prejudice to Clouding

Any potential prejudice to Clouding from bifurcation would be minimal and would be significantly outweighed by the prejudice to Defendants absent bifurcation, as well as being significantly outweighed by the benefits to the Court, Defendants, and Clouding itself.  Courts must evaluate two competing forms of potential prejudice in bifurcation decisions: (1) "prejudice that may arise because of potential confusion of a jury on complicated issues if bifurcation is denied" and (2) "prejudice caused by the considerable delay that will result if separate trials and discovery is ordered."  *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 621 (N.D. Ill. 2000).  As discussed above, there is little doubt that the jury will be confused if asked to evaluate such complex damages issues in the same trial with complicated issues of liability.  Defendants will suffer immense prejudice if the jury is so overwhelmed by complex and voluminous infringement and validity permutations that its damages findings are tainted by confusion.

Any prejudice claimed by Clouding by virtue of a lengthier overall case schedule should not be given much weight.  Clouding is an entity that appears to exist only to assert or license the patents-in-suit.  It does not compete with Defendants as to any of the accused products and services.  It does not practice any of the patents it asserts in these actions.  In fact, it does not make or sell any products or services at all.  Therefore, Clouding can be fully compensated for any additional delay through interest should it ultimately prevail on any infringement theory.  Moreover, Clouding would likewise benefit from the financial savings achieved by addressing

damages discovery after liability is decided.  Thus, prejudice that will result to Defendants if damages are not bifurcated significantly outweighs any prejudice claimed by Clouding.

> **D.**    **Bifurcation of Liability and Damages in Patent Cases is Constitutional and Commonplace**

Clouding has already asserted that bifurcation of liability and damages somehow violates its Seventh Amendment right to a jury trial.  This position is without merit.  Separate jury trials are both lawful and appropriate where the issues to be tried are, as here, distinct and separable and when, also present here, separate trials would not constitute a clear and indisputable violation of the constitutional right to a fair trial.  *In re Innotron Diagnostics*, 800 F.2d 1077, 1086 (Fed. Cir. 1986) (citing *Bankers Life & Casualty Co. v. Holland,* 346 U.S. 379, 384, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953); *Gasoline Products Co. v. Champlin Refining Co.,* 283 U.S. 494, 500, 51 S.Ct. 513, 515, 75 L.Ed. 1188 (1931)) (internal quotes omitted).  This Court has already rejected the precise constitutional challenge raised by Clouding, stating that the Seventh Amended is not violated by "having two juries review the same evidence, but rather ... having two juries decide the same essential issues."  *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 587 F. Supp. 1112, 1117 (D. Del. 1984).  In *Paine Webber*, the Court determined that no Seventh Amendment conflict existed where different juries were asked to decide the liability and damages phases, because the juries would not be asked to decide the same essential factual issues, even though both juries were presented the issue of plaintiff's "commercial success" and some of the same evidence in both phases.  *Id*. at 1116-17.  In fact, bifurcation of liability and damages in patent cases is quite common in this Court.  *See*, *e.g.*, *id.*; *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. 04-cv-1371, 2006 WL 2435089, *2 (D. Del. August 22, 2006) (rejecting Seventh Amendment arguments on motion for reconsideration of bifurcation of liability and damages); *Dutch Branch of Streamserve Dev. AB*,

2009 WL 2705932 at *1 (bifurcating liability from damages and willfulness, noting that "bifurcation is appropriate, if not necessary, in all but exceptional patent cases").

### E.     Damages-Related Discovery Should Be Stayed Pending Resolution of the Liability Issues

The Court should also stay damages discovery.  Fed. R. Civ. P. 26(d) grants the Court broad discretion over the timing and sequence of discovery.  *See Crawford-El v. Britton*, 523 U.S. 574, 599 (1998).  In this case, if the damages phase is bifurcated (as it should be, for the reasons set forth above), fact and expert discovery on damages should be stayed in order to fulfill the purposes behind separate trials under Rule 42(b).  *See Novopharm*, 181 F.R.D. at 312 (staying damages discovery pending resolution of liability, noting that "[o]ne of the purposes of bifurcation under Rule 42(b) is to defer costly discovery and trial preparation costs pending the resolution of preliminary liability issues").

Without a stay, Defendants will be forced to provide extensive and onerous discovery relevant only to damages issues.  Given that Clouding is a non-practicing entity, the burden of damages fact discovery will be borne exclusively by Defendants, and much of it could be wasted if any patents are found invalid or if any accused products are found not to infringe.  Moreover, the burden and expense of preparing expert reports and taking expert discovery on such a large number of possible permutations for damages is staggering.  If some or all of the claims of the patents are found invalid or not infringed, this would greatly simplify expert discovery with respect to damages.  The damages experts would not need to formulate a host of contingent damages models, and would instead be able to opine on a definitive set of products and patents.

In light of the unnecessary expense and effort the parties would be compelled to expend on damages-related discovery prior to a finding of liability, discovery on damages should be stayed pending resolution of the liability issues.

## V.      CONCLUSION

For the foregoing reasons, this Court should order the bifurcation of the liability and

damages portions of the case and stay damages-related fact and expert discovery pending this

Court's resolution of liability issues.


ASHBY & GEDDES                          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Steven J. Balick                    /s/ Jack B. Blumenfeld
_____         _____
Steven J. Balick (#2114)                Jack B. Blumenfeld (#1014)
sbalick@ashby-geddes.com                jblumenfeld@mnat.com
500 Delaware Avenue, 8th Floor          1201 North Market Street
P.O. Box 1150                           P.O. Box 1347
Wilmington, DE 19899                    Wilmington, DE 19899
(302) 654-1888                          (302) 658-9200


*Of Counsel:*                           *Of Counsel:*

Daniel T. Shvodian                      Michael A. Berta
James F. Valentine                      Emily Hostage
PERKINS COIE LLP                        ARNOLD & PORTER LLP
3150 Porter Drive                       Three Embarcadero Center
Palo Alto, CA 94304                     7th Floor
(650) 838-4300                          San Francisco, CA  94111-4024
                                        (415) 471-3100
Matthew C. Bernstein
PERKINS COIE LLP                        Jennifer Sklenar
11988 El Camino Real, Suite 200         Marco J. Martemucci
San Diego, CA 92130                     ARNOLD & PORTER LLP
(858) 720-5700                          44th Floor
                                        777 South Figueroa Street
*Attorneys for Defendants*              Los Angeles, CA 90017-5844
*Amazon.com, Inc. and Amazon*
*Web Services LLC,  Rackspace*          *Attorneys for Defendants Google Inc. and*
*Hosting, Inc., Rackspace US, Inc., and*   *Motorola Mobility LLC*
*Jungle Disk, LLC,*


October 4, 2013

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 4, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 4, 2013, upon the following in the manner indicated:

Richard D. Kirk, Esquire                                             *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
Vanessa R. Tiradentes, Esquire
BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

Marc. A. Fenster, Esquire                                           *VIA ELECTRONIC MAIL*
Jaspal S. Hare, Esquire
Dorian S. Berger, Esquire
Brian Ledahl, Esquire
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025

*/s/ Jack B. Blumenfeld*

_____
Jack B. Blumenfeld (#1014)