

222 Delaware Avenue • Suite 900
P.O. Box 25130 • Wilmington, DE 19899
Zip Code For Deliveries 19801

Writer's Direct Access:
(302) 429-4232
Email: sbrauerman@bayardlaw.com

October 23, 2013

**BY CM/ECF & HAND DELIVERY**

The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

    Re:    *Clouding IP, LLC v. Google, Inc.*, C.A. No. 12-639-LPS;
             *Clouding IP, LLC v. Amazon.com, Inc., et al.*; C.A. No. 12-641-LPS;
             *Clouding IP, LLC v. Rackspace Hosting, Inc., et al.*, C.A. No. 12-675-LPS;
             *Clouding IP, LLC v. Motorola Mobility, LLC*, C.A. No. 12-1078-LPS;
             *Clouding IP, LLC v. Dropbox Inc.*, C.A. No. 13-1454-LPS;
             *Clouding IP, LLC v. EMC Corporation et al.*, C.A. No. 13-1455-LPS

Dear Judge Stark:

       Plaintiff Clouding IP, LLC ("Clouding") respectfully submits this letter in response to the Court's request that Clouding respond to EMC and VMware's letter of October 21, 2013 relating to pending motions to dismiss for lack of standing. Defendants EMC and VMware request they are allowed to participate in briefing on two motions to dismiss for lack of standing. Defendants correctly point out that they are currently unable to participate in briefing because (1) they are not parties to the protective order and (2) discovery has yet to commence in their cases (leaving them without access to the assignment agreements and related documentation on which the motions are based).

       The simplest solution to this issue would be for EMC and VMware (and other defendants) to commence discovery. Clouding respectfully submits that the most efficient course would be for the Court to schedule a Rule 16 conference in all of the Clouding cases currently before the Court to address the various scheduling issues that a number of defendants have raised and that the Court raised in connection with the scheduling of Markman proceedings. That will allow for all of these cases to proceed apace. It will facilitate the discovery that EMC and VMware suggest they might seek, the adoption of the protective order by new parties to facilitate access to the sealed materials, and it will allow them an opportunity to present whatever motion(s) they believe might be warranted.





      EMC and VMware appear to request one-sided discovery and further delay not only of proceedings involving them, but also of proceedings involving other parties.  Clouding respectfully submits that this is neither efficient nor necessary.  Opening and responsive briefs have already been filed on the pending motions.  Clouding respectfully submits that the already-filed motions should not be delayed indefinitely after Clouding has submitted its response to the motion in a way that effectively gives defendants an open-ended extension of time to file any reply.  EMC and VMware fail to explain what prejudice they would face were this Court to continue with the briefing schedule provided by the Local Rules for the motions already filed.  If this Court rules (as Clouding respectfully submits that it should) that Clouding has standing, EMC and VMware would not be precluded from bringing their own motion to dismiss at a later date.

      Clouding respectfully requests that the Court schedule a Rule 16 conference for all of the pending Clouding cases to address a coordinated schedule, and to facilitate discovery in all of these actions.  That would address all of the concerns raised by EMC and VMware.

Respectfully submitted,

/s/ Stephen B. Brauerman

Stephen B. Brauerman (sb4952)

SBB:tm
Enclosures
cc: All Counsel