**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CLOUDING IP, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>GOOGLE INC.,<br><br>      Defendant. | C.A. No. 12-0639-LPS<br><br>**JURY TRIAL DEMANDED** |
| CLOUDING IP, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>MOTOROLA MOBILITY LLC,<br><br>      Defendant. | C.A. No. 12-1078-LPS<br><br>**JURY TRIAL DEMANDED** |
| CLOUDING IP, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>AMAZON.COM, INC. and<br>AMAZON WEB SERVICES, LLC,<br><br>      Defendants. | C.A. No. 12-641-LPS<br><br>**JURY TRIAL DEMANDED** |
| CLOUDING IP, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>RACKSPACE HOSTING, INC.,<br>RACKSPACE US, INC., and<br>JUNGLE DISK, LLC,<br><br>      Defendants. | C.A. No. 12-675-LPS<br><br>**JURY TRIAL DEMANDED** |

**REPLY BRIEF OF DEFENDANTS GOOGLE INC., MOTOROLA MOBILITY LLC, AMAZON.COM, INC., AMAZON WEB SERVICES, LLC, RACKSPACE HOSTING, INC., RACKSPACE US, INC. AND JUNGLE DISK, LLC IN SUPPORT OF MOTION TO BIFURCATE DAMAGES FROM LIABILITY AND TO STAY DAMAGES-RELATED FACT AND EXPERT DISCOVERY**

Steven J. Balick (#2114)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com

*Attorneys for Defendants Amazon.com, Inc., Amazon Web Services LLC, Rackspace Hosting, Inc., Rackspace US, Inc. and Jungle Disk, LLC*

OF COUNSEL:

Daniel T. Shvodian
James F. Valentine
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
(650) 838-4300

Matthew C. Bernstein
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-5700

Jack B. Blumenfeld (#1014)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Defendants Google Inc. and Motorola Mobility LLC*

OF COUNSEL:

Michael A. Berta
Emily Hostage
ARNOLD & PORTER LLP
Three Embarcadero Center
7th Floor
San Francisco, CA 94111-4024
(415) 471-3100

Jennifer Sklenar
Marco J. Martemucci
ARNOLD & PORTER LLP
44th Floor
777 South Figueroa Street
Los Angeles, CA 90017-5844
(213) 243-4000

October 31, 2013

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | ARGUMENT | 1 |
| | A. The Complexity of Issues Weighs in Favor of Bifurcation | 2 |
| | B. Bifurcation Will Promote Efficiency and Judicial Economy | 4 |
| | C. Prejudice to Defendants Absent Bifurcation Outweighs any Potential Prejudice to Clouding | 5 |
| | D. Bifurcation of Liability and Damages in Patent Cases is Constitutional and Commonplace | 6 |
| | E. The Timing of the Motion to Stay Discovery is Appropriate | 9 |
| II. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*British Telecomm. PLC v. Google Inc.*,
  No. 11-1249-LPS, 2013 WL 3814329 (D. Del. July 22, 2013) ........................................... 3, 6

*Dutch Branch of Streamserve Dev. AB v. Exstream Software*,
  LLC, No. 08-343-SLR, 2009 WL 2705932 (D. Del. Aug. 26, 2009) ..................................... 2

*Gasoline Prods. Co. v. Champlin Refining Co.*,
  283 U.S. 494 (1931) ............................................................................................................ 7, 8

*Lis v. Robert Packer Hosp.*,
  579 F.2d 819 (3d Cir.1978) ................................................................................................... 2

*Masimo Corp. v. Philips Elecs. N. Am. Corp.*,
  742 F. Supp. 2d 492 (D. Del. 2010) .................................................................................... 4, 5

*Novopharm Ltd. v. Torpharm, Inc.*,
  181 F.R.D. 308 (E.D.N.C. 1998) ........................................................................................... 3

*Paine Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
  587 F. Supp. 1112 (D. Del. 1984) ....................................................................................... 6, 8

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
  C.A. No. 04-1371, 2006 WL 2435089 (D. Del. August 22, 2006) ..................................... 7, 8

*Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*,
  180 F.R.D. 254 (D.N.J. 1997) ................................................................................................ 3

