IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| CLOUDING IP, LLC, | ) ) ) | **REDACTED PUBLIC VERSION** |
| Plaintiff, | ) ) ) | |
| -vs.- | ) ) ) | The Honorable<br>Leonard P. Stark |
| AMAZON.COM, INC. and<br>AMAZON WEB SERVICES, LLC, | ) ) ) | No. 12-cv-0641 (LPS) |
| Defendants. | ) ) ) ) ) | **JURY TRIAL DEMANDED** |

**REPLY OF DEFENDANTS AMAZON.COM, INC. AND
AMAZON WEB SERVICES, LLC IN SUPPORT OF
THEIR MOTION TO DISMISS FOR LACK OF STANDING**

*Of Counsel:*

Daniel T. Shvodian
dshvodian@perkinscoie.com
James C. Pistorino
jpistorino@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
(650) 838-4300

Matthew C. Bernstein
mbernstein@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-5700

October 25, 2013

Steven J. Balick (#2114)
sbalick@ashby-geddes.com
Lauren E. Maguire (#4261)
lmaguire@ashby-geddes.com
Andrew C. Mayo (#5207)
amayo@ashby-geddes.com
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

Counsel for Defendants
AMAZON.COM, INC. and
AMAZON WEB SERVICES LLC

-i-

**TABLE OF CONTENTS**

I.      INTRODUCTION-------------------------------------------------------------------- 1

II.     ARGUMENT ----------------------------------------------------------------------- 1

        A.      Clouding Did Not Take Full Title to Symantec's Patents ---------------- 1

        B.      Clouding Lacks All Substantial Rights in the Patents-------------------- 5

                1.      ████████████████████████████ -------- 6

                2.      ███████████████████████████████
                        ██████████████████████████████████ 7

                3.      ████████████████████████
                        ████------------------------------------------------------ 7

                4.      ████████████████████████████
                        ████----------------- 8

III.    CONCLUSION --------------------------------------------------------------------- 9

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abbott Labs v. Diamedix Corp.*,
47 F.3d 1128 (Fed. Cir. 1995) -------------------------------------------------------------------------3, 8

*Alfred E. Mann Found. for Scientific Research v. Cochlear Corp.*,
604 F.3d 1354 (Fed. Cir. 2010)-----------------------------------------------------------------------5, 8

*Crown Die & Tool Co. v. Nye Tool & Mach. Works*,
261 U.S. 24 (1923)--------------------------------------------------------------------------------------5

*Intellectual Prop. Dev., Inc. v. TCI Cablevision of California, Inc.*,
248 F.3d 1333 (Fed. Cir. 2001)-----------------------------------------------------------------------6

*King Pharm., Inc. v. Teva Pharm. USA, Inc.*,
2006 WL 3933091 (D.N.J. Jan. 22, 2007) ----------------------------------------------------------4

*Pfizer, Inc. v. Elan Pharm. Research Corp.*,
812 F. Supp. 1352 (D. Del. 1993)--------------------------------------------------------------------6

*Pope Mfg. Co. v. Gormully & Jeffery Mfg. Co.*,
144 U.S. 248 (1892) ------------------------------------------------------------------------------------3

*Propat Int'l Corp. v. Rpost, Inc.*,
473 F.3d 1187 (Fed. Cir. 2007)-----------------------------------------------------------------------5

*Raber v. Pittway Corp.*,
23 U.S.P.Q.2d 1313, 1992 WL 219016 (N.D. Cal. May 4, 1992), aff'd 996
F.2d 318 (Fed. Cir. 1993) -------------------------------------------------------------------------3, 4

*Rude v. Westcott*,
130 U.S. 152 (1889) ------------------------------------------------------------------------------------4

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
427 F.3d 971 (Fed. Cir. 2005) ------------------------------------------------------------------------6

*Uniloc Luxembourg S.A. v. CompuLink Bus. Sys., Inc.*,
No. 2:13-CV-03244, at *12 (C.D. Cal. May 16, 2013)-------------------------------------------4

*Waterman v. Mackenzie*,
138 U.S. 252, 255-256 (1891) -------------------------------------------------------------------2, 3

