# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLOUDING IP, LLC<br><br>       Plaintiff,<br><br>  v.<br><br>GOOGLE INC.,<br><br>       Defendant. | The Honorable Leonard P. Stark<br><br><br>C. A. No.: 12-0639-LPS |
| CLOUDING IP, LLC<br><br>       Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC., ET AL.,<br><br>       Defendants. | C. A. No.: 12-0641-LPS |
| CLOUDING IP, LLC<br><br>       Plaintiff,<br><br>  v.<br><br>RACKSPACE HOSTING, INC., ET AL.,<br><br>       Defendants. | C. A. No.: 12-0675-LPS |
| CLOUDING IP, LLC<br><br>       Plaintiff,<br><br>  v.<br><br>CA, INC. d/b/a/ CA TECHNOLOGIES,<br><br>       Defendant. | C. A. No.: 13-1338-LPS |

{00888591;v1 }

| | |
|---|---|
| CLOUDING IP, LLC<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>　　　　　Defendant. | C. A. No.: 13-1341-LPS |
| CLOUDING IP, LLC<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AT&T CORP., ET AL.,<br><br>　　　　　Defendants. | C. A. No.: 13-1342-LPS |
| CLOUDING IP, LLC<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DROPBOX INC.,<br><br>　　　　　Defendant. | C. A. No.: 13-1454-LPS |
| CLOUDING IP, LLC<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EMC CORP., ET AL.,<br><br>　　　　　Defendants. | C. A. No.: 13-1455-LPS |

{00888591;v1 }

| | |
|---|---|
| CLOUDING IP, LLC<br><br>       Plaintiff,<br><br>  v.<br><br>SAP AG, ET AL.,<br><br>       Defendants. | C. A. No.: 13-1456-LPS |
| CLOUDING IP, LLC<br><br>       Plaintiff,<br><br>  v.<br><br>VERIZON ONLINE, LLC, ET AL.,<br><br>       Defendants. | C. A. No.: 13-1458-LPS |

**DEFENDANTS' JOINT OPPOSITION TO CLOUDING IP, LLC'S MOTION FOR REARGUMENT AND RECONSIDERATION PURSUANT TO LOCAL RULE 7.1.5 AND FEDERAL RULES OF CIVIL PROCEDURE 59 AND 60**

## TABLE OF CONTENTS

**Pages**

INTRODUCTION ........................................................................................................ 1

ARGUMENT ............................................................................................................... 2

    A.    Clouding's Request Is Procedurally Improper Because It Never Previously Sought To Add Symantec As A Party And Cannot Rely Upon A New Agreement .......................................................................... 3

    B.    Clouding's Arguments Are Substantively Incorrect ................................. 5

        1.    Clouding's Cases Do Not Support Its Arguments .......................... 5

        2.    Amendment To "Cure" A Jurisdictional Defect Would Not Be Proper ........................................................................................ 7

CONCLUSION ............................................................................................................ 10

# TABLE OF AUTHORITIES

**Pages**

**CASES**

*Abbott Labs. v. Diamedix Corp.*,
 47 F.3d 1128 (Fed. Cir. 1995)..................................................................................................7

*Alfred E. Mann Found. for Scientific Research v. Cochlear Corp.*,
 604 F.3d 1354 (Fed. Cir. 2010)..................................................................................................7

*Brambles USA, Inc. v. Blocker*,
 735 F. Supp. 1240 (D. Del. 1990)..........................................................................................1, 3

*Dentsply Int'l, Inc. v. Kerr Mfg. Co.*,
 42 F. Supp. 2d 419 (D. Del.1999)..............................................................................................3

*Fieldturf, Inc. v . Southwest Recreational Indus., Inc.*,
 357 F.3d 1266 (Fed. Cir. 2004)..................................................................................................7

*Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*,
 482 F.3d 247 (3rd Cir. 2007)......................................................................................................6

*HBAC Matchmaker Media, Inc. v. CBS Interactive Inc.*,
 Civ. No. 13-428-SLR, 2014 U.S. Dist. LEXIS 88887 (D. Del. June 30, 2014) ....................1, 2

*Independent Wireless Tel. v. Radio Corp. of Am.*,
 269 U.S. 459 (1926)...................................................................................................................8