*Robert Bosch, LLC v. Pylon Mfg. Corp.*,
  719 F.3d 1305 (Fed. Cir. 2013) (en banc) ...................................................................... 1, 2, 9

*SenoRx, Inc., v. Hologic, Inc.*,
  C.A. No. 12-173-LPS-CJB, 920 F. Supp. 2d 565 (D. Del. Jan. 30, 2013) ............................. 9

*Witco Chem. Corp. v. Peachtree Doors, Inc.*,
  787 F.2d 1545 (Fed. Cir. 1986) ........................................................................................... 7, 8

*Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier Inc.*,
  2001 WL 501354, 59 U.S.P.Q. 2d (BNA) 1088 (C.D. Cal. 2001) ........................................ 3

**STATUTES AND RULES**

35 U.S.C. § 284 ............................................................................................................................. 9

In opposing Defendants' motion to bifurcate trial of damages from liability and to stay damages-related discovery, Plaintiff Clouding IP, LLC ("Clouding" or "Plaintiff") advances a number of arguments that utterly fail to account for the complex size and subject matter of these cases. This complexity has only increased since the Court entered its Scheduling Order, because, since that date, Clouding has identified many additional accused products. The requested relief is therefore needed to streamline an otherwise unwieldy case, prevent a waste of resources for both the parties and the Court, prevent prejudice to defendants, and avoid juror confusion. Although Clouding speculates that the requested relief would have a number of adverse consequences, its arguments are just that: speculation. Clouding also raises a constitutional challenge to the bifurcation of liability and damages, but its position is at odds with *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305 (Fed. Cir. 2013) (*en banc*). In fact, each court that has considered such a challenge has squarely rejected it. Ultimately, Clouding cannot refute the showing in Defendants' opening brief that these cases are ideal candidates for bifurcation, as well as a stay of damages discovery, and that such relief is urgently needed to make the cases more manageable.[1]

## I. ARGUMENT

Clouding argues that bifurcation is an extraordinary measure and that the norm for patent cases is a single trial for liability and damages. (D.I. 122 at 6-7.)[2] Clouding all but ignores the majority decision in *Robert Bosch*. There, the Federal Circuit held that appeals of patent infringement liability determinations can be heard when damages and willfulness issues remain

---

[1] Even though Clouding recently narrowed the list of its asserted claims, it continues to assert 37 claims across 11 patents against at least 16 Google products, 40 claims across 12 patents against at least 17 Amazon products, 7 claims across 2 patents against 3 Motorola Mobility products, and 35 claims across 9 patents against at least 12 Rackspace products.

[2] Citations to Docket Items ("D.I.") refer to No. 12-0639-LPS.

outstanding. *Id.* at 1319-20. And significantly, it expressly condoned bifurcation, stating that "***district courts, in their discretion, may bifurcate willfulness and damages issues from liability issues in any given case***." *Id.* Clouding's position is also wholly at odds with Judge Robinson's view that "bifurcation is appropriate, if not necessary, in all but exceptional patent cases" (*see Dutch Branch of Streamserve Dev. AB v. Exstream Software*, LLC, No. 08-343-SLR, 2009 WL 2705932, *1 (D. Del. Aug. 26, 2009)), and is further contradicted by the large number of patent cases in which bifurcation of liability and damages has been ordered (*see* D.I. 114 at 4-5.)

Regardless, the relevant issue is not whether bifurcation is the norm or the exception, but whether it is appropriate in these cases (which it is). *See Lis v. Robert Packer Hosp.,* 579 F.2d 819, 824 (3d Cir.1978) ("[T]he rule in this circuit … has been that the decision to bifurcate … is a matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance.").

### A. The Complexity of Issues Weighs in Favor of Bifurcation

As Defendants explained in their opening brief, the complexity of issues in these cases weighs in favor of bifurcation, particularly with so many patents, accused products and diverse technologies at issue. In arguing otherwise, Clouding does little more than mention a few ways in which the complexity could *potentially* increase with bifurcation, but makes almost no effort to weigh that against the many readily apparent ways detailed in Defendants' Opening Brief that complexity would be reduced.