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*OTHER AUTHORITIES*

37 C.F.R. § 3.54----------------------------------------------------------------------------------------------4

## I.      INTRODUCTION

Clouding's Opposition fails to establish its standing to sue.  Clouding's principal argument—that Symantec's remaining rights are irrelevant because Clouding holds legal title—conflicts with longstanding Supreme Court and Federal Circuit precedent.  And in denigrating Symantec's rights, Clouding persistently ignores or contradicts ██████████████████████████████████████████ Courts regularly find that the ██████████████████████████████████████ ████████ mean that "all substantial rights" have not been transferred.  Clouding dismisses these limitations as "narrow," even "extremely narrow," but that does not change the fact that they are fatal to Clouding's claim of standing.  The case should be dismissed.

## II.     ARGUMENT

### A.      Clouding Did Not Take Full Title to Symantec's Patents

Clouding's principal claim to standing is that the Agreement transferred full title to the patents-in-suit. ████████████████████████████████████ ███████████████ ███████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████ That premise is false. ████████████████████████████████████ ██████████████████████████████████████████████ ███████████████████████████ ████████████████████████████████████████

1



Precedent makes clear that a proper standing analysis focuses on the substantive rights transferred and retained, not on whether an agreement formally purports to transfer "title."  Indeed, Clouding's analysis is completely backwards: ██████

██████████████████████████████████████████████████████████████████

██████  As the Supreme Court emphasized long ago in *Waterman v. Mackenzie*, "Whether a transfer of a particular right or interest under a patent is an assignment or a license does not depend upon the name by which it calls itself, but upon the legal effect of its provisions."  138 U.S. 252, 256 (1891).  When an agreement does not transfer the whole patent, an undivided interest in the patent, or the exclusive rights in the

patent in a portion of the United States, the agreement is a mere license and does not confer standing regardless of whether the parties called it an "assignment." *Id.* at 255 ("Any assignment or transfer, short of one of these, is a mere license, giving the licensee no title in the patent, and no right to sue at law in his own name for an infringement."); *see also Pope Mfg. Co. v. Gormully & Jeffery Mfg. Co.*, 144 U.S. 248, 250 (1892) ("[I]n order to enable the assignee to sue, the assignment must convey to him the entire and *unqualified* monopoly which the patentee held, in the territory specified, and that any assignment short of that is a mere license.") (emphasis added).

Numerous courts have followed the Supreme Court's guidance and found purported "assignments" were, in fact, merely licenses that did not transfer legal title and the right to sue. For example, in *Raber v. Pittway Corp.*, 23 U.S.P.Q.2d 1313, 1992 WL 219016 (N.D. Cal. May 4, 1992), aff'd 996 F.2d 318 (Fed. Cir. 1993) (cited approvingly in *Abbott Labs v. Diamedix Corp.*, 47 F.3d 1128 (Fed. Cir. 1995)), Raber claimed that a document labeled "assignment" and recorded at the PTO transferred "the entire right, title and interest in and to' the patent" even though it was subject to a side agreement requiring Raber to pay the assignor (Cerebus) 50% of the proceeds from any suit, granting Cerebus a license, and giving Cerebus the option to approve or disapprove of any further transfer of the patent. Applying *Waterman*, the court reviewed the legal effect of the transaction and, noting the restriction on alienation, ruled that Raber was a mere licensee, not an assignee, and therefore lacked standing to bring suit.

Likewise here, ███████████████████████████ ███████████████████ this Court must examine what rights were actually transferred

and what rights were retained.  *See also Uniloc Luxembourg S.A. v. CompuLink Bus. Sys., Inc.*, No. 2:13-CV-03244, at \*12 (C.D. Cal. May 16, 2013) (alleged assignment of title was merely a license); *King Pharm., Inc. v. Teva Pharm. USA, Inc.*, CIV.A. 05-3855 (JAP), 2006 WL 3933091 (D.N.J. Jan. 22, 2007) (same).  As in *Raber*, it does not matter whether the agreement was recorded at the PTO because "[t]he recording of a document … is not a determination by the Office of the validity of the document or the effect that document has on the title to an application, a patent, or a registration." 37 C.F.R. § 3.54.[1]