*Intellectual Ventures I LLC v. Check Point Techs. Software Ltd.*,
 Civ. No. 10-1067-LPS, at 5 (D. Del. Mar. 31, 2014) ................................................................3

*Lujan v. Defenders of Wildlife*,
 504 U.S. 555 (1992)................................................................................................................5, 8

*Macauto U.S.A. v. BOS GmbH & KG*, PTAB IPR 2012-00004 (Paper 18 - Jan. 24,
 2013) .........................................................................................................................................9

*Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*,
 176 F.3d 669 (3rd Cir. 1999) .....................................................................................................3

*Newman-Green, Inc. v. Alfonzo-Larrain*,
 490 U.S. 826 (1989)...................................................................................................................5

*Phillips v. County of Allegheny*,
 515 F.3d 224 (3d Cir. 2008)...................................................................................................5, 6

*Righthaven, LLC v. Hoehn*,
 716 F.3d 1166 (9th Cir. 2013) ...................................................................................................5

*University of Pittsburgh v. Varian Med. Sys., Inc.*,
    No. 07-cv-0491, 2008 WL 1909208 (W.D. Penn. April 30, 2008), *rev'd*, 569
    F.3d 1328 (Fed. Cir. 2009) ..........................................................................................6

*University of Pittsburgh v. Varian Medical Sys., Inc.*,
    569 F.3d 1328 (Fed. Cir. 2009) ............................................................................6, 7, 8

**STATUTES**

35 U.S.C. § 285 ...............................................................................................................................8

35 U.S.C. § 315(a) ..........................................................................................................................9

**RULES**

District of Delaware Local Rule 7.1.5 ........................................................................................2, 3

Federal Rule of Civil Procedure 12 ................................................................................................6

Federal Rule of Civil Procedure 19 ................................................................................................8

Federal Rule of Civil Procedure 59 ................................................................................................2

Federal Rule of Civil Procedure 60 ................................................................................................2

**OTHER AUTHORITIES**

12 MOORE'S FEDERAL PRACTICE, § 59.30[6] ..................................................................................2

## INTRODUCTION

Clouding does not challenge the Court's holding that Clouding lacked standing to bring these suits. Rather, Clouding argues that the Court should reconsider dismissal and grant Clouding relief it never sought—a chance to try to fix its jurisdictional error. Clouding's motion is both procedurally improper and substantively ill-founded.

Procedurally, Clouding's objection to dismissal is an improper effort to "argue . . . issues that inexcusably were not presented to the court in the matter previously decided." *See HBAC Matchmaker Media, Inc. v. CBS Interactive Inc.*, Civ. No. 13-428-SLR, 2014 U.S. Dist. LEXIS 88887, at *10 (D. Del. June 30, 2014) (quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990)). In response to the numerous motions seeking dismissal, Clouding (or, indeed, Symantec) could have argued—at least in the alternative—that Symantec should be joined. But Clouding did not do that in its oppositions to the motions, at the hearing, or at any time during the 10 months the issue was pending. Nor has Symantec ever expressed any interest or willingness to join these cases, either when the motions were filed or now. Clouding's request that the Court now address "new" issues and arguments that Clouding chose not to present previously does not meet the procedural requirements for reconsideration.

Substantively, Clouding's arguments are ill-founded because dismissal is the proper course of action when a suit is not brought by the patentee. In granting the dismissal, this Court followed the patent statute, the guidance of the Supreme Court, and the rule that a court must have jurisdiction at the time a case is filed. Contrary to Clouding's mischaracterizations, none of Clouding's cases supports the view that a plaintiff, who never requests leave to join the patentee, is entitled to amend its complaint rather than face dismissal without prejudice. The parties did not "assume[]" that this relief would be

granted (*contra* Mot. at 2), nor would such a result make sense. A court cannot be expected to grant relief that was never timely requested, particularly where, as here, that relief would have a substantial impact on the parties' substantive and procedural rights.

Finally, Clouding asserts that there is a new "amended and restated" agreement between Clouding and Symantec that alters their rights with respect to the patents, but Clouding did not submit any agreement in support of its motion. If such an agreement exists, then Clouding's request is not one for reconsideration. Instead, Clouding wants the Court to consider a new jurisdictional situation that was never before the Court.[1] That is not a proper basis for seeking reconsideration and also cannot establish that jurisdiction existed at the time any of the cases against Defendants were filed.