Clouding also attempts to dismiss the juror confusion that would undoubtedly result should the jury be asked to consider complex liability issues at the same time that it deals with contingent damages models on the many products accused of infringing the various different patent claims by arguing that a single jury could be equipped to decide so many issues. (D.I. 122 at 15-16.) Although such faith in a jury may be heartening, it is hubristic in these cases. *See*

*Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. 254, 257 (D.N.J. 1997) ("Even plaintiff's most simplistic assessment of the underlying technology and the liability issues in question are likely to be confusing to a jury, unsophisticated in the area of intellectual property.").

The cases ultimately presented to a jury (if necessary) will implicate not only difficult issues of patent law, but also a variety of technologies, including: computer hardware engineering and architecture, distributed and "virtual" computing, network resource allocation and management, communication protocols and security, and data indexing and storage. While grappling with issues of liability in these highly technical subject areas, the jury in a non-bifurcated trial would need to simultaneously analyze complex and contingent damages theories and models that address each potential liability outcome across the large number of accused products and asserted claims. As Clouding acknowledges, the jury would need to assess, for each instance of a product accused of infringing one of the asserted patents and as of the time that it determined that the alleged infringement began, the fifteen "*Georgia-Pacific*" factors. It would be nearly impossible for a jury to adequately comprehend and evaluate such a presentation, much less render a meaningful and just verdict. *Novopharm Ltd. v. Torpharm, Inc.*, 181 F.R.D. 308, 310-11 (E.D.N.C. 1998); *see also Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier Inc.*, 2001 WL 501354, 59 U.S.P.Q. 2d (BNA) 1088, 1089-90 (C.D. Cal. 2001).

In addition to the unnecessary complexity that the jury would face in a single trial, damages discovery, expert preparation, and trial presentation would all be vastly and unnecessarily complicated without bifurcation. (D.I. 114 at 7-8, *quoting British Telecomm. PLC v. Google Inc.*, No. 11-1249-LPS, 2013 WL 3814329, *3 (D. Del. July 22, 2013).) Clouding completely ignores this complexity -- particularly the burden and expense of preparing expert

3

reports, taking expert discovery and presenting contingent damages models that would be necessary to address the large number of possible permutations for damages when assessed simultaneously with liability. Bifurcation and a stay of damages discovery would thus allow the parties' damages experts to opine, if at all, on a definitive set of products and patents rather than force the parties to prepare a host of contingent damages models.

Although Clouding argues that these concerns will be addressed under the present Scheduling Order because it is required to reduce the number of asserted claims following the *Markman* proceedings, there is little reason to believe that such a reduction will have any meaningful impact on the number of asserted patents and accused products. Indeed, Clouding has already made one reduction in the number of claims, but, despite dropping approximately 150 claims, the same number of patents and accused products remain.

### B. Bifurcation Will Promote Efficiency and Judicial Economy

Bifurcating damages from liability issues and staying damages-related discovery will also preserve judicial and party resources. With roughly fifty of Defendants' products accused of infringement, the efficiency to be gained from addressing damages only for those products (if any) found to be infringing a valid and enforceable patent would be significant, as no contingent damages models would be necessary. (*See* D.I. 114 at 7-8.) Indifferent to these obvious savings, Clouding identifies a few narrow issues of a damages presentation that it contends will overlap with liability. Even if that were true, Clouding fails to explain why that would result in efficiency or judicial economy.

Instead, as support for its position, Clouding offers only a single misleading quote from *Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 742 F. Supp. 2d 492, 497 (D. Del. 2010). Clouding claims that "Courts in this District recognize the significant overlap and inefficiency that can result from bifurcation like that requested here" and then presents a block quote as if it

4

were from the opinion of the Court. (D.I. 122 at 11, *citing Masimo Corp.*, 742 F. Supp. 2d at 497.) In fact, Clouding truncated the block quote from *Masimo* in numerous places to obscure the fact that it was taken from the Court's summary of the arguments presented by the party opposing bifurcation.[3] The Court's view in *Masimo* was far more balanced than Clouding implies, and the facts of that case bear little in common with these cases. Masimo and Philips were competitors in the same industry who manufactured and sold competing medical devices. *Masimo Corp.*, 742 F. Supp. 2d at 494. Having already granted a motion to bifurcate and stay discovery on the defendant's antitrust counterclaims, the Court denied the motion to further bifurcate patent liability from damages. *Id.* at 498. This case is readily distinguishable because Clouding -- a patent assertion entity -- does not compete with any of the defendants and this case has not already been bifurcated.