Clouding's citation (at 15) to *Rude v. Westcott*, 130 U.S. 152 (1889), is curious.  There the Supreme Court addressed a transaction in which the original patent owner assigned the entire right, title, and interest in the patents in exchange for 25% of the net proceeds from enforcement.  In affirming the assignee's standing to sue for infringement, the Court held that the interest in the proceeds due to the assignor did not "modify or limit the absolute transfer of title" because "*[i]t reserves to him no control over the patents or their disposal, or any power to interfere with the management of the business growing out of their ownership.*"  *Id*. at 163 (emphasis added).  Thus, it was the absence of further control by the transferor over the patents or their disposal that indicated that title and the right to sue had passed to the transferee.  As discussed in the Defendants' Opening Brief and ███████████████████████████

████████████████████████████████████████████████████████████

---

[1] Defendants cited *Raber* in their Opening Brief (at 8). ███████████

████████████████████████████████████████████

██████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████

## B.      Clouding Lacks All Substantial Rights in the Patents

The same restrictions that preclude Clouding ████████████████████

████████████████████████████████████

Clouding argues (at 7) that "the Federal Circuit identifies two rights as 'vitally important' to determine" whether a license conveys all substantial rights: 1) the right to make use and sell; and 2) the right to bring suit." But the Federal Circuit has never said that standing turns on those two factors alone. Indeed, in the case Clouding cites, *Alfred E. Mann Found. for Scientific Research v. Cochlear Corp.*, 604 F.3d 1354 (Fed. Cir. 2010), the Federal Circuit recognized that there was no simple rule:

> Our prior decisions have never purported to establish a complete list of the rights whose holders must be examined to determine whether a licensor has transferred away sufficient rights to render an exclusive licensee the owner of a patent.

*Id*. at 1360. The Federal Circuit went on to review the many different factors it has considered, recognizing that the *absence* of the two mentioned by Clouding might be dispositive, but that their *presence* was not. *Id*. at 1361. ████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███   Moreover, settled law holds that a purported assignment of the bare right to sue is ineffective because the right to sue can only pass with title to the patent. *See*, *e.g.*, *Crown Die & Tool Co. v. Nye Tool & Mach. Works*, 261 U.S. 24, 35-36 (1923); *Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1192 (Fed. Cir. 2007). ████████████

████████████████████████████████████████████████████████████

████████

The proper question is whether Clouding has all substantial rights in the patent. And the answer is no.

**1.**        ████████████████████████████████████████

As Defendants showed in their Opening Brief, restrictions on alienation typically preclude a finding that "all substantial rights" have been assigned. ████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████. *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975-76 (Fed. Cir. 2005). ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████. *See, e.g.*, *Sicom*, 427 F.3d at 979 (affirming dismissal for lack of standing); *Intellectual Prop. Dev., Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1345 (Fed. Cir. 2001); *Pfizer, Inc. v. Elan Pharm. Research Corp.*, 812 F. Supp. 1352, 1373 (D. Del. 1993) ("In light of this harsh restriction on alienation, this Court need look no further in determining that Bayer reserved substantial rights under the Agreement."). ████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████



███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████

      ███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████ In actuality, Clouding filed five cases on the same day (May

22, 2012), so treating one as prior to the others is artificial. █████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████

      ███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████ *Alfred E. Mann*,

where a retained litigation right like the one here precluded a finding that the licensee

had "all substantial rights." *Alfred E. Mann*, 604. F3d. at 1361-63.

    **4.**    ███████████████████████████████

███████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████



## III.    CONCLUSION

Clouding has not met its burden of establishing that it has standing to bring this suit.  This suit should therefore be dismissed for lack of jurisdiction.

By: /s/ *Andrew C. Mayo*

Steven J. Balick (#2114)
sbalick@ashby-geddes.com
Lauren E. Maguire (#4261)
lmaguire@ashby-geddes.com
Andrew C. Mayo (#5207)
amayo@ashby-geddes.com
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Of Counsel*:

Daniel T. Shvodian
dshvodian@perkinscoie.com
James C. Pistorino
jpistorino@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
(650) 838-4300

Counsel for Defendants
AMAZON.COM, INC. and
AMAZON WEB SERVICES LLC

Matthew C. Bernstein
mbernstein@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-5700

October 25, 2013