## ARGUMENT

Clouding asserts that it brought its motion for reconsideration under Federal Rules of Civil Procedure 59 and 60[2] and District of Delaware Local Rule 7.1.5. A motion for reconsideration or to amend may not be used to raise arguments that reasonably could have been presented to the Court before the matter was decided. *See*, *e.g.*, 12 MOORE'S FEDERAL PRACTICE, § 59.30[6]; *HBAC Matchmaker*, 2014 U.S. Dist. LEXIS 88887, at *10. Moreover, a court should grant a motion for reconsideration or a motion to amend under Federal Rule of Civil Procedure 59(e) only if the movant demonstrates: 1) a change in the controlling law; 2) the availability of newly discovered evidence that was

---

[1] Clouding argues that it *must* be permitted to serially try to establish jurisdiction, first under the original agreement, and having failed there, under an amended agreement, and if that fails by trying to add Symantec to the case. Clouding has not cited any authority for subjecting the Court and Defendants to the serial litigation of jurisdictional issues.

[2] Clouding never substantively addresses Federal Rule of Civil Procedure 60, so neither will Defendants, though consideration of that Rule would not lead to a different outcome.

not available when the judgment was entered; or 3) a need to correct a clear error of law or fact or to prevent manifest injustice. *See*, *e.g.*, *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3rd Cir. 1999).

The same procedural and substantive requirements apply to motions for reargument brought under Local Rule 7.1.5. *See Intellectual Ventures I LLC v. Check Point Techs. Software Ltd.*, Civ. No. 10-1067-LPS, at 5 (D. Del. Mar. 31, 2014). Moreover, such motions "should be granted only 'sparingly'" and "the decision to grant such a motion lies squarely within the discretion of the district court." *Id*. (citing *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del.1999) and *Brambles*, 735 F. Supp. at 1241). Clouding fails to demonstrate that either the procedural or substantive requirements for a motion for reconsideration have been met.

> **A.   Clouding's Request Is Procedurally Improper Because It Never Previously Sought To Add Symantec As A Party And Cannot Rely Upon A New Agreement**

Amazon filed its motion to dismiss for lack of standing (D.I. 112)[3] in September 2013 and sought outright dismissal of the case. The subsequent briefs filed by Google (D.I. 102), EMC (D.I. 33), VMware (*id*.), and Rackspace (D.I. 166), as well as the joinders filed by the other Defendants, likewise sought dismissal of the cases. Clouding filed four opposition briefs (D.I. 133, 122, 39 and 171) covering more than 40 pages but never once requested, or even raised the prospect of, joinder of Symantec. Had Clouding done so, of course, Defendants would have responded. Moreover, at the very outset of the January 31, 2014 hearing, the Court noted Symantec's absence: "Among other things, I think Symantec could or should have known of the hearing and could be here to assert its rights." (Tr. at 16:25-17:2.)

---

[3] All docket references are to the dockets in the respective case.

In response to the Court's questions, Defendants' counsel addressed Clouding's failure to request joinder of Symantec.

> At this time, we have not received any request by the party that bears the burden to show that this Court has jurisdiction or that it could have jurisdiction by joining somebody else.
>
> The defendants believe that the time to make a motion like that to the Court or to alert the Court that there was a request like that was some time before today.  And just as Your Honor just noted, that Symantec certainly could have in, made a motion to come in had they chosen to.
>
> * * *
>
> With regard to the issue that Clouding has not requested that Symantec be joined, we think actually the same situation occurred in [*Independent Wireless*], the Supreme Court case.  There, the same thing happened.  There was no request to join the party that was missing, and thus a dismissal without prejudice in that case was the decision by the Supreme Court.

(*Id*. at 18:13-20:2.)  Thus, Defendants' written and oral requests that the cases be dismissed belie Clouding's remarkable statement that: "… both sides assumed if the Court found that Clouding had constitutional standing but lacked prudential standing, Clouding would be granted leave to amend to cure such a prudential standing issue." (Mot. at 2.) That is simply not the case.[4]

Because Clouding did not ask to join Symantec (or even argue that it should be given a chance to do so) before dismissal, Clouding should not be heard to argue in a motion for reconsideration that it was not given relief it never requested.