### C. Prejudice to Defendants Absent Bifurcation Outweighs any Potential Prejudice to Clouding

The only prejudice Clouding argues it would suffer from bifurcation are the danger of two juries finding conflicting facts and the increased cost and delay of two separate trials. (D.I. 122 at 7.) Yet, the factual questions submitted to a jury as part of liability and damages are not the same. And Clouding fails to weigh either of its concerns against the prejudice to Defendants'

---

[3] The full quote reads:

> Additionally, Masimo has alleged, without rebuttal, that certain aspects of its liability case will require educating the jury on specific damages issues, and that certain aspects of its damages case will require educating the jury on liability issues. Specifically, Masimo reasons that further bifurcation would force the parties to, among other duplicative activities, educate a second jury about the patented technology to allow the jurors to determine lost profits, utilize identical information and witnesses to rebut obviousness in the liability phase as well as demonstrate that Masimo's inventions were significant advances over the prior art in the damages phase, and present identical sales information regarding Masimo and Philips' products to rebut invalidity and demonstrate royalty damages or lost profit damages.

> *Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 742 F. Supp. 2d 492, 497 (D. Del 2010) (footnotes omitted).

5

absent bifurcation. Defendants face complexity-driven jury confusion, costly and potentially unnecessary expert damages analysis into a large number of claims and products, and the need to present unduly complex, contingent damages models. *See British Telecomm.*, 2013 WL 3814329 at *3 ("Requiring the parties' experts to formulate a host of contingent damages models, and to testify to the same before the jury, would be expensive and confusing as well.")  Once again, there is little reason to believe that the eventual, mandatory reduction in the number of claims will have any meaningful impact on the number of asserted patents and accused products.

Clouding's claims of prejudice resulting from delay associated with bifurcation also fall flat. Clouding is a non-practicing entity that exists only to assert or license the Patents-in-Suit. Any delay resulting from bifurcation could be mitigated by interest on any award Clouding obtains. Moreover, Clouding would actually benefit -- along with Defendants -- from the financial savings achieved by addressing liability before expending resources on litigating damages issues (to the extent any remain). At worst, delay affects all parties equally; at best, it saves all parties money and preserves the Court's time. Clouding can claim no unique prejudice from delay that militates against bifurcation.

### D. Bifurcation of Liability and Damages in Patent Cases is Constitutional and Commonplace

Clouding's constitutional challenge to bifurcation should also be rejected. Clouding has failed to identify a single decision where any court has held that the bifurcation of liability and damages in patent litigation is unconstitutional. In fact, the same type of challenge raised by Clouding has been repeatedly rejected. *See, e.g.*, *Paine Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 587 F. Supp. 1112, 1117 (D. Del. 1984); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, C.A. No. 04-1371, 2006 WL 2435089, *2 (D. Del. August 22, 2006).

6

Again, Clouding attempts to support its argument by editing a quote, this time from a Supreme Court opinion. Clouding claims that "[t]he Supreme Court has noted that 'the question of damages [ ] is so interwoven with that of liability that the former cannot be submitted to the jury independently of the latter without confusion and uncertainty, which would amount to a denial of a fair trial.'" (D.I. 122 at 7, *quoting Gasoline Prods. Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931).) The actual quote, however, is far narrower than Clouding's citation attempts to suggest. The actual quote is: "***Here*** the question of damages on the counterclaim is so interwoven with that of liability that the former cannot be submitted to the jury independently of the latter without confusion and uncertainty, which would amount to a denial of a fair trial." *Gasoline Prods.*, 283 U.S. 494 at 500 (emphasis added). The holding in *Gasoline Products* is limited to the facts of that particular case -- *i.e.,* the liability trial on the breach of contract counterclaim had already occurred and damages could not be fairly determined in a separate trial because it was "impossible from an inspection of the … record to say precisely what were the dates of formation and breach of the contract found by the jury, or its terms." *Id.* at 499.