Not only did Clouding fail to previously request the relief that it now seeks in its motion for reconsideration, Clouding also waived its right to amend its complaints to add

---

[4] In trying to suggest Defendants agreed that Clouding could join Symantec, Clouding misrepresents that EMC's opening brief stated "[Clouding] will likely need to join the patentee under prudential standing requirements." (Mot. at 2, purporting to cite D.I. No. 33 at 6.)  EMC did not make this statement – Clouding is quoting Clouding's own opposition and improperly attributing the statement to EMC. (*Compare* D.I. No. 33 (EMC's motion) *with* D.I. 39 (Clouding's opposition) at 5-6.)

{00888591;v1 }                                4

Symantec because the time to add additional parties has long since expired. The Court's January 21, 2014 Scheduling Order set a deadline of March 1, 2014 for parties to "supplement or amend pleadings to join other parties . . . ." But Clouding never moved to add Symantec as a party. Instead, Clouding waited over five months after that deadline passed, and only after the Court dismissed the cases, to raise the possibility of adding Symantec to the case. Therefore, Clouding waived the right to seek the relief that it now requests in its motion for reconsideration.

Clouding also cannot rely upon later-created facts and issues, such as the alleged new agreement with Symantec, to show that it is entitled to reconsideration of the dismissal. Instead of reconsideration, Clouding is asking the Court to consider a new factual situation created by Clouding and Symantec that was never previously before the Court. And yet, even were that new information considered, it would not (because it could not) alter the adjudicated fact that jurisdiction did not exist at the time the suits were filed. *See*, *e.g.*, *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989) ("The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed."); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569 n. 4 (1992); *Righthaven, LLC v. Hoehn*, 716 F.3d 1166, 1171 (9th Cir. 2013) (affirming dismissal of a copyright complaint on facts similar to those in this case).

### B. Clouding's Arguments Are Substantively Incorrect

#### 1. Clouding's Cases Do Not Support Its Arguments

As an initial matter, the cases cited by Clouding do not say what Clouding contends. In arguing that it *must* be granted leave to amend, Clouding quotes *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008), as saying that "a district court must permit a curative amendment, unless an amendment would be inequitable or futile."

(Mot. at 1.) In fact, the Third Circuit stated: "*We have instructed that if a complaint is vulnerable to 12(b)(6) dismissal*, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 236 (emphasis added).[5] Thus, *Phillips* concerns an amendment to correct a failure to state a claim upon which relief can be granted under Rule 12(b)(6). *Phillips* does not address a jurisdictional defect under Rule 12(b)(1)—which, unlike a dismissal for failure to state a claim, requires more to cure than simply amending the pleadings.[6]

Clouding similarly mischaracterizes the holding of *University of Pittsburgh v. Varian Medical Sys., Inc.*, 569 F.3d 1328 (Fed. Cir. 2009). There, the Federal Circuit did not reverse the district court's dismissal because it "did not provide the plaintiff with the ability to cure a prudential standing issue through amendment," as Clouding claims.[7] (Mot. at 1.) Rather, the Federal Circuit *agreed* "[t]he district court should have dismissed the action without prejudice" and reversed only because the dismissal was *with prejudice*. *University of Pittsburgh*, 569 F.3d at 1332. This Court's decision precisely tracks the Federal Circuit's guidance.

---

[5] As noted in *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247 (3rd Cir. 2007), even this rule is applicable only to civil rights cases. Traditional civil litigation remains subject to standard principles such as waiver. "Here, Fletcher-Harlee did not ask the District Court for leave to amend the complaint, and so it can hardly fault the Court for not granting relief it never requested." *Id*. at 253.

[6] The addition of a new party to the litigation would entail the opportunity for existing parties to file any counterclaims, the chance for the new party to be heard on scheduling, and the ability of the existing parties to engage in discovery with respect to the new party. In other words, the addition of a new party would return this case to its infancy. Requiring Clouding to file a new civil action therefore makes eminent sense.

[7] Also, unlike in this case, in *University of Pittsburgh*, the plaintiff did seek to join the patentee prior to dismissal. *University of Pittsburgh v. Varian Med. Sys., Inc.*, No. 07-cv-0491, 2008 WL 1909208 (W.D. Penn. April 30, 2008), *rev'd*, 569 F.3d 1328 (Fed. Cir. 2009).