Clouding's reliance on *Witco Chem. Corp. v. Peachtree Doors, Inc.*, 787 F.2d 1545 (Fed. Cir. 1986) is equally unavailing. That decision addressed the propriety of having a jury decide liability issues at different points in time and did not involve the appropriateness of bifurcating issues of liability and damages. *Id.* at 1548. In *Witco*, the jury reached a verdict on issues of validity, enforceability, and contract, but was at an impasse on the question of infringement. It was recalled six weeks later to reconsider the issue and then "an infringement verdict was rendered promptly." *Id.* at 1549. The Federal Circuit held that the "sequence of events *seemingly* coerced the jury into reaching *a* verdict, *any* verdict, for the sake of reaching *an*

7

agreement, *any* agreement, in order to end the trial." *Id.* Thus, that case provides little, if any, guidance here.

Contrary to Clouding's arguments, the question of damages is not so intertwined with liability in these cases such that they must be tried together. Clouding argues that there is factual overlap between (i) several *Georgia-Pacific* factors (part of a reasonable royalty analysis) and issues of liability and (ii) damages generally and issues of commercial success (an objective indicia of non-obviousness). But the Seventh Amendment is not violated by "having two juries decide the same evidence, but rather … having two juries decide the same essential issues." *Power Integrations,* 2006 WL 2435089 at *2 (citing *Paine Webber*, 587 F. Supp. at 1117). The factual issues identified by Clouding are quite different. Patent litigants typically have different experts opine on issues of liability and damages and the factual questions ultimately submitted to the jury on such issues are not the same.[4]

Even if there were some narrow evidentiary overlap, Clouding has not shown that it would be sufficient to defeat a bifurcation motion. Indeed, to prevail on its constitutional challenge, Clouding must show that bifurcated trials would lead to "confusion and uncertainty, which would amount to a denial of a fair trial." *Gasoline Prods.*, 283 U.S. at 500. Here, given the number of complex issues that would be presented in any phase of a trial, Clouding cannot credibly argue that a liability jury would be confused if not permitted to assess damages (or vice versa). Moreover, the reasonable royalty and liability issues that Clouding identifies as

---

[4] Clouding argues that *Paine Webber* -- in which a similar constitutional challenge was rejected -- is inapposite because there the *patentee's* commercial success was at issue, whereas here Clouding wishes to rely upon *Defendants'* commercial success which it contends is intertwined with damages. But as the *Paine Webber* court explained "[t]he fact that some of the same *evidence* used for one issue may, to a very limited degree, also be used for the other, is wholly beside the point." Clouding has not established that commercial success for purposes of non-obviousness and patent damages are "the same essential issue." 587 F. Supp. at 1117.

overlapping are not unique to this case -- to the contrary, they arise in most patent cases. If Clouding's argument were to be accepted, bifurcation of damages from liability would be foreclosed in nearly all patent cases, contrary to the Federal Circuit's recent guidance in *Robert Bosch* and the practice in many cases in this District.

Clouding also argues that its willful infringement allegation precludes bifurcation because "willfulness issues necessarily overlap with *both* liability and damages." (D.I. 122 at 13 (emphasis added).) Yet, Clouding fails to explain its contention that willfulness necessarily overlaps with issues of damages. It cites only case law that there is "significant … evidentiary overlap regarding *liability* and willfulness issues." *SenoRx, Inc., v. Hologic, Inc.*, C.A. No. 12-173-LPS-CJB, 920 F. Supp. 2d 565, 570 (D. Del. Jan. 30, 2013) (emphasis added). Because Defendants have never argued that the issue of willfulness should be bifurcated from liability (and believe that the issues can be tried together), their position is fully consistent with this authority.[5] Moreover, even assuming that a first jury in any of these cases did somehow find willful infringement, it would be an issue for the Court (and not a second jury) to decide whether to enhance a subsequent damages verdict and by how much. *See* 35 U.S.C. § 284. Thus, Clouding is hard-pressed to explain why willfulness would need to be addressed again in any second damages trial.