Relying on these mischaracterizations, Clouding remarkably claims that "binding precedent" "requires Clouding be given leave to cure" the standing deficiency, that it "must be permitted to join" Symantec, and that it has "a right to amend." (Mot. at 3-4.) In further alleged support of these bold claims, Clouding cites *Abbott Labs. v. Diamedix Corp.*, 47 F.3d 1128 (Fed. Cir. 1995), where the patentee sought to intervene as soon as a case was filed by its licensee. *Abbott* says nothing about "requiring" a district court to allow the licensee (in this case Clouding) to join the patentee after dismissal. And as it was with *University of Pittsburgh*, Clouding's reliance upon *Fieldturf, Inc. v. Southwest Recreational Indus., Inc.*, 357 F.3d 1266 (Fed. Cir. 2004), is misplaced because that decision also relates to whether the dismissal should be with or without prejudice and says nothing about requiring the district court to allow amendment.[8]

The cases cited by Clouding simply do not support Clouding's position. Clouding never sought leave to add Symantec as a party, even in the alternative. The Court's therefore properly granted Defendants' motion to dismiss.

### 2. Amendment To "Cure" A Jurisdictional Defect Would Not Be Proper

It is improper to try to "cure" a jurisdictional defect of the kind present in this case through an amendment to add an additional party. The patent statute that grants this Court jurisdiction provides that a suit may be brought by the patentee, not by another. 35 U.S.C. § 285 ("The patentee shall have remedy by civil action for infringement of his pa-

---

[8] Clouding also mischaracterizes *Alfred E. Mann Found. for Scientific Research v. Cochlear Corp.*, 604 F.3d 1354 (Fed. Cir. 2010). (Mot. at 4.) There, the district court dismissed the suit because it found that the plaintiff (AMF) had transferred too many rights to a third party (AB) and was no longer the patentee. The Federal Circuit reversed and held that AMF remained the patentee because it retained substantial rights. Thus, in accordance with the statute, the original suit was brought by the patentee. Thus, *Alfred E. Mann* is not instructive in situations, like the present, where the original suit was not brought by the patentee

tent."). Thus, a suit by someone other than the patentee cannot be "cured" by joining the patentee later without violating the long-standing rule that a Court must have jurisdiction both at the time the Complaint was filed and throughout the entirety of the case.[9] Moreover, the Supreme Court has never approved a procedure for "curing" a jurisdictional defect in a patent case. Indeed, in the instances where the Supreme Court has faced the issue of suits brought by someone other than the patentee, the Supreme Court has approved only: 1) the patentee being named as a party (either voluntarily or involuntarily) in the original complaint; or 2) pre-suit efforts to join the patentee followed by initial motion practice for involuntary joinder. *See*, *Independent Wireless Tel. v. Radio Corp. of Am.*, 269 U.S. 459 (1926). Neither of those occurred here.

The Federal Circuit has never held that a district court *must* provide the opportunity for a plaintiff to cure the defect by amending the complaint, particularly where the plaintiff never requested such an opportunity before the case was dismissed. To the contrary, in the case on which Clouding relies, the Federal Circuit merely "remand[ed] with instructions to designate the dismissal as 'without prejudice.'" *University of Pittsburgh*, 569 F.3d at 1330.

Apart from the well-pled complaint rule, there are a host of other procedural, substantive, and practical issues that preclude an effort to amend the complaint and add a party at this late stage.

First, the Court would need to address the motion to dismiss due to champerty, which the Court determined to be moot in light of its granting of the motion to dismiss

---

[9] *See Lujan*, 504 U.S. at 569 n. 4 ("There is no support for the dissent's novel contention, *ibid*, that Rule 19 of the Federal Rules of Civil Procedure, governing joinder of indispensable parties, somehow alters our longstanding rule that jurisdiction is to be assessed under the facts existing when the complaint is filed.").

for lack of standing. Likewise, the Court would need to complete its analysis of the constitutional jurisdiction issues before proceeding. The Court concluded it was not required to address Rackspace's challenge that Clouding lacked constitutional standing because "the outcome would remain the same: the Court would have to dismiss these cases for lack of standing." (*See* Opinion at 8, n. 9.) If Clouding were permitted to seek to cure its lack of prudential standing, then the outcome may no longer remain the same and the Court would have to consider fully the issue of constitutional standing.