### E.   The Timing of the Motion to Stay Discovery is Appropriate

Clouding also argues that Defendants' motion is inappropriately timed because the Court has already entered the Scheduling Order and that any further case management should occur

---

[5]   Clouding cites a dissenting opinion in *Robert Bosch,* 719 F.3d at 1345, which argues that bifurcation of willfulness and liability raises constitutional concerns. Clouding neglects to explain why this Court should follow the dissent rather than the majority of this *en banc* decision, which expressly stated that "district courts, in their discretion, may bifurcate willfulness and damages issues from liability issues in any given case." *Id.* at 1319-20. Regardless, because Defendants seek only to bifurcate liability and damages, Clouding's reliance on these dissenting concerns is misplaced.

9

after the further reduction in claims. As explained above, given the vast number of products that were accused -- many only after the Scheduling Order was entered -- it would be helpful for the Court to provide further case management. And the Court has now set a scheduling conference for November 18, 2013 where that can be done.

Defendants had held out hope that Clouding's infringement contentions and the initial narrowing of the asserted claims would bring the cases to manageable levels. Unfortunately, this did not occur. Particularly now, prior to the preparation for and initiation of expert discovery, the parties stand to benefit significantly from a stay of damages-related discovery. The parties will lose the benefit of these efficiencies should a decision on the present motion be deferred.

The materials that Clouding identifies as evidence that its damages discovery is already underway are meager at best. Clouding points to Common Interrogatory No. 8, which generally seeks Clouding's damages contentions. Clouding has yet to substantively respond to this request and it is thus hardly a basis for denial of the present motion. Similarly, Clouding points to a limited set of licenses that it produced -- on the order of mere *hundreds* of pages -- and suggests that their production somehow means that the parties are too far into the throes of damages discovery. In fact, such discovery is relevant to other issues in the cases -- including the pending standing motion -- and is trivial when compared with the significant and potentially unnecessary expert damages discovery that has yet to commence.[6]

## II. CONCLUSION

For the reasons set forth in Defendants' Opening Brief and herein, this Court should bifurcate damages from the liability issues and stay damages-related discovery.

---

[6] Clouding also argues that the parties are likely to have significant discovery disputes should the Court bifurcate liability and damages issues. This is sheer speculation and not a sufficient basis to deny the present motion.

| ASHBY & GEDDES | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| */s/ Steven J. Balick* | */s/ Jack B. Blumenfeld* |
| Steven J. Balick (#2114)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>sbalick@ashby-geddes.com | Jack B. Blumenfeld (#1014)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com |
| *Attorneys for Defendants Amazon.com, Inc., Amazon Web Services LLC, Rackspace Hosting, Inc., Rackspace US, Inc. and Jungle Disk, LLC* | *Attorneys for Defendants Google Inc. and Motorola Mobility LLC* |
| OF COUNSEL: | OF COUNSEL: |
| Daniel T. Shvodian<br>James F. Valentine<br>PERKINS COIE LLP<br>3150 Porter Drive<br>Palo Alto, CA 94304<br>(650) 838-4300 | Michael A. Berta<br>Emily Hostage<br>ARNOLD & PORTER LLP<br>Three Embarcadero Center<br>7th Floor<br>San Francisco, CA 94111-4024<br>(415) 471-3100 |
| Matthew C. Bernstein<br>PERKINS COIE LLP<br>11988 El Camino Real, Suite 200<br>San Diego, CA 92130<br>(858) 720-5700 | Jennifer Sklenar<br>Marco J. Martemucci<br>ARNOLD & PORTER LLP<br>44th Floor<br>777 South Figueroa Street<br>Los Angeles, CA 90017-5844<br>(213) 243-4000 |

October 31, 2013

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 31, 2013, upon the following in the manner indicated:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>Stephen B. Brauerman, Esquire<br>Vanessa R. Tiradentes, Esquire<br>BAYARD, P.A.<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL* |
| Marc. A. Fenster, Esquire<br>Jaspal S. Hare, Esquire<br>Dorian S. Berger, Esquire<br>Brian Ledahl, Esquire<br>RUSS, AUGUST & KABAT<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, CA  90025 | *VIA ELECTRONIC MAIL* |

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)