Second, as a procedural matter, as noted above, the deadline for adding parties and amending the pleadings passed either before or while the motion to dismiss was pending. That deadline had real meaning and purpose. Were Symantec to be added now, Defendants might have counter-claims for, *inter alia*, alleged infringement of Defendants' patents. Thus, adding Symantec as a party at this time would shred the Scheduling Order in cases that, in some instances, were already pending for nearly two and a half years.

Third, as a substantive matter, Clouding may seek to prejudice Defendants by trying to limit their rights to seek *inter partes* review ("IPR"). IPR petitions must be filed within a year of service of a complaint filed by the patentee. 35 U.S.C. § 315(a). The Court's dismissal voided this deadline and, consequently, a number of defendants did not seek IPRs. *See*, *e.g.*, *Macauto U.S.A. v. BOS GmbH & KG*, PTAB, IPR2012-00004 at p. 15 (Paper 18 - Jan. 24, 2013) (holding that the dismissal of a complaint without prejudice does not trigger the one-year statutory bar for filing an IPR petition). Those Defendants could be prejudiced were the Court to reverse course and allow the case to continue because Clouding might argue that the IPR deadline has now passed.

Finally, Symantec's absence from this case was not a mistake or oversight by Clouding or Symantec, but rather was a tactical decision to keep Symantec insulated from these litigations. The Patent Purchase Agreement, which the Court extensively analyzed in its July 28 decision, demonstrates that IP Navigation and Symantec designed a scheme whereby both could profit from the litigation while Symantec retains control of the underlying patents. Moreover, joining Symantec now would only ensure that the Defendants suffer the maximum prejudice of a suit by the non-patentee. Through the artifice of Clouding, Symantec both controlled the patents and was shielded from counterclaims and resisted discovery by claiming "third-party status," all the while imposing exorbitant litigation costs on its targets (to which some succumbed). Allowing Symantec to join now and ignoring the procedural history of this case would be manifestly unjust.

## CONCLUSION

Clouding does not challenge the Court's determination that it lacked standing necessary to bring this suit. Thus, Clouding's motion for reconsideration should be denied. Rather than confront the thicket of fundamental procedural, jurisdictional, and practical problems inherent in the fiction that Symantec somehow brought suit in May 2012, when it in fact did not, the Court correctly granted defendants' motion to dismiss. If Symantec and/or Clouding wished to pursue the alleged infringement in these actions, then they should have acted long ago. An altered agreement or the addition of Symantec now would not cure jurisdiction as a fundamental defect at the time of filing and would prejudice Defendants.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | ASHBY & GEDDES |
|---|---|
| */s/ Jack B. Blumenfeld* | */s/ Andrew C. Mayo* |
| Jack B. Blumenfeld (#1014)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com | Steven J. Balick (#2114)<br>Lauren E. Maguire (#4261)<br>Andrew C. Mayo (#5207)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>sbalick@ashby-geddes.com<br>lmaguire@ashby-geddes.com<br>amayo@ashby-geddes.com |
| *Attorneys for Defendants Google Inc. ,CA, Inc., Hewlett-Packard Company, EMC Corporation, EMC International US Holdings, Inc. and VMware, Inc.* | *Attorneys for Defendants Amazon.com, Inc., Amazon Web Services LLC, Rackspace Hosting, Inc., Rackspace US Inc., Jungle Disk LLC, and Dropbox, Inc.* |

SEITZ ROSS ARONSTAM & MORITZ LLP

*/s/ Benjamin J. Schladweiler*

Benjamin J. Schladweiler (#4601)
100 S. West Street, Suite 400
Wilmington, DE 19801
(302) 576-1600
bschladweiler@seitzross.com

*Attorneys for Defendants AT&T Mobility LLC, AT&T Corp., Verizon Online LLC, Terremark North America LLC, and Verizon Business Network Services Inc.*

DUANE MORRIS LLP

*/s/ Gary William Lipkin*

Gary William Lipkin (#4044)
222 Delaware Avenue
Suite 1600
Wilmington, DE 19801-1659
(302) 657-4903
gwlipkin@duanemorris.com

*Attorneys for Defendants SAP AG and SAP America, Inc.*

Dated:  August 28, 